IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 5:23-cv-00911 |
| RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, | § § § § | |
| *Defendants.* | § § | |

### DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIMS

RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, AND MEGAN LOUVIN, ("Defendants") in the above-styled litigation, files this Original Answer and counterclaims to Plaintiffs, Natalie Anderson, Tiffany Vasquez, and Briana Balderas' Original Complaint. In support hereof, Defendants will show the Court as follows:

### I.
### GENERAL DENIAL

Defendants generally denies Plaintiffs or the persons on whose behalf they purport to sue are entitled to any relief sought therein or that Defendants violated the FLSA or any law.

### II.
### AFFIRMATIVE DEFENSES

For further answer, if any is necessary, Defendant pleads the following affirmative defenses in the alternative:

1

1. Defendants asserts limitations on all wage claims sought for pay periods beginning more than two years prior to the date Plaintiffs filed the Complaint and their opt-in consent form.

2. Defendants asserts limitations on all wage claims sought for pay periods beginning more than two years prior to the date each putative opt-in plaintiff filed or files his or her respective opt-in consent form.

3. The Complaint is barred in whole or in part by all applicable statutes of limitation, including, but not limited to, those described in 29 U.S.C. § 255.

4. Although Defendants denies the allegations of unlawful conduct as set forth in the Complaint, neither Plaintiffs nor any of the persons on whose behalf they purport to sue are entitled to liquidated damages because at all relevant times, all acts or omissions they claim Defendants (including its officers, managers, and agents) violated regarding their rights afforded by the FLSA were not willful; Defendants (including its officers, managers, and agents) acted in good faith with respect to Plaintiffs and all persons on whose behalf they purport to sue and in conformity with the FLSA and administrative practices and enforcement policies of the Department of Labor; Defendants (including its officers, managers, and agents) had reasonable grounds to believe it complied with the FLSA; Defendants (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiffs or all persons on whose behalf they purport to sue; and Plaintiffs and all persons on whose behalf they purport to sue failed to plead facts sufficient to support recovery of such damages.

5. Alternatively, all claims for liquidated damages are limited to the time period of two years or, in the alternative, three years prior to the date Plaintiffs filed the

Complaint and their opt-in consent form and two years or, in the alternative, three years prior to the date all persons on whose behalf Plaintiffs purport to sue filed their respective opt-in consent forms.

6. Plaintiffs and all persons on whose behalf they purport to sue are not entitled to and cannot recover attorneys' fees.

7. Plaintiffs and all persons on whose behalf they purport to sue are not entitled to compensation for hours they purportedly worked without Defendants' actual or constructive knowledge.

8. Although Defendants denies violating the FLSA, any such failure on the part of Defendants to comply with the FLSA for the disputed time for which Plaintiffs and all persons on whose behalf they purport to sue claim as unpaid is not compensable under the de minimus doctrine and rounding regulations.

9. The claims set forth in the Complaint are barred in whole or in part by the doctrine of payment because (i) Defendants properly compensated Plaintiffs and all persons on whose behalf he purports to sue for all time worked in accordance with the FLSA and (ii) Defendants paid Plaintiffs and all persons on whose behalf they purport to sue for additional time including, without limitation, premium payments as recognized under 29 U.S.C. § 207(e) and for time paid but not worked by Plaintiffs.

10. The claims are barred in whole or part to the extent the work or Plaintiffs and all persons on whose behalf they purport to sue fell within exemptions, exclusions, or credits provided by the FLSA.

11. To the extent either Plaintiffs or any persons on whose behalf they purport to sue are entitled to damages, Defendants is entitled to a credit for or set off against

amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

12. The claims of Plaintiffs and all persons on whose behalf they purport to sue are barred by the doctrines of laches, waiver, and estoppel by reason of their acts, omissions, and course of conduct.

13. Plaintiffs and all persons on whose behalf they purport to sue had and have a duty to mitigate their alleged damages. The Court should reduce or offset such damages, if any, by the failure to mitigate damages or based upon successful mitigation efforts.

14. The claims are barred to the extent they seek recovery for time that is not compensable.

15. Plaintiffs and all persons on whose behalf they purport to sue are not sufficiently similarly situated to the "class members" to warrant or justify the certification and treatment of this case as a collective action under FLSA §216(b).

16. Neither Plaintiffs nor any of the persons on whose behalf they purport to sue may pursue any FLSA claims on behalf of anyone who has not or does not join this action or consent to join this action under 29 U.S.C. §216(b).

17. Plaintiffs and all persons on whose behalf they purport to sue are not similarly situated, and their dissimilarities make the purported class of opt-in plaintiffs inappropriate for a collective action case under the FLSA, and therefore the Court should not grant final certification for the purported class under the FLSA.

18. This class action suit is improper because the purported class is not so numerous that joinder of all members would be impracticable.

19. This class action suit is improper because there are not questions of law or fact common to the purported class.

20. This class action suit is improper because the claims and defenses of the representative parties are not typical of the claims or defenses of the class.

21. This class action suit is improper because questions of law or fact common to the purported members of the class do not predominate over any questions affecting only individual members.

22. This class action suit is improper because moving forward as a class is not superior to other available methods for the fair and efficient adjudication of the controversy.

23. This class action suit is improper because the representative parties and their counsel will not fairly and adequately protect the interests of the purported class.

24. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendants' liability or alleged damages to Plaintiffs and others with whom they are allegedly "similarly situated" on a group or aggregated basis.

## III.
## PRAYER

Defendants, pray the Court (1) enter judgment in Defendants' favor on all claims of Plaintiffs, and those on whose behalf they purport to sue; (2) alternatively, any damages awarded be reduced or barred, pursuant to Defendants' defenses and affirmative defenses; and (3) grant such other and further relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,



**Alfonso Kennard Jr.**
Texas Bar No.: 24036888
Southern District No.:  713316
Email: Alfonso.Kennard@kennardlaw.com
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Email: eddie.hodges@kennardlaw.com
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Telephone: (713) 742-0900
Facsimile: (713) 742-0951

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record in accordance with the ECF/filing system on this 28th day of September 2023.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**Alfonso Kennard, Jr.**