IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS § § § *Plaintiffs,* § § v. § § RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, § § § § § *Defendants.* § | CASE NO. 5:23-cv-00911 |

## DEFENDANTS' AMENDED ANSWER

RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, AND MEGAN LOUVIN, ("Defendants") in the above-styled litigation, files this Original Answer and counterclaims to Plaintiffs, Natalie Anderson, Tiffany Vasquez, and Briana Balderas' Original Complaint. In support hereof, Defendants will show the Court as follows:

### I.  NATURE OF SUIT.

1. Defendants admit Plaintiffs Natalie Anderson, Tiffany Vasquez, and Briana Balderas ("Plaintiffs") purport to recover overtime wages, lost wages, liquidated damages, and attorney's fees, individually and on behalf of all other similarly situated individuals, pursuant to the Fair Labor Standards Act ("FLSA"); Defendants generally denies Plaintiffs or the persons on whose behalf they purport to sue are entitled to any relief sought therein or that Defendants violated the FLSA or any law.

2. Defendants deny Plaintiffs or the persons on whose behalf they purport to sue are entitled to any relief sought therein or that Defendants violated the FLSA or any law.

1

3. Defendants deny Plaintiffs or the persons on whose behalf they purport to sue are entitled to any relief sought therein or that Defendants violated the FLSA or any law.

## II.   THE PARTIES

4. Defendants admit Plaintiff Natalie Anderson was employed by Defendants. However, Defendants are without information sufficient as to the truth of the remaining allegations contained in paragraph 4, and therefore denies same.

5. Defendants admit Plaintiff Tiffany Vasquez was employed by Defendants. However, Defendants are without information sufficient as to the truth of the remaining allegations contained in paragraph 5, and therefore denies same.

6. Defendants admit Plaintiff Briana Balderas was employed by Defendants. However, Defendants are without information sufficient as to the truth of the remaining allegations contained in paragraph 6, and therefore denies same.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Defendants do not need to admit or deny the allegations contained in paragraph 10 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

11. Defendants deny the allegations contained in paragraph 11.

12. Defendants do not need to admit or deny the allegations contained in paragraph 12 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

13. Defendants admit the allegations contained in paragraph 13.

14. Defendants lack personal knowledge of the meaning of "managerial responsibilities" and "substantial control;" therefore, Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants admit the allegations contained in paragraph 19.

### III.   THE PARTIES

20. Defendants admit Plaintiffs purport to bring their action pursuant to the FLSA, 28 U.S.C. § 1331, and 29 U.S.C. § 216(b), but it denies Plaintiffs or the persons on whose behalf they purport to sue are entitled to any relief sought therein or that Defendants violated the FLSA or any other law.

21. Defendants do not need to admit or deny the allegations contained in paragraph 21 because they are legal conclusions, Defendants admit its principal place of business is in Bexar County, Texas, but denies same to the extent a response is required.

### IV.   COVERAGE UNDER THE FLSA

22. Defendants do not need to admit or deny the allegations contained in paragraph 22 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

23. Defendants do not need to admit or deny the allegations contained in paragraph 23 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

24. Defendants do not need to admit or deny the allegations contained in paragraph 24 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

25. Defendants do not need to admit or deny the allegations contained in paragraph 25 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

26. Defendants do not need to admit or deny the allegations contained in paragraph 26 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

27. Defendants do not need to admit or deny the allegations contained in paragraph 27 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

## V.   FACTUAL ALLEGATIONS

28. Defendants admit the allegations contained in paragraph 28.

29. Defendants do not admit or deny the allegations contained in paragraph 29; however Defendants do admit Anderson was employed.

30. Defendants do not admit or deny the allegations contained in paragraph 30; however Defendants do admit Anderson was employed.

31. Defendants admit the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants do not need to admit or deny the allegations contained in paragraph 33 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

34. Defendants do not need to admit or deny the allegations contained in paragraph 34 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

35. Defendants do not admit or deny the allegations contained in paragraph 35; however Defendants do admit Anderson was employed.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants do not admit or deny the allegations contained in paragraph 37; however Defendants do admit Vasquez was employed.

38. Defendants admit the allegations contained in paragraph 38.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants do not need to admit or deny the allegations contained in paragraph 40 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

41. Defendants do not need to admit or deny the allegations contained in paragraph 41 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

42. Defendants do not admit or deny the allegations contained in paragraph 42; however Defendants do admit Vasquez was employed.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants do not admit or deny the allegations contained in paragraph 44; however Defendants do admit Balderas was employed.

45. Defendants admit the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants do not need to admit or deny the allegations contained in paragraph 47 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

48. Defendants do not need to admit or deny the allegations contained in paragraph 48 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

49. Defendants do not admit or deny the allegations contained in paragraph 49; however Defendants do admit Balderas was employed.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants do not admit or deny the allegations contained in paragraph 51; however Defendants do admit Plaintiffs were employed.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

## VI. CAUSE OF ACTION

55. Defendants re-alleges all of the preceding paragraphs as if fully rewritten herein.

56. Defendants do not need to admit or deny the allegations contained in paragraph 56 because they are legal conclusions, but to the extent a response is required, Defendants deny same.

## VII.   PRAYER FOR RELIEF

Defendants do not need to admit or deny the allegations contained in the paragraphs under "PRAYER FOR RELIEF" beginning with "WHEREFORE," but it denies all allegations contained therein and that Plaintiffs or the persons on whose behalf they purport to sue are entitled to any relief sought therein.

## AFFIRMATIVE DEFENSES

For further answer, if any is necessary, Defendants plead the following affirmative defenses in the alternative:

1. Defendants assert limitations on all wage claims sought for pay periods beginning more than two years prior to the date Plaintiffs filed the Complaint and their opt-in consent form.

2. Defendants assert limitations on all wage claims sought for pay periods beginning more than two years prior to the date each putative opt-in plaintiff filed or files his or her respective opt-in consent form.

3. The Complaint is barred in whole or in part by all applicable statutes of limitation, including, but not limited to, those described in 29 U.S.C. § 255.

4. Although Defendants deny the allegations of unlawful conduct as set forth in the Complaint, neither Plaintiffs nor any of the persons on whose behalf they purport to sue are entitled to liquidated damages because at all relevant times, all acts or omissions they claim Defendants (including its officers, managers, and agents) violated regarding their rights afforded by the FLSA were not willful; Defendants (including its officers, managers, and agents) acted in good faith with respect to

Plaintiffs and all persons on whose behalf they purport to sue and in conformity with the FLSA and administrative practices and enforcement policies of the Department of Labor; Defendants (including its officers, managers, and agents) had reasonable grounds to believe it complied with the FLSA; Defendants (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiffs or all persons on whose behalf they purport to sue; and Plaintiffs and all persons on whose behalf they purport to sue failed to plead facts sufficient to support recovery of such damages.

5. Alternatively, all claims for liquidated damages are limited to the time period of two years or, in the alternative, three years prior to the date Plaintiffs filed the Complaint and their opt-in consent form and two years or, in the alternative, three years prior to the date all persons on whose behalf Plaintiffs purport to sue filed their respective opt-in consent forms.

6. Plaintiffs and all persons on whose behalf they purport to sue are not entitled to and cannot recover attorneys' fees.

7. Plaintiffs and all persons on whose behalf they purport to sue are not entitled to compensation for hours they purportedly worked without Defendants' actual or constructive knowledge.

8. Although Defendants denies violating the FLSA, any such failure on the part of Defendants to comply with the FLSA for the disputed time for which Plaintiffs and all persons on whose behalf they purport to sue claim as unpaid is not compensable under the de minimus doctrine and rounding regulations.

9. The claims set forth in the Complaint are barred in whole or in part by the doctrine of payment because (i) Defendants properly compensated Plaintiffs and all persons

on whose behalf he purports to sue for all time worked in accordance with the FLSA and (ii) Defendants paid Plaintiffs and all persons on whose behalf they purport to sue for additional time including, without limitation, premium payments as recognized under 29 U.S.C. § 207(e) and for time paid but not worked by Plaintiffs.

10. The claims are barred in whole or part to the extent the work or Plaintiffs and all persons on whose behalf they purport to sue fell within exemptions, exclusions, or credits provided by the FLSA.

11. To the extent either Plaintiffs or any persons on whose behalf they purport to sue are entitled to damages, Defendants is entitled to a credit for or set off against amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

12. The claims of Plaintiffs and all persons on whose behalf they purport to sue are barred by the doctrines of laches, waiver, and estoppel by reason of their acts, omissions, and course of conduct.

13. Plaintiffs and all persons on whose behalf they purport to sue had and have a duty to mitigate their alleged damages. The Court should reduce or offset such damages, if any, by the failure to mitigate damages or based upon successful mitigation efforts.

14. The claims are barred to the extent they seek recovery for time that is not compensable.

15. Plaintiffs and all persons on whose behalf they purport to sue are not sufficiently similarly situated to the "class members" to warrant or justify the certification and treatment of this case as a collective action under FLSA §216(b).

16. Neither Plaintiffs nor any of the persons on whose behalf they purport to sue may pursue any FLSA claims on behalf of anyone who has not or does not join this action or consent to join this action under 29 U.S.C. §216(b).

17. Plaintiffs and all persons on whose behalf they purport to sue are not similarly situated, and their dissimilarities make the purported class of opt-in plaintiffs inappropriate for a collective action case under the FLSA, and therefore the Court should not grant final certification for the purported class under the FLSA.

18. This class action suit is improper because the purported class is not so numerous that joinder of all members would be impracticable.

19. This class action suit is improper because there are not questions of law or fact common to the purported class.

20. This class action suit is improper because the claims and defenses of the representative parties are not typical of the claims or defenses of the class.

21. This class action suit is improper because questions of law or fact common to the purported members of the class do not predominate over any questions affecting only individual members.

22. This class action suit is improper because moving forward as a class is not superior to other available methods for the fair and efficient adjudication of the controversy.

23. This class action suit is improper because the representative parties and their counsel will not fairly and adequately protect the interests of the purported class.

24. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendants' liability or alleged damages to Plaintiffs and others with whom they are allegedly "similarly situated" on a group or aggregated basis.

**PRAYER FOR RELIEF**

Defendants pray the Court (1) enter judgment in Defendants' favor on all claims of Plaintiffs, and those on whose behalf they purport to sue; (2) alternatively, any damages awarded be reduced or barred, pursuant to Defendants' defenses and affirmative defenses; and (3) grant such other and further relief, both at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,



_____
**Alfonso Kennard Jr.**
Texas Bar No.: 24036888
Southern District No.:  713316
Email: Alfonso.Kennard@kennardlaw.com
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Email: eddie.hodges@kennardlaw.com
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Telephone: (713) 742-0900
Facsimile: (713) 742-0951

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record in accordance with the ECF/filing system on this 29th day of September 2023.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

_____
**Alfonso Kennard, Jr.**