IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,<br><br>Plaintiffs,<br><br>v.<br><br>RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,<br><br>Defendants. | Case No. 5:23-cv-911-XR |

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Court's Order dated September 9, 2023, Dkt. 7, Plaintiffs Natalie Anderson, Tiffany Vasquez and Briana Balderas ("Plaintiffs") and Defendants Ruiz & Louvin Enterprises, LLC, Eric Louvin and Megan Louvin ("Defendants), (Plaintiffs and Defendants are collectively referred to herein as the "Parties"), hereby submit this Joint Rule 26(f) Conference Report:

**1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

There are no outstanding jurisdictional issues in this case that the parties are aware of at this time. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this suit arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b).

**2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

Not applicable.

**3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiffs claim that Defendants failed to pay Them overtime compensation for all hours worked over forty. To establish a claim for unpaid overtime compensation, Plaintiffs must show: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Defendant claims the FLSA does not apply in this case. Employees are only entitled to overtime compensation according to the general rule unless it is proven that one of the many exemptions applies. Here, Defendant asserts that, all Plaintiffs are salaried employees exempt from the FLSA, and are not entitled to overtime compensation under the general rule. Defendant may file its own counterclaims, within the time allowed by the agreed scheduling order filed with this joint report.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

Not at this time.

**5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

    **A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to exchange initial disclosures pursuant to F.R.C.P. 26(a)(1) by November 30 2023.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

**Plaintiffs' statement:**

Plaintiffs anticipate discovery will be needed on Plaintiffs' duties and any documents reflecting their duties, hours worked, Defendants' knowledge of Plaintiffs' hours worked, Plaintiffs' pay, and whether Defendants' failure to pay Plaintiffs was in good faith and whether Defendants' failure to pay Plaintiffs was willful.

**Defendant's statement:**

Defendant anticipates discovery will be needed in the form of interrogatories, production, and admissions. Defendant also anticipates taking the oral deposition of all Plaintiffs.

C. **Any issues related to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI.  Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.\\**

The disclosure or discovery of electronically stored information is not anticipated to be an issue in this case.  To the extent that disclosure or discovery of such information becomes an issue, the Parties will meet to confer over the proper handling of the same.

D. **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues).  A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

Each party intends to review its documents for privileged information prior to production. Documents withheld, or redactions from documents produced, on privilege grounds will be identified in a privilege log. The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5).

E. **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

None at this time.

    F. **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

None, other than the need for the Court to enter a Scheduling Order.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No discovery has occurred.  Discovery does not need to occur in phase.

**7. What, if any, discovery disputes exist?**

No discovery disputes are anticipated at this time.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties agree that claims of privilege or of protection as trial preparation material, including procedures to assert these claims after production, should be governed by Rule 26(b)(5).  The Parties agree generally to a claw back provision related to inadvertent production of privileged documents.

**9. Have the parties discussed mediation?**

Not at this time.

    Respectfully submitted,

    /s/  Douglas B. Welmaker
    Douglas B. Welmaker
    Attorney-in-Charge
    State Bar No. 00788641
    Moreland Verrett, PC
    700 West Summit Dr.
    Wimberley, Texas 78676
    Phone: (512) 782-0567
    Fax: (512) 782-0605
    Email: doug@morelandlaw.com

    **ATTORNEY FOR PLAINTIFF**

*Eddie Hodges Jr.* (signature)

Eddie Hodges Jr.
Texas Bar No. 24116523
Southern District No. 3479748
Alfonso Kennard Jr.
Texas Bar No.: 24036888
Southern District No.: 713316
Email: Alfonso.Kennard@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Telephone: (713) 742-0900
Facsimile: (713) 742-0951

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on October 31, 2023.

/s/ Douglas B. Welmaker
Douglas B. Welmaker