**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NATALIE ANDERSON, TIFFANY** | § | |
| **VASQUEZ AND BRIANA BALDERAS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No.  5:23-cv-911-XR** |
| **v.** | § | |
| | § | |
| **RUIZ AND LOUVIN ENTERPRISES,** | § | |
| **LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

---

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiffs Natalie Anderson, Tiffany Vasquez and Briana Balderas ("Plaintiffs") file this Motion for Partial Summary Judgment against Defendants Ruiz and Louvin Enterprises, LLC, Eric Louvin and Megan Louvin, and in support thereof would show as follows:

**I.     NATURE AND STAGE OF THE CASE**

Plaintiffs Natalie Anderson, Tiffany Vasquez and Briana Balderas filed this lawsuit under the Fair Labor Standards Act ("FLSA") to recover the unpaid overtime compensation owed to them by Defendants.  All three Plaintiffs were employed by Defendants as either title clerks or finance clerks, and all three Plaintiffs consistently worked more than forty hours per workweek. Even though they were non-exempt and consistently worked more than forty hours per workweek, Defendants never paid Plaintiffs overtime premiums for any overtime hours.

On December 15, 2023, Plaintiffs served interrogatories, requests for production, and requests for admission on all Defendants.  See Exhibit A, Declaration of Douglas B. Welmaker. On January 26, 2024, Plaintiffs' counsel inquired when discovery responses would be received,

and having received no response, inquired again on January 29, 2024.  Exhibit A.  On January 29, 2024, Agostina Steier with Kennard Law responded, asking for an extension until February 29, 2024.  That extension was granted, with the understanding that objections were waived.  Exhibit A.

On February 21, 2024, Agostina Steier requested another extension to March 15, 2024. Plaintiffs' counsel did <u>not</u> agree to this extension, but Defendants apparently took it anyway, as no responses or documents were produced on February 29, 2024.   It is now March 25, 2024, and no responses to any of the discovery propounded upon Defendants has been received.

## II.   STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

Plaintiffs seek partial summary judgment rulings holding that: (1) Defendants were their employer, Defendants were subject to and therefore covered by the provisions of the FSLA, and Defendants failed to pay Plaintiffs overtime premiums; (2) Defendants did not act in "good faith" in violating the FLSA, and (3) Defendants failed to keep adequate records (which relaxes Plaintiffs' burden of proof at trial).  Defendants bear the burden of demonstrating they acted in good faith. *Barcellona v. Tiffany English Pub, Inc*., 597 F.2d 464, 468 (5th Cir. 1979). Defendants also bear the burden of demonstrating they maintained the records required under the FLSA. *Goldberg v. Cockrell*, 303 F.2d 811, 812 n. 1 (5th Cir. 1962).

Summary judgment on a claim or part of a claim is appropriate if there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). The trial court's determination is reviewed *de novo*, using the same standards the district court applies. *E.g., Rogers v. Bromac Title Servs*., *L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014).

## III.   FACTS

Defendants own and operate a used car dealership in San Antonio, Texas.  ECF No. 6, ¶28. Defendants employed all three Plaintiffs.  ECF No. 6, ¶¶4-6.

Anderson was employed by Defendants as a title clerk, ECF No. 1, ¶29; Exhibit B, ¶2, and worked from April 2022 through May 2023.   Exhibit B, ¶2.   Anderson was subsequently tasked with additional duties related to payroll, work related to warranties and handling and processing bank deposits. Exhibit B, ¶3.

Vasquez was employed by Defendants as a title clerk, ECF No. 1, ¶37; Exhibit C, ¶2, and worked from October 2022 through the end of May, 2023.  Exhibit C, ¶ 2.  Vasquez also processed service tickets and assisted with claims for warranty repairs. Exhibit C, ¶ 2.

Balderas was employed by Defendants as a funding specialist, ECF No. 1, ¶44; Exhibit D, ¶2, and worked from June 2022 through May 15, 2023.   Exhibit D, ¶2.   As a funding specialist, Balderas would collect all documents requested by whatever bank Defendants were working with, ensure all such documents were correct, and submit the documents to the bank, which would then release funds for the purchase of a used vehicle to Defendants' customers.  Exhibit D, ¶2.

All three Plaintiffs consistently worked more than 40 hours per workweek, but were never paid overtime compensation.  Exhibit B, ¶4, Exhibit C, ¶3 and Exhibit D, ¶3.   Plaintiffs seek recovery in this action for all hours they worked over forty per workweek during their employment.

## IV.   ARGUMENTS AND AUTHORITIES

### A.   Defendants Employed Plaintiffs, Defendants were Subject to the FLSA, and Defendants failed to pay Plaintiffs Overtime.

For Plaintiffs to prevail on their FLSA claims against Defendants, they must show that 1) Defendants employed Plaintiffs; 2) Defendant is covered by the FLSA; and 3) Defendants failed

to pay Plaintiffs overtime pay.  U.S. Fifth Circuit District Judges Association, PATTERN CIV. JURY INSTR., CIVIL CASES, 5th Cir. § 11.24(A)(1) (2020).

### 1. Defendants Employed Plaintiffs.

Defendants admit that they employed Plaintiffs.  Answer, ¶¶ 4, 5, 6.  ECF No. 6.

### 2. Defendants Are Subject to the FLSA.

The FLSA only requires employers to pay minimum wage and premium overtime compensation if an employee (1) is engaged in commerce or in the production of goods for commerce, or (2) is employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. §206(a) and §207(a)(1). These two categories of FLSA coverage are commonly referred to as "individual" and "enterprise" coverage, respectively.  *Dunlop v. Industrial America Corp.*, 516 F.2d 498, 500-01 (5th Cir. 1975).

An employer falls under the enterprise coverage section of the FLSA if it 1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and 2) has at least $500,000.00 of "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010).

If enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally engaged in commerce. *See, e.g.,* *Brennan v. Greene's Propane Gas Service, Inc.*, 479 F.2d 1027, 1030-31 (5th Cir. 1973) ("The 'enterprise' coverage under the [FLSA] does not depend on the individual employees being engaged in commerce or production of goods for commerce. . .").

4

Defendants, through their deemed admissions, admit that they are subject to the provisions of the FLSA regarding payment of overtime compensation to Plaintiffs when they failed to deny Plaintiffs' Request for Admission Nos. 24 and 5:

> Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

Att. 2 to Exhibit A, Anderson RFA 24, Vasquez RFA 24, Balderas RFA 24.

> If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

Att. 2 to Exhibit A, Anderson RFA 5, Vasquez RFA 5, Balderas RFA 5.

Defendants have therefore admitted that they were required to comply with the provisions of the FLSA regarding overtime payments to Plaintiffs, and that if Plaintiffs worked more than forty hours per week during their employment with Defendants, Defendants should have paid Plaintiffs overtime compensation for such hours. *Id.*

### 3.      Plaintiffs were Entitled to Overtime Compensation and Defendants Failed to Pay Plaintiffs Overtime.

Section 7(a) (1) of the FLSA requires employers to pay all employees at least "one and one-half times the regular" pay rate for hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1); *Singer v. City of Waco*, 324 F.3d 813, 818 (5th Cir.2003). "The purposes of the overtime requirement are two-fold: 1) to spread employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours; and 2) to compensate employees who do work 'overtime' for the burden of having to do so." *Donovan v. Br'wn Equip' & Serv. Tools, Inc.,* 666 F.2d 148,"152 (5th Cir.1982) (citing *Walling v. Helmerich & Payne*, 323 U.S. 37, 40, 65 S. Ct. 11, 89 L. Ed. 29 (1944).

Defendants, through their deemed admissions, admit the following:

-At all times during the Relevant Time Period, Defendants were required to comply with the FLSA regarding wage and overtime payments to Plaintiffs.  Att. 2 to Exhibit A, Anderson RFA 24, Vasquez RFA 24, Balderas RFA 24.

- If Plaintiffs worked more than forty hours per workweek during their employment with Defendants, Defendants should have paid Plaintiffs overtime premiums for all such hours. Att. 2 to Exhibit A, Anderson RFA 5, Vasquez RFA 5, Balderas RFA 5.

-Plaintiffs worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which they were not paid an overtime premium for such hours.  Att. 2 to Exhibit A, Anderson RFA 3, Vasquez RFA 3, Balderas RFA 3.

-Defendants have no justification for failing to pay overtime premiums to Plaintiffs when they worked over forty hours per work week.   Att. 2 to Exhibit A, Anderson RFA 27, Vasquez RFA 27, Balderas RFA 27.

Defendants have thus admitted that they were required to comply with the FLSA, that if Plaintiffs worked more than 40 in a workweek hours they should have been paid overtime compensation for such hours, that on at least 10 instances Plaintiffs worked more than 40 hours in a workweek without being paid corresponding overtime premiums, and that Defendants had no justification for their failure to pay Plaintiffs overtime compensation.  Att. 2 to Exhibit A.  The only questions remaining for trial are how often each Plaintiff worked more than forty hours per week, and how many hours over forty each Plaintiff worked when they worked beyond forty per week.

### B.     Plaintiffs are Entitled to Summary Judgment on Defendants' "Good Faith" Defense.

In general, a court must award liquidated damages when it finds a violation of the FLSA's overtime requirements: "Any employer who violates the provisions of … section 207 of this title shall be liable to the … employees affected in the amount of … their unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). Section 260 creates an exception to this requirement, available to the district court at their discretion, if the employer can prove that their acts giving rise to the suit are *both* in

good faith and reasonable. *Mireles v. Frio Foods, Inc*., 899 F.2d 1407, 1415 (5th Cir. 1990)(emphasis original). *See also Owens v. Marstek, L.L.C*., 548 F. App'x 966, 972 (5th Cir. 2013).

Under 29 U.S.C. § 260, the employer bears the burden of establishing, by "plain and substantial" evidence, both subjective good faith and objective reasonableness. *Barcellona*, 597 F.2d at 468. The burden, under 29 U.S.C. § 260, "is a difficult one to meet," and an award of liquidated damages are the norm, single damages the exception. *Bullard v. Babcock & Wilcox Technical Servs. Pantex, L.L.C*., CIV.A. 2:07-CV-049-J, 2009 WL 1704251, at *7 (N.D. Tex. June 17, 2009) vacated sub nom., 424 F. App'x 324 (5th Cir. 2011). There is a "strong presumption under the statute in favor of doubling." *Nero v. Indus. Molding Corp*., 167 F.3d 921, 929 (5th Cir. 1999) (emphasis added, internal quotes omitted).

An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.[1]  *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998).  If the employer fails to meet this burden, a court must award liquidated damages.   *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). Even if an employer demonstrates that it acted in good faith, a court nonetheless has the discretion to award liquidated damages for a violation of the FLSA. *See, e.g., Martinez v. Food City, Inc.,* 658 F.2d 369, 376 (5th Cir. Unit A Oct. 1981); *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998).

---

[2] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 403. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages.

### 1. Defendants Cannot Prove Good Faith.

An employer must offer evidence that it had an honest good faith intention to determine the requirements of the FLSA and then follow them. *EEOC v. First Citizens Bank*, 758 F.2d at 403. Absent such a showing, liquidated damages are mandatory. *Id. See also Bratt v. County of Los Angeles*, 912 F.2d 1066, 948 F.2d 1529, 1540 (10th Cir. 1991) (district court has no discretion to mitigate liquidated damages in such a case). While the "good faith" element of the test is subjective, it is not sufficient for a defendant to simply state that it intended to comply with the FLSA. To allow an employer to demonstrate good faith by the mere recitation of their supposed good intentions would render the test meaningless. A Defendant is required to produce evidence that discloses facts of their attempt to ascertain the requirements of the FLSA and to act in accordance with it. *See Angelo v. United States*, 2003 WL 21525606 (Fed. Cl. 2003) (employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them); *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 908 (3d Cir. 1991)(same). *See also Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 129 (3rd Cir. 1984). That an employer did not purposefully violate the provisions of the FLSA is not sufficient to establish that it acted in good faith. *Cooper Elec.*, 940 F.2d at 909.

In their Amended Answer to Plaintiffs' Complaint, Defendants claim that "Defendants (including its officers, managers, and agents) acted in good faith with respect to Plaintiffs and all persons on whose behalf they purport to sue and in conformity with the FLSA and administrative practices and enforcement policies of the Department of Labor; Defendants (including its officers, managers, and agents) had reasonable grounds to believe it complied with the FLSA…" ECF No. 6, Affirmative Defense 4, pp. 6-7.

As a matter of law, Defendants cannot carry their burden of proof concerning good faith.

This is because Defendants, through their deemed admissions, admit the following:

-At all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees. Att. 2 to Exhibit A, Anderson RFA 23, Vasquez RFA 23, Balderas RFA 23.

-At all times during the Relevant Time Period, Defendants were required to comply with the FLSA regarding wage and overtime payments to Plaintiffs.  Att. 2 to Exhibit A, Anderson RFA 24, Vasquez RFA 24, Balderas RFA 24.

-Defendants did not investigate whether Plaintiffs were properly classified as exempt under any exemption from the FLSA.  Att. 2 to Exhibit A, Anderson RFA 28, Vasquez RFA 28, Balderas RFA 28.

-Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiffs as exempt from the FLSA prior to this suit being filed.   Att. 2 to Exhibit A, Anderson RFA 29, Vasquez RFA 29, Balderas RFA 29.

Defendants did not consult an attorney to determine whether they properly classified Plaintiffs as exempt from the FLSA.  Att. 2 to Exhibit A, Anderson RFA 30, Vasquez RFA 30, Balderas RFA 30.

- If Plaintiffs worked more than forty hours per workweek during their employment with Defendants, Defendants should have paid Plaintiffs overtime premiums for all such hours. Att. 2 to Exhibit A, Anderson RFA 5, Vasquez RFA 5, Balderas RFA 5.

-Plaintiffs worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which they were not paid an overtime premium for such hours.  Att. 2 to Exhibit A, Anderson RFA 3, Vasquez RFA 3, Balderas RFA 3.

-Defendants have no justification for failing to pay overtime premiums to Plaintiffs when they worked over forty hours per work week.   Att. 2 to Exhibit A, Anderson RFA 27, Vasquez RFA 27, Balderas RFA 27.

Defendants have admitted that they were familiar with the provisions of the FLSA

regarding payment of overtime compensation; that at all times they were required to comply with

the FLSA's provisions regarding payment of overtime compensation to Plaintiffs; that if Plaintiffs

worked more than 40 hours per workweek during their employment with Defendants, Defendants

should have paid them overtime premiums for such hours, that Plaintiffs worked more than 40

hours per week on at least 10 occasions without receiving any overtime premiums; that they have

no justification for their failure to pay overtime premiums to Plaintiffs, and that they undertook no investigation into whether Plaintiffs were properly classified as exempt under the FLSA.  Att. 2 to Exhibit A.

Because Defendants cannot demonstrate that they acted with either subjective good faith or with objective reasonableness, upon showing the amount and extent of Plaintiffs' unpaid overtime hours, Plaintiffs' damages should be liquidated, or doubled, as a matter of law.

**C.      The Undisputed Facts Establish Defendants Failed to Maintain Accurate Records as Required by the FLSA.**

**1)      The FLSA's Record-Keeping Requirements**

In addition to paying overtime, an employer whose employees are covered by the FLSA must maintain accurate records regarding the "wages, hours, and other conditions and practices of employment" for each employee.  29 U.S.C. § 211(c); 29 C.F.R. § 516.5-6.  The Fifth Circuit treats the FLSA's record-keeping requirements as "fundamental underpinnings of the Act" since these records allow a determination of whether the FLSA's minimum wage and overtime requirements have been met.  *Wirtz v. Mississippi Publishers Corp*., 364 F.2d 603, 607 (5th Cir. 1966). Failure to keep accurate records can obscure a multitude of minimum wage and overtime violations. *Id.*

"Where an employer has failed to maintain accurate payroll records, an employee carries his burden to establish a *prima facie* case under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Albanil v. Coast 2 Coast, Inc*., 444 F. App'x 788, 806 (5th Cir. 2011) (quoting *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946)).

In other words, when an employer fails to keep accurate records, courts will relax the plaintiff's burden to show the amount of overtime worked.  *See, e.g., Brown v. Scriptpro*, 700 F.3d

1222, 1224 (10th Cir. 2012); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th

Cir. 2013) ("When, however, an employer fails to keep records or the records are inaccurate or

inadequate, the employee's burden of proof is "relaxed"); *Kinslow v. 5 Star Field Servs. Grp.*,

1:19-cv-1605-MLB, at *31 (N.D. Ga. Aug. 9, 2021) ("Because Defendants' records are inadequate

and possibly inaccurate, Plaintiffs are entitled to the relaxed burden-shifting scheme.")

> Courts have explained why a relaxed burden is necessary:

> [I]f an employer has failed to keep proper and accurate records and the employee
> cannot offer convincing substitutes, the solution is not to penalize the employee by
> denying him any recovery on the ground that he is unable to prove the precise extent
> of uncompensated work. Such a result would place a premium on an employer's
> failure to keep proper records in conformity with his statutory duty; it would allow
> the employer to keep the benefits of an employee's labors without paying due
> compensation as contemplated by the [FLSA].

*Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315-1316 (11th Cir. 2007)
(citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on
other grounds*).

As many courts have recognized, under the relaxed burden, an employee may in fact prove

his claim for unpaid overtime by testifying to the approximate number of overtime hours worked

for which he was never paid. *See, e.g., Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp.

2d 528, 547 (S.D. Tex. 2011) (Harmon, J.) (citing with approval to *Ting Yao Lin v. Hayashi Ya II*,

*Inc.*, No. 08-CV-6071, 2009 U.S. Dist. LEXIS 12963, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30,

2009) (finding plaintiffs' initial burden was satisfied by affidavits based on the plaintiffs'

recollection describing the time spent performing various tasks for which they did not receive

overtime compensation)); *Heard v. Aashu L.L.C.*, No. H-15-2261, 2017 U.S. Dist. LEXIS 5088,

at *11 (S.D. Tex. Jan. 13, 2017) (Atlas, J.) (finding that plaintiffs met their "initial burden" under

*Mt. Clemens* where one "testified that she regularly worked ten to twelve hours per day, six days

per week" and the other testified "that she worked fifty-five to seventy hours per week"). "The

burden then shifts to the employer to offer evidence of the precise amount of work performed or to negate the reasonableness of the employee's inference." *Almeida*, 2008 U.S. Dist. LEXIS at *5.

In 2016, the Fifth Circuit in *Olibas v. Barclay*, 838 F.3d 442, 450 (5th Cir. 2016) held that "...FLSA damages may be estimated, especially when the employer fails to keep required payroll records." *E.g., Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 318 (5th Cir. 1981)."[2] In fact, the Fifth Circuit in *Olibas* even held that overtime estimates may come from representative testimony, and the "[t]estimony of some employees concerning the hours worked by groups of non-testifying employees is sufficient if those who do testify have personal knowledge of the work performed by those who do not" citing to *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1331 (5th Cir. 1985). *See* also *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1352 (5th Cir. 1980) (crediting the plaintiff's evidence of his "'running total' of hours worked that he apparently kept in his mind during his employment").[3]

---

[2] The Fifth Circuit observed that "Based on their personal knowledge, representative drivers testified to the hours they and their non-testifying colleagues worked. The drivers also submitted declarations at trial establishing how many hours the non-testifying drivers worked. On the other hand, Native could not produce documentation for a more accurate estimation of damages, nor could it produce records supporting an alternative damages model." Accordingly, the Fifth Circuit held that the district court did not err in giving the jury instructions that did not require the jury to determine the actual hours worked by all drivers. *Id.* at 450.

[3] The Fifth Circuit is not alone in allowing a Plaintiff's testimony to support a claim for overtime hours. *See, e.g., Moran v. Al Basit LLC*, 788 F.3d 201, 205-06 (6th Cir. 2015) ("Despite the lack of corroborating evidence, Plaintiff's testimony is sufficient to create a genuine dispute of material fact that forecloses summary judgment at this juncture."); *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 816 (6th Cir. 2015) (stating that because the employer did not have "records that definitely establish the hours [the plaintiff] worked," the "plaintiff's testimony is enough to create a genuine issue of fact."); *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 363-365 (2nd Cir. 2011) (crediting the plaintiff's testimony of overtime hours worked even though he admittedly falsified his time sheets); *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665, 669 (7th Cir. 2010) (relying on "inference and circumstantial evidence" and "weighing the conflicting testimony of the parties' witnesses" to arrive to a reasonable approximation as to the amount of overtime hours the plaintiff worked); *Doty v. Elias*, 733 F.2d 720, 725 (10th Cir. 1984) (permitting plaintiffs to simply testify as to the approximate hours worked); *Hanson v. Trop, Inc.*, 167 F. Supp. 3d 1324, 1336 (N.D. Ga. 2016) (denying the defendant's motion for summary judgment and stating "Plaintiff's testimony that she has worked more than 40 hours in a workweek on occasion during the period of time within the statute of limitations is sufficient..."); *Clark v. Centene Co. of Tex., L.P.*, 104 F. Supp. 3d 813, 827-30 (W.D. Tex. 2015) (relying only on plaintiffs' testimony to estimate average hours worked per week); *Crowe v. ExamWorks, Inc.*, 136 F. Supp. 3d 16, 43-44 (D. Mass. 2015) (denying the defendant's summary judgment motion where the plaintiff's evidence of overtime worked was her own

Since the law places responsibility on the employers—not employees—to accurately record their employees' time at work, employers who fail to do so "cannot be heard to complain that the damages lack . . . exactness and precision." *Anderson*, 328 U.S. at 688.  In such instances, the trial court must simply instruct "the fact finder to do the best he c[an] in assessing damages." *Reeves v. Int'l Tel. & Tel. Corp.*, 6Plaintiff342, 1351 (5th Cir. 1980).

Here, the record contains ample evidence to permit Plaintiffs at trial to make a just and reasonable estimate of the amount and extent of unpaid overtime work they performed for Defendants as a result of Defendants' failure to keep accurate records. Defendant's deemed admissions establish the following:

> - Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.   Att. 2 to Exhibit A, Anderson RFA 1, Vasquez RFA 1, Balderas RFA 1.

> -Defendants did not make the records of Plaintiffs' time required by the FLSA in 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(1)-(12) as to Plaintiffs during their employment with Defendants.  Att. 2 to Exhibit A, Anderson RFA 2, Vasquez RFA 2, Balderas RFA 2.

---

testimony); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 929-30 (E.D. La. 2009) (relying only on plaintiffs' testimony to estimate average hours worked per week); *Robinson v. Food Serv. Of Belton, Inc.*, 415 F. Supp. 2d 1232, 1235 (D. Kan. 2005) (allowing the plaintiffs to rely on their own undocumented recollections of overtime at trial); *Turner v. Human Genome Scis., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003) (relying on the plaintiffs' uncorroborated testimony of hours worked to deny the defendant's motion for summary judgment); *Roeder v. DIRECTV, Inc.*, c.a. no. C14-4091-LTS, 2017 U.S. Dist. LEXIS 5134, *95-96 (N.D. Iowa Jan. 13, 2017) (denying the defendant's summary judgment motion where the only evidence of overtime worked, or the existence of damages, is based on the plaintiffs' testimony); *Davis v. Richland Maint., Inc.*, c.a. no. 13-cv-15187, 2015 U.S. Dist. LEXIS 167834, *14-20 (E.D. Mich, Dec. 16, 2015) (crediting the plaintiffs' testimony of their estimated overtime of working 60 hours per week); *Gardner v. Country Club, Inc.*, c.a. no. 13-cv-3399-BHH, 2015 U.S. Dist. LEXIS 162009, *54 (D. S.C. Dec. 3, 2015) (in relying on the plaintiff's testimony alone to establish a fact question as to overtime hours worked, pointing out that "an employer may not neglect their record keeping obligation and then prevail on summary judgment against their employee simply because the employee cannot precisely recreate his or her hours with supporting documentation"); *Koehler v. Freightquote.com, Inc.*, c.a. no. 12-cv-2505-DDC-GLR, 2015 U.S. Dist. LEXIS 89691, *69-72 (D. Kan. July 10, 2015) (stating "a plaintiff can create a just and reasonable inference of hours worked based on his recollection"); *Amaya v. Superior Tile & Granite Corp.*, c.a. no. 10-cv-4525, 2012 U.S. Dist. LEXIS 5246, *20 (S.D.N.Y. Jan. 17, 2012) (crediting the plaintiffs' estimated hours worked to be "sufficient based on their testimony alone"); *Guenzel v. Mount Olive Bd. of Educ.*, c.a. no. 10-cv-4452, 2011 U.S. Dist. LEXIS 132102, *14 (D.N.J. Nov. 16, 2011) ("A plaintiff's sworn testimony in and of itself is sufficient to meet the 'just and reasonable inference' standard.").

-Defendants did not contemporaneously track Plaintiffs' hours from employment start date to employment end date.   Att. 2 to Exhibit A, Anderson RFA 4, Vasquez RFA 4, Balderas RFA 4.

**2)      The Court Should Apply the *Mt. Clemens* Standard to this Matter**

As Defendants failed to keep records of the hours Plaintiffs worked, Plaintiffs should be permitted to establish their claims as matter of "just and reasonable inference." As noted *supra*, "This burden can be satisfied with approximations of hours worked, and plaintiffs' recollections are correct unless rebutted by the defendants with contrary evidence." *Chapman v. A.S.U.I. Healthcare & Dev. Ctr.*, CIV.A. H-11-3025, 2013 WL 487032, at *2 (S.D. Tex. Feb. 6, 2013) aff'd, 562 F. App'x 182 (5th Cir. 2014) cert. denied, 134 S. Ct. 2733, 189 L. Ed. 2d 766 (U.S. 2014).

**V.      CONCLUSION**

For the reasons set forth above, the Court should hold that: (1) Defendants were Plaintiffs' employer,  Defendants were subject to the FLSA and Defendants failed to pay Plaintiffs overtime premiums; (2) Defendants did not act in good faith in violating the FLSA and (3) Plaintiffs may establish their overtime claims using the relaxed standard of proof authorized when an employer fails to keep accurate records as required by the FLSA.  Plaintiffs seek all other relief, legal or equitable, to which they may prove themselves justly entitled.

Respectfully submitted,

WELMAKER LAW, PLLC


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com


**ATTORNEY FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing  has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on March 25, 2024.


/s/ Douglas B. Welmaker
Douglas B. Welmaker