Attachment 2 to Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **Case No.  5:23-cv-911-XR** |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § § § | |
| **Defendants.** | § § § | |

---

**PLAINTIFF NATALIE ANDERSON'S FIRST ADMISSIONS TO
DEFENDANTS**

---

TO:    Defendants Ruiz and Louvin Enterprises, LLC, Eric Louvin and Megan Louvin, c/o their Attorneys of Record, Kennard Law PC, Alfonso Kennard Jr., Eddie Hodges Jr., Kennard Law Firm, 5120 Woodway Drive Suite 10010, Houston, Texas 77056.

Plaintiff Natalie Anderson ("Plaintiff") requests that Defendants Ruiz and Louvin Enterprises LLC, Eric Louvin and Megan Louvin ("Defendants") respond to the following Requests for Admission.  Defendants are required to serve answers to these Requests no later than thirty (30) days after service of such Requests upon you.

Respectfully submitted,

WELMAKER LAW, PLLC


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing document was served on counsel for the Defendant, in the manner indicated, on December 15, 2023, as follows:

Via Email: Alfonso.Kennard@kennardlaw.com, eddie.hodges@kennardlaw.com

Alfonso Kennard Jr.
Eddie Hodges Jr.
Kennard Law PC
5120 Woodway Drive Suite 10010
Houston, Texas 77056


/s/  Douglas B. Welmaker
Douglas B. Welmaker

## INSTRUCTIONS

A.      Each Request is to be answered fully on the basis of information in your possession and also information that is reasonably available to you.

B.      Every Request herein shall be deemed a continuing Request and supplementation or correction must be made in a timely manner if you learn that in some material respect the answer or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

C.      In the event you object or otherwise decline to respond fully and in writing, then you are instructed to comply fully with the Federal Rules of Civil Procedure.

D.      Unless indicated otherwise, the relevant time period for each Request for Admission is three years prior to the filing of this lawsuit through the time of trial.

## DEFINITIONS

A.      ***Communication***.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.      ***Document.***   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).   A draft of a nonidentical copy is a separate document within the meaning of this term.

C.      ***Identify (With Respect to Persons).***   When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.      ***Identify (With Respect to Documents).***   When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

E.      ***Parties.***   Unless otherwise stated, the term "Plaintiff" refers to Natalie Anderson.   The term "Defendants" refers to Defendants Ruiz and Louvin Enterprises, LLC, its officers, directors, and employees, Eric Louvin and Megan Louvin.

F.      ***Person.***   The term "person" is defined as any natural person or business, legal or governmental entity or association.

G.      ***Concerning.***   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

H.     ***And/Or.***   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

I.     ***Relevant Time Period***—unless specified otherwise—refers to the period beginning three years prior to the filing of this lawsuit through the time of trial.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Defendants did not make the records required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**REQUEST FOR ADMISSION NO. 4:**

Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**REQUEST FOR ADMISSION NO. 5:**

If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff did not have the authority to commit Defendants financially.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff did not solicit business for Defendants.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Plaintiff did not represent Defendants in handling complaints.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff did not represent Defendants in resolving grievances.

**REQUEST FOR ADMISSION NO. 23:**

Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**REQUEST FOR ADMISSION NO. 24:**

Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**REQUEST FOR ADMISSION NO. 28:**

Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**REQUEST FOR ADMISSION NO. 30:**

Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NATALIE   ANDERSON,   TIFFANY VASQUEZ AND BRIANA BALDERAS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Case No.  5:23-cv-911-XR** |
| **v.** | § | |
| | § | |
| **RUIZ   AND   LOUVIN   ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF TIFFANY VASQUEZ'S FIRST ADMISSIONS TO**
**DEFENDANTS**

TO:    Defendants Ruiz and Louvin Enterprises, LLC, Eric Louvin and Megan Louvin, c/o their Attorneys of Record, Kennard Law PC, Alfonso Kennard Jr., Eddie Hodges Jr., Kennard Law Firm, 5120 Woodway Drive Suite 10010, Houston, Texas 77056.

Plaintiff Tiffany Vasquez ("Plaintiff") requests that Defendants Ruiz and Louvin Enterprises LLC, Eric Louvin and Megan Louvin ("Defendants") respond to the following Requests for Admission.  Defendants are required to serve answers to these Requests no later than thirty (30) days after service of such Requests upon you.

Respectfully submitted,

WELMAKER LAW, PLLC


/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing document was served on counsel for the Defendant, in the manner indicated, on December 15, 2023, as follows:

Via Email: Alfonso.Kennard@kennardlaw.com, eddie.hodges@kennardlaw.com

Alfonso Kennard Jr.
Eddie Hodges Jr.
Kennard Law PC
5120 Woodway Drive Suite 10010
Houston, Texas 77056


/s/  Douglas B. Welmaker
Douglas B. Welmaker

## **INSTRUCTIONS**

A.      Each Request is to be answered fully on the basis of information in your possession and also information that is reasonably available to you.

B.      Every Request herein shall be deemed a continuing Request and supplementation or correction must be made in a timely manner if you learn that in some material respect the answer or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

C.      In the event you object or otherwise decline to respond fully and in writing, then you are instructed to comply fully with the Federal Rules of Civil Procedure.

D.      Unless indicated otherwise, the relevant time period for each Request for Admission is three years prior to the filing of this lawsuit through the time of trial.

<u>DEFINITIONS</u>

A.      ***Communication.***   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.      ***Document.***   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).   A draft of a nonidentical copy is a separate document within the meaning of this term.

C.      ***Identify (With Respect to Persons).***   When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.      ***Identify (With Respect to Documents).***   When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

E.      ***Parties.***   Unless otherwise stated, the term "Plaintiff" refers to Tiffany Vasquez.   The term "Defendants" refers to Defendants Ruiz and Louvin Enterprises, LLC, its officers, directors, and employees, Eric Louvin and Megan Louvin.

F.      ***Person.***   The term "person" is defined as any natural person or business, legal or governmental entity or association.

G.      ***Concerning.***   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3

H.      ***And/Or.***   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

I.      ***Relevant Time Period***—unless specified otherwise—refers to the period beginning three years prior to the filing of this lawsuit through the time of trial.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

### REQUEST FOR ADMISSION NO. 2:

Admit that Defendants did not make the records required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

### REQUEST FOR ADMISSION NO. 3:

Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

### REQUEST FOR ADMISSION NO. 4:

Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

### REQUEST FOR ADMISSION NO. 5:

If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

### REQUEST FOR ADMISSION NO. 6:

Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

### REQUEST FOR ADMISSION NO. 7:

Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

### REQUEST FOR ADMISSION NO. 8:

Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

### REQUEST FOR ADMISSION NO. 9:

Admit that Plaintiff did not have the authority to commit Defendants financially.

### REQUEST FOR ADMISSION NO. 10:

Admit that Plaintiff did not solicit business for Defendants.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Plaintiff did not represent Defendants in handling complaints.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff did not represent Defendants in resolving grievances.

**REQUEST FOR ADMISSION NO. 23:**

Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**REQUEST FOR ADMISSION NO. 24:**

Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**REQUEST FOR ADMISSION NO. 28:**

Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**REQUEST FOR ADMISSION NO. 30:**

Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Case No.  5:23-cv-911-XR** |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § § § § | |
| **Defendants.** | § § § | |

---

**PLAINTIFF BRIANA BALDERAS' FIRST ADMISSIONS TO
DEFENDANTS**

---

TO:     Defendants Ruiz and Louvin Enterprises, LLC, Eric Louvin and Megan Louvin, c/o their Attorneys of Record, Kennard Law PC, Alfonso Kennard Jr., Eddie Hodges Jr., Kennard Law Firm, 5120 Woodway Drive Suite 10010, Houston, Texas 77056.

Plaintiff Briana Balderas ("Plaintiff") requests that Defendants Ruiz and Louvin Enterprises LLC, Eric Louvin and Megan Louvin ("Defendants") respond to the following Requests for Admission.  Defendants are required to serve answers to these Requests no later than thirty (30) days after service of such Requests upon you.

Respectfully submitted,

WELMAKER LAW, PLLC


/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

By my signature below, I certify that a true and correct copy of the foregoing document was served on counsel for the Defendant, in the manner indicated, on December 15, 2023, as follows:

Via Email: Alfonso.Kennard@kennardlaw.com, eddie.hodges@kennardlaw.com

Alfonso Kennard Jr.
Eddie Hodges Jr.
Kennard Law PC
5120 Woodway Drive Suite 10010
Houston, Texas 77056


/s/ Douglas B. Welmaker
Douglas B. Welmaker

## INSTRUCTIONS

A.      Each Request is to be answered fully on the basis of information in your possession and also information that is reasonably available to you.

B.      Every Request herein shall be deemed a continuing Request and supplementation or correction must be made in a timely manner if you learn that in some material respect the answer or response is incomplete or incorrect, and that the additional or corrective information has not otherwise been made known to Plaintiff during the discovery process or in writing.

C.      In the event you object or otherwise decline to respond fully and in writing, then you are instructed to comply fully with the Federal Rules of Civil Procedure.

D.      Unless indicated otherwise, the relevant time period for each Request for Admission is three years prior to the filing of this lawsuit through the time of trial.

## DEFINITIONS

A.      **Communication.**  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.      **Document.**  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).   A draft of a nonidentical copy is a separate document within the meaning of this term.

C.      **Identify (With Respect to Persons).**  When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment.   Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.      **Identify (With Respect to Documents).**  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

E.      **Parties.**  Unless otherwise stated, the term "Plaintiff" refers to Briana Balderas.  The term "Defendants" refers to Defendants Ruiz and Louvin Enterprises, LLC, its officers, directors, and employees, Eric Louvin and Megan Louvin.

F.      **Person.**  The term "person" is defined as any natural person or business, legal or governmental entity or association.

G.      **Concerning.**  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3

H.     ***And/Or.***   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

I.     ***Relevant Time Period***—unless specified otherwise—refers to the period beginning three years prior to the filing of this lawsuit through the time of trial.

<u>**REQUESTS FOR ADMISSION**</u>

<u>**REQUEST FOR ADMISSION NO. 1**</u>:

Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

<u>**REQUEST FOR ADMISSION NO. 2**</u>:

Admit that Defendants did not make the records required by 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

<u>**REQUEST FOR ADMISSION NO. 3**</u>:

Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

<u>**REQUEST FOR ADMISSION NO. 4**</u>:

Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

<u>**REQUEST FOR ADMISSION NO. 5**</u>:

If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

<u>**REQUEST FOR ADMISSION NO. 6**</u>:

Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

<u>**REQUEST FOR ADMISSION NO. 7**</u>:

Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

<u>**REQUEST FOR ADMISSION NO. 8**</u>:

Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

<u>**REQUEST FOR ADMISSION NO. 9**</u>:

Admit that Plaintiff did not have the authority to commit Defendants financially.

<u>**REQUEST FOR ADMISSION NO. 10**</u>:

Admit that Plaintiff did not solicit business for Defendants.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**REQUEST FOR ADMISSION NO. 14:**

Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**REQUEST FOR ADMISSION NO. 15:**

Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Plaintiff did not represent Defendants in handling complaints.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**REQUEST FOR ADMISSION NO. 22:**

Admit that Plaintiff did not represent Defendants in resolving grievances.

**REQUEST FOR ADMISSION NO. 23:**

Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**REQUEST FOR ADMISSION NO. 24:**

Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**REQUEST FOR ADMISSION NO. 28:**

Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**REQUEST FOR ADMISSION NO. 29:**

Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**REQUEST FOR ADMISSION NO. 30:**

Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.