IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS<br><br>*Plaintiffs,*<br><br>v.<br><br>RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§ CASE NO. 5:23-cv-00911<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE COUNTERCLAIMS**

Defendants, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, AND MEGAN LOUVIN, file this opposed Motion for Leave to File Counterclaims respectfully asking this Court to grant leave to file counterclaims and enter the attached Second Amended Answer and Counterclaims on the record. In support thereof, Defendants respectfully provide the following:

**I.   NATURE OF PROCEEDINGS**

1. Plaintiffs, Natalie Anderson, Tiffany Vasquez, and Briana Balderas, file this original complaint on July 21, 2023. **Dkt. 1**.

2. On November 1, 2023, this Court entered the Scheduling Order, entering the following deadlines in this case:

      a. Amend Pleadings: November 28, 2023 (Plaintiffs)/ December 13, 2023 (Defendants)

      b. Mediation Deadline: March 22, 2024

      c. Discovery Deadline: March 29, 2024

      d. Dispositive Motions: April 8, 2024

      e.   Joint Pre-Trial Order: July 19, 2024

      f.   Pre-Trial Conference: August 1, 2024

      g.   Trial: August 12, 2024

**Dkt. 10**.

3.      On December 15, 2023, Plaintiffs submitted their first discovery requests to Defendants. Defendants have attempted to respond to all discovery but need additional time to provide adequate responses for all three Plaintiffs. Plaintiffs agreed to extend Defendants time to respond to discovery until February 29, 2024, with the agreement that Defendants will waive any objections to the discovery responses.

4.      On February 27, 2024, Defendants sent their first requests for discovery to Plaintiffs, which are due on March 28, 2024. Defendants also seek to depose each Plaintiff but additional time is needed to conduct discovery. Defendants do not file this Motion to cause unreasonable delay but good cause exists, given the nature of multiple Plaintiffs in this case.

5.      On March 25, 2024, Plaintiffs filed their Motion for Partial Summary Judgment requesting this Court grant summary judgment based on deemed admissions. Plaintiffs filed their Motion prior to submitting their responses to discovery requests and prior to their deposition. Therefore, the Motion is premature.

6.      Defendants are in the midst of a good faith effort in reviewing the relevant documents and is of the belief that more discovery may be needed due to the new information being revealed regarding one of the Plaintiff's alleging mishandling and stealing funds from Defendants.

7.      Plaintiffs' pending litigation involves numerous allegations over unpaid wages. Judicial economy and the interests of the parties will be best served if Defendants are given an opportunity to present its counterclaims in this proceeding and allow four to five more months to conduct

discovery related to Plaintiffs' claims and Defendants' proposed counterclaims. A substantial amount of discovery still remains, including depositions of Plaintiffs and other fact and expert witnesses, therefore, good cause exists to grant this Motion.

8. Defendants have uncovered theft by Plaintiff Natalie Anderson and now presents counterclaims against Defendant Anderson after a reasonable investigation occurred while this lawsuit was pending. Defendants have attached a proposed 2nd Amended Answer and Counterclaims to be docketed upon the granting of this Motion. Defendants do not file this Motion to cause undue delay, or in bad faith. The counterclaims revolve around the same circumstances in this case regarding Plaintiff Anderson's employment with Defendants. It is unclear whether Plaintiff has acted solo in the theft that has been uncovered but an Amended Answer and Counterclaims, thus the Amended Counterclaim may also need to include the other two Plaintiffs if it is uncovered they were involved in the same manner as described in the Counterclaim attached.

9. Defendants have now asserted claims against Plaintiff Anderson for violations of the Texas Theft Liability Act, conversion, and breach of fiduciary duties, stemming from her employment with Defendant. After an investigation (that was underway during this lawsuit) it was uncovered that Anderson had access to cash deposits submitted by customers as downpayments to purchase vehicles. The investigation uncovered that Anderson had converted over $112,000 in funds either for her own personal gain or by misappropriating the funds in other ways.

10. Discovery is still ongoing, Defendants have simultaneously filed a Motion for Continuance asking this Court for more time to conduct discovery regarding the new counterclaims against Plaintiff Anderson, and to depose all Plaintiffs. Plaintiffs will not be prejudiced by this Amendment because it revolves around the same or similar transaction currently being litigated. It is unclear at this point whether Plaintiff Vasquez or Plaintiff Balderas had any role in Defendant

Anderson's theft, but it can be inferred that all three Plaintiffs resigned from employment at the same time. Thus, Plaintiffs will not be prejudiced because it would be a waste of court resources for Defendants to file a separate case; when this case is still pending and has jurisdiction to hear the counterclaims. The counterclaims also provide a basis to Defendants affirmative defenses to Plaintiffs' FLSA claims regarding Plaintiff Anderson's duties. Defendants have asserted counterclaims upon which relief could be granted and are substantially related to the facts in this case.

11.     Defendants file this Motion for Leave after uncovering this evidence during the discovery phase of this case. Although the Motion for Leave deadline was December 13, 2023, Defendants have acted diligently in filing this Motion seeking Leave to file its counterclaims, once the claims were available to assert after a reasonable investigation. The investigation into Plaintiff Anderson occurred simultaneously with these proceedings, and now Defendants seek to supplement its Answer with counterclaims based on the investigation findings.

## II. ARGUMENT AND AUTHORITIES

12.     In general, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Leave to amend a pleading should generally be granted in the absence of "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

13.     In determining whether good cause exists, courts consider "(1) the [movant's] explanation

for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (second, third, and fourth alterations in original) (quoting *Reliance Ins. Co. v. La. Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)) (internal quotation marks omitted).

14.    In assessing the timeliness, the Court must first consider Defendant's explanation for its request to file its counterclaims beyond the deadline. Here, Defendants explanation is that this investigation into Plaintiff Anderson occurred while this case was pending, and after the conclusion Defendants prepared the next steps to present these claims in Court. Defendants timely filed an Original/Amended Answer in this case and has since acted diligently. Defendants have needed additional time to conduct discovery and produce relevant documents in this case. Thus, even though this Motion is three-months after the pleading deadline, it is solely due to preparing and gathering information from the investigation to present in this lawsuit.

15.    The second factor that the Court must consider is whether the proposed counterclaims are important. Defendant asserts that the counterclaims promote judicial economy because Defendant is being sued for the failure to pay wages to Anderson, yet after an investigation it was uncovered that Anderson converted cash deposits for her own personal gain, which affects Defendants' affirmative defenses and this litigation. Moreover, the possibility for future litigation between the parties will only increase costs for both parties. Therefore, we ask this Court to find that the amendment is important because its preclusion at this juncture may avoid future litigation involving the same parties. Moreover, it would waste judicial resources to litigate these issues in multiple lawsuits.

16.    The Court must next consider whether allowing Defendant to file its counterclaims would

cause prejudice and whether such prejudice may be cured by a continuance. Defendant avers that filing its counterclaims will not cause prejudice to Plaintiffs because wages earned and administrative duties by Anderson are already in the case as a defense and facts. Moreover, because these factual issues are already in the case, Defendant asserts that the foundation of discovery has been completed, but additional discovery and time to review relevant documents would cure any prejudice by Plaintiffs. Plaintiffs may assert that they are prejudiced due to a pending Motion for Summary Judgment, however, that motion would be *moot* if this Court granted continuance to allow additional time for discovery. The availability of a continuance to cure prejudice— the prejudice factor is more concerned with issues of notice and preparation, including discovery, which would cause one party to be less prepared for a trial than another. Here, Defendant's Motion for Continuance asks for an additional four months of discovery. Therefore, such prejudice does not exist in this case because the parties have nearly four months to prepare for the current jury trial setting, and if the Court grants a continuance four months would allow both parties sufficient time to conduct new discovery on the counterclaims.

17. Plaintiffs may argue that Defendants have caused delay in this case by waiting until near the deadline to conduct discovery and file this Motion. However, Defendants have given notice to Plaintiffs on multiple occasions that more time was needed to conduct discovery due to pending trial deadlines in other matters, and the diligent efforts to provide adequate responses to discovery. Plaintiffs opposed the filing of this Motion for Continuance, but it is necessary to continue the deadlines so that Defendant can assert its counterclaims.

## **PRAYER**

18. Therefore, Defendants respectfully ask this Court to grant the Motion for Leave to File Amended Answer and Counterclaim because good cause exists to allow Defendant to assert its

Counterclaim after the pleading deadline. We ask the Court enter Exhibit A attached herein as Defendant's Second Amended Answer and Counterclaims.

Respectfully submitted,

Kennard Law P.C.

_____

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal ID 713316
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal ID. 3479748
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify Pursuant to L.R. 3.3.6, on February 26, 2024, Counsel for Plaintiffs conferred with Counsel for Defendants, regarding the merits of this motion. A reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed. Plaintiffs' counsel indicated that Plaintiffs are OPPOSED to the instant Motion and the relief sought herein. Therefore, it is presented to the Court for determination.

Alfonso Kennard, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, a true and correct copy Defendants' Motion for Continuance was e-filed with the Court by using the Court's CM/ECF system.

Alfonso Kennard, Jr.