IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS § § § *Plaintiffs,* § § v. § § RUIZ AND LOUVIN ENTERPRISES, LLC, § ERIC LOUVIN, MEGAN LOUVIN, § § § *Defendants.* § | CASE NO. 5:23-cv-00911 |

## DEFENDANTS' OPPOSED MOTION FOR CONTINUANCE

Defendants, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, AND MEGAN LOUVIN, file this opposed Motion for Continuance seeking a continuance on the Discovery Deadline, Pre-Trial Motions, and Trial setting due to Defendants needing more time to conduct discovery, Defendants' Motion for Leave to file Amended Counterclaims, and the issues discussed below. In support thereof, Defendants respectfully provide the following:

### I. NATURE OF PROCEEDINGS

1. Plaintiffs, Natalie Anderson, Tiffany Vasquez, and Briana Balderas, file this original complaint on July 21, 2023. **Dkt. 1**.

2. On November 1, 2023, this Court entered the Scheduling Order, entering the following deadlines in this case:

   a. Amend Pleadings: November 28, 2023 (Plaintiffs)/ December 13, 2023 (Defendants)

   b. Designate Experts: December 28, 2023/January 26, 2024

   c. Supplement Experts: March 1, 2024

      d. Mediation Deadline: March 22, 2024

      e. Discovery Deadline: March 29, 2024

      f. Dispositive Motions: April 8, 2024

      g. Joint Pre-Trial Order: July 19, 2024

      h. Pre-Trial Conference: August 1, 2024

      i. Trial: August 12, 2024

**Dkt. 10**.

3. On December 15, 2023, Plaintiffs submitted their first discovery requests to Defendants. Defendants have attempted to respond to all discovery, but need additional time to provide adequate responses for all three Plaintiffs. Plaintiffs agreed to extend Defendants time to respond to discovery until February 29, 2024, with the agreement that Defendants will waive any objections to the discovery responses.

4. On February 27, 2024, Defendants sent their first requests for discovery to Plaintiffs, which are due on March 28, 2024. Defendants also seek to depose each Plaintiff but additional time is needed to conduct discovery. Defendants do not file this Motion to cause unreasonable delay but good cause exists, given the nature of multiple Plaintiffs in this case.

5. On March 25, 2024, Plaintiffs filed their Motion for Partial Summary Judgment requesting this Court grant summary judgment based on deemed admissions. Plaintiffs filed their Motion prior to submitting their responses to discovery requests and prior to their deposition. Therefore, the Motion is premature.

6. Simultaneously with this Motion, Defendants file a Motion for Leave to Amend its Answer and add Counterclaims against Plaintiff Anderson.

7. Defendants are in the midst of a good faith effort in reviewing the relevant documents and

is of the belief that more discovery may be needed due to the new information being revealed regarding one of the Plaintiff's alleging mishandling and stealing funds from Defendants.

8.  Plaintiffs' pending litigation involves numerous allegations over unpaid wages. Judicial economy and the interests of the parties will be best served if Defendants are given an opportunity to present its counterclaims in this proceeding and allow four to five more months to conduct discovery related to Plaintiffs' claims and Defendants' proposed counterclaims. A substantial amount of discovery still remains, including depositions of Plaintiffs and other fact witnesses, therefore, good cause exists to grant this Motion.

## II.  ARGUMENT AND AUTHORITIES

9.  A motion for continuance is left to the sound discretion of the trial court and will be disturbed on appeal only upon a showing that there has been an abuse of that discretion. *Avery v. Alabama*, 308 U.S. 444, (1940); *United States v. Uptain*, 531 F.2d 1281 (5th Cir. 1976); *United States v. Fessel*, 531 F.2d 1275 (5th Cir. 1976); *United States v. Gidley*, 527 F.2d 1345 (5th Cir. 1976). The issue must be decided on a case-by-case basis and in light of the circumstances presented. *Ungar v. Sarafite*, 376 U.S. 575, (1965); *United States v. Sahley*, 526 F.2d 931 (5th Cir. 1976); *McKinney v. Wainwright*, 488 F. 2d 28 (5th Cir.), cert. denied, 416 U.S. 973 (1974).

10.  A continuance should be granted upon a showing of good cause. Such good cause may be established by a showing that the Defendant was not given adequate time to prepare his defense and was prejudiced as a result. *See United States v. Uptain*, 531 F.2d 1281 (5th Cir. 1976) and *United States v. Fessel*, 531 F.2d 1275 (5th Cir. 1976). The following factors are considered highly relevant in assessing claims of inadequate preparation: (1) the degree and complexity of the case; (2) the availability of discovery from the prosecution; (3) the quantum of

time available for preparation; (4) the likelihood of prejudice from denial; (5) the accused's role in shortening the preparation time. *See Uptain*, 531 F.2d at 1286.

11. In assessing whether Defendants have had adequate time to prepare the court should consider: (1) this is a complex case to the degree of understanding Plaintiffs wages and whether Plaintiffs are exempt under the FLSA; (2) more time to conduct depositions on three Plaintiffs; (3) there was only four months allotted for discovery in this case; the likelihood of prejudice is overwhelming, given that Defendants would like to present its counterclaims and collect discovery from Plaintiffs; while having an adequate time to review the discovery requests and explore reasonable resolution; and (4) the short time to prepare for trial on a multiple Plaintiff FLSA case; and Defendants have acted diligently in attempting to defend itself from all claims and reasonably present claims that are reasonably related to the events surrounding Plaintiffs claims against Defendant.

12. Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed.R.Civ.P. 16(b). "Only upon the movant's demonstration of good cause to modify the schedule order [under Rule 16(b)] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *SW Enterprises v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). The good cause standard under Rule 16(b) requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Bandy v. TRC Sols.*, 1:22-CV-00144-DAE (W.D. Tex. Nov. 30, 2023); *S & W Enters.*, 315 F.3d at 535.

13. To show good cause, the party seeking to modify the scheduling order has the burden of showing "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n,* 734 F.3d 420, 422 (5th Cir.2013). Here, the

discovery phase is set to close on March 29, 2024, and Plaintiffs still need to be deposed and the Court will need to rule on Defendants' Motion for Leave to Amend. Parties are acting diligently to both prosecute and defend these claims, however, the deadlines cannot reasonably be met despite the parties diligence.

14. There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman,* 607 F.3d 161, 167 (5th Cir.2010) (internal quotation marks and citation omitted). Here, Defendants assert that it has diligently attempted to comply with the current scheduling order and the modification of the scheduling order would promote justice to allow Defendants to fully defend its claims, and allow Plaintiffs to produce all relevant discovery in this case for Defendants review. As of this filing, Plaintiffs have not responded to Defendants' discovery requests due March 28, 2024. Defendants will time to review Plaintiffs discovery responses and depose Plaintiffs within the next 30-days. If Defendants are not allowed to depose Plaintiffs the record would be replete without any evidence, except for conclusory and speculative accusations. This is the first request for continuance and additional discovery is necessary to cure any prejudice either party may face by the pending discovery deadline. Therefore, we ask this Court to consider the relevant factors and grant this Motion for Continuance to continue the current-deadlines by four-months or a time set by this Court that is reasonable.

15. Plaintiffs may argue that Defendants have caused delay in this case by waiting until near the deadline to conduct discovery and file this Motion. However, Defendants have given notice to Plaintiffs on multiple occasions that more time was needed to conduct discovery due to pending

trial deadlines in other matters, and the diligent efforts to provide adequate responses to discovery. Plaintiffs opposed the filing of this Motion for Continuance.

16. Therefore, Defendants respectfully ask this Court to grant the Motion to Continue and Modify the Scheduling Order as follows:

    a. Supplement Experts: July 1, 2024

    b. Mediation Deadline: July 19, 2024

    c. Discovery Deadline: July 26, 2024

    d. Dispositive Motions: August 9, 2024

    e. Joint Pre-Trial Order: October 11, 2024 (or reasonably set by Court)

    f. Pre-Trial Conference: Reasonably reset by Court

    g. Trial: Reasonably reset by Court

Respectfully submitted,

**Kennard Law P.C.**

_____

**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal ID 713316
**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal ID. 3479748
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify Pursuant to L.R. 3.3.6, on February 26, 2024, Counsel for Plaintiffs conferred with Counsel for Defendants, regarding the merits of this motion. A reasonable effort has been made to resolve the dispute without the necessity of court intervention and the effort failed. Plaintiffs' counsel indicated that Plaintiffs are OPPOSED to the instant Motion and the relief sought herein. Therefore, it is presented to the Court for determination.

_____
Alfonso Kennard, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2024, a true and correct copy Defendants' Motion for Continuance was e-filed with the Court by using the Court's CM/ECF system.

_____
Alfonso Kennard, Jr.