# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS** | § § § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CASE NO. 5:23-cv-00911-XR** |
| | § | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § § § | |
| | § | |
| *Defendants.* | § | |

---

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Dated: April 5, 2024

Respectfully submitted,

**kennard law** P.C.

_____

**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal ID. 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal ID 713316
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
filings@kennardlaw.com
**ATTORNEY FOR DEFENDANTS**

## TABLE OF CONTENTS

CONTENTS

**SUMMARY OF THE ARGUMENT** .................................................................. 1

**NATURE OF THE PROCEEDINGS** ............................................................... 2

**ISSUES PRESENTED** ...................................................................................... 3

1. WHETHER PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED GIVEN THAT PLAINTIFFS FAILED TO PRODUCE MATERIAL EVIDENCE THAT DEFENDANTS HAD AN "ANNUAL GROSS VOLUME OF SALES MADE OR BUSINESS DONE" OF "NOT LESS THAN $500,000," DURING THE RELEVANT PERIOD, THEREFORE, THE DEFENDANTS ARE NOT SUBJECT TO THE FLSA. PLAINTIFFS HAVE FAILED TO PROVIDE UNDISPUTED EVIDENCE OF DEFENDANTS' GROSS VOLUME OF SALES AND THEREFORE THEIR MOTION SHOULD BE DENIED BECAUSE MATERIAL ISSUES EXIST AS TO WHETHER DEFENDANTS ARE SUBJECT TO THE FLSA. ...................................................... 3

2. WHETHER PLAINTIFFS PARTIAL MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED GIVEN THAT DEFENDANTS HAVE PRESENTED MATERIAL FACT ISSUES THAT INFER DEFENDANTS ACTED IN GOOD-FAITH AND THESE ISSUES ARE RIPE FOR THE FACTFINDER........................................................................................................... 3

3. WHETHER PLAINTIFFS PARTIAL MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED GIVEN THAT DEFENDANTS KEPT ACCURATE TIME RECORDS FOR PLAINTIFFS, STARTING IN JANUARY 2023, AND PLAINTIFFS WERE EXEMPT SALARIED EMPLOYEES, THEREFORE THE FLSA IS INAPPLICABLE............................................................... 3

**STATEMENT OF MATERIAL FACTS** ......................................................... 3

   **A.** PLAINTIFFS' JOB DUTIES FALL WITHIN THE "ADMINISTRATIVE" EXEMPTION FROM THE FLSA'S OVERTIME REQUIREMENTS............................................... 3

   **B.** PLAINTIFFS WERE PAID AS "SALARIED" EXEMPT EMPLOYEES, AND EVEN IF PLAINTIFFS' WERE NONEXEMPT, PLAINTIFFS WORKED MINIMAL OVERTIME HOURS, IF ANY....................................................................................................................... 6

**SUMMARY JUDGMENT STANDARD OF REVIEW** ................................... 8

**ARGUMENTS AND AUTHORITIES** ............................................................. 9

   **A.** PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE MATERIAL FACT ISSUES EXIST AS TO WHETHER THE FLSA APPLIES TO DEFENDANT BECAUSE NO EVIDENCE HAS BEEN PRODUCED THAT DEFENDANTS HAD AN "ANNUAL GROSS VOLUME OF SALES MADE OR BUSINESS DONE" OF NOT LESS THAN $500,000 AND NO EVIDENCE HAS BEEN PROVED TO CONTRADICT THAT PLAINTIFFS WERE EXEMPT UNDER THE FLSA. ....................................................................................................................... 9

**B.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE MATERIAL FACT ISSUES EXIST AS TO WHETHER DEFENDANTS ACTED IN GOOD FAITH IN ITS ORIGINAL CLASSIFICATION OF THE PLAINTIFFS AS EXEMPT, WHICH PRECLUDE SUMMARY JUDGMENT.** ................................................................................................ 14

**C.  PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE MATERIAL FACT ISSUES EXIST AS TO WHETHER DEFENDANTS KEPT ACCURATE RECORDS WHEN IT STARTED A TIME-TRACKING SYSTEM IN JANUARY 2023 AND REASONABLY BELIEVED PLAINTIFFS WERE EXEMPT SALARIED EMPLOYEES.** .................................................. 17

**CONCLUSION** ........................................................................................... **18**

## EXHIBIT LIST

**Exhibit A**  →  Defendants' Response to Plaintiffs' First Request for Interrogatories

**Exhibit B**  →  Defendants' Response to Plaintiff's First Request for Admissions

**Exhibit C**  →  Plaintiff Natalie Anderson's Employment File and Time Records

**Exhibit D**  →  Plaintiff Tiffany Vasquez's Employment File and Time Records

**Exhibit E**  →  Plaintiff Briana Balderas' Employment File and Time Records

**NOW COMES**, Defendants, Ruiz and Louvin Enterprises, LLC, Eric Louvin, individually, and Megan Louvin, individually, (hereinafter "Defendants") file this response in opposition to Plaintiffs, Natalie Anderson, Tiffany Vasquez, and Briana Balderas' Motion for Partial Summary Judgment, respectfully requesting the Honorable Court to **DENY** Plaintiffs' Motion for the following reasons:

## SUMMARY OF THE ARGUMENT

Plaintiffs filed this collective action lawsuit on July 21, 2023 alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") by failing to pay Plaintiffs' overtime compensation when Plaintiffs worked more than forty hours in workweek. Defendants have simultaneously filed a Motion for Leave and a Motion for Continuance showing good cause exists to allow Defendants to assert counterclaims and for this Court to allow additional time for discovery. Plaintiffs' Motion for Partial Summary Judgment is based solely on "deemed admissions." However, Defendants have simultaneously filed a Motion to Withdraw Deemed Admissions and have submitted material evidence in this response that create material fact issues as to whether the FLSA is applicable.

Moreover, Defendants have presented material evidence that Plaintiff Natalie Anderson was keeping cash deposits submitted by customers for her own personal use and gain. It is clear that more discovery is needed in this case to uncover whether any other Plaintiff engaged in the same acts as Plaintiff Natalie Anderson. Given Plaintiffs' roles and actions include non-manual work directly related to the employer's customers and

1

exercised discretion with respect to matters of significance to Defendants. Each Plaintiff is not entitled to summary judgment on any issue presented in the Motion. As such, Defendants request the entry of an Order denying Plaintiffs' Partial Motion for Summary Judgment and granting Defendants' Motion for Leave and Continuance to allow the parties additional time to conduct discovery and refile dispositive motions after discovery has been completed.

## NATURE OF THE PROCEEDINGS

On July 21, 2023, Plaintiffs filed suit against Defendants alleging overtime violations and retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), et seq.

On March 25, 2024, Plaintiffs' filed their Motion for Partial Summary Judgment. **Dkt. 13**. Defendants have filed this response in a timely manner according to the Federal and Local Rules. Simultaneously, on March 25, 2024, Defendants filed a Motion for Leave to file an Amended Answer and Counterclaims asserting claims against Plaintiff Anderson pursuant to the Texas Theft Liability Act, conversion, fraud, misrepresentation, and breach of fiduciary duties. **Dkt. 14**, **Dkt. 15**.

Defendants have respectfully ask this Court for additional time to conduct discovery and to allow Defendants the opportunity to assert its counterclaims in this matter. Defendants have asked that the discovery deadline be modified to conclude on July 26, 2024 and dispositive motion deadline to be modified to conclude on August 9, 2024. Given that parties need additional time to gather evidence on these issues, Plaintiffs' partial

motion should be denied as not ripe for consideration and should be denied, in its entirety, with an opportunity for both parties to refile prior to the proposed amended dispositive motion deadline.

## ISSUES PRESENTED

1. Whether Plaintiffs' partial motion for summary judgment should be denied given that Plaintiffs failed to produce material evidence that Defendants had  an "annual gross volume of sales made or business done" of "not less than $500,000," during the relevant period, therefore, the Defendants are not subject to the FLSA. Plaintiffs have failed to provide undisputed evidence of Defendants' gross volume of sales and therefore their Motion should be denied because material issues exist as to whether Defendants are subject to the FLSA.

2. Whether Plaintiffs partial motion for summary judgment should be denied given that Defendants have presented material fact issues that infer Defendants acted in good-faith and these issues are ripe for the factfinder.

3. Whether Plaintiffs partial motion for summary judgment should be denied given that Defendants kept accurate time records for Plaintiffs, starting in January 2023, and Plaintiffs were exempt salaried employees, therefore the FLSA is inapplicable.

## STATEMENT OF MATERIAL FACTS

**A. Plaintiffs' job duties fall within the "administrative" exemption from the FLSA's overtime requirements.**

**Natalie Anderson**

Plaintiff, Natalie Anderson, was hired by Defendants in April 2022 as a Title Specialist. **Defendant's Exhibit A; Exhibit C**. Plaintiff Anderson was promoted to an Administrative Assistant position in October 2022, which she held until her resignation in May 2023. *Id*.

As a *Title Specialist* Plaintiff Anderson's primary duty included processing and researching titles and assisting with additional office duties at the time. *Id*. As a *Title Specialist* Plaintiff Anderson's salary was $760 per week or $1,520 biweekly. *Id*. As an Administrative Assistant Plaintiff Anderson's primary duties include funding car deals, assisting the new title specialist, quick books, accounting, managing customer downpayments (including cash downpayments), preparing deposits, and processing warranties. *Id*.

Plaintiff Anderson abruptly quit after Defendants began to suspect Plaintiff Anderson was engaging in employment theft and after Defendants requested a meeting with Plaintiff Anderson, she quit and filed this lawsuit under the FLSA. *Id.* Defendants were forced to hire a private investigator to uncover the theft and fraudulent practices of Plaintiff Anderson. **Ex. C at 0160-167**.. An investigator found $112,260 in was not properly deposited in Defendants' bank account and efforts were made to hide the misappropriation of funds by manipulating Defendants' financial records and payment documentation. *Id*. Plaintiff Anderson was the only person to have access to both the cash down payments submitted by customers that were kept in a secure location, and Plaintiff Anderson was responsible for accounting for it, which included abiding by Defendants' process for receiving and recording customers' downpayments in Defendants' bank accounts. *Id*. Plaintiff Anderson exercised discretion and independent judgment, specifically, she had independent choice in such matters of significance, such as, accounting for Defendants' customer's cash downpayments, securing the cash

downpayments in a safe location, and depositing the cash downpayments in Defendants' bank account. *Id*.

**Tiffany Vasquez**

Plaintiff, Tiffany Vasquez, was hired by Defendants in October 2022 as a Title Specialist. **Defendant's Exhibit A; Exhibit D**. Plaintiff Vasquez was employed as a Title Specialist until her resignation in May 2023. *Id*.

As a *Title Specialist* Plaintiff Vasquez's primary duty included processing and researching titles, prepping incoming car deals, and handling the funding. *Id*.  Plaintiff Vasquez was required to determine when a vehicle's title should be taken to avoid Defendants having to incur civil penalties. *Id*. Plaintiff Vasquez exercised discretion and independent judgment, specifically, she had independent choice in such matters of significance, such as, researching and processing titles to avoid civil penalties. *Id*. As a *Title Specialist* Plaintiff Vasquez's salary was $720 per week or $1,440 biweekly. *Id*.

Ironically, in May 2023, Plaintiff Vasquez abruptly quit after Defendants began to suspect Plaintiff Anderson was engaging in employment theft and after Defendants requested a meeting with Plaintiff Anderson, Plaintiff Vasquez quit and filed this lawsuit under the FLSA. *Id*.

**Briana Balderas**

Plaintiff, Briana Balderas, was hired by Defendants in August 2022 as a Funding Specialist. **Defendant's Exhibit A; Exhibit E**. Plaintiff Balderas was employed as a Funding Specialist until her resignation in May 2023. *Id*.

As a *Funding Specialist* Plaintiff Balderas' primary duty included communicating with lenders to facilitate funding, obtaining documents from customers to complete funding, and corresponding with banks to help facilitate transactions. *Id.* Plaintiff Balderas had access to Defendants' lenders and she was responsible for communicating directly with the lenders to facilitate the transaction between Defendants and their customers, which has a financial impact on Defendants' business. *Id.* Plaintiff Balderas exercised discretion and independent judgment, specifically, she had independent choice in such matters of significance, such as, communicating directly with the lenders to facilitate the transaction between Defendants and its customers. *Id.* As a *Funding Specialist* Plaintiff Balderas' salary was $800 per week or $1,600 biweekly. *Id.*

Ironically, in May 2023, Plaintiff Balderas abruptly quit after Defendants began to suspect Plaintiff Anderson was engaging in employment theft and after Defendants requested a meeting with Plaintiff Anderson, Plaintiff Balderas quit and filed this lawsuit under the FLSA. *Id.*

**B. Plaintiffs were paid as "salaried" exempt employees, and even if Plaintiffs' were nonexempt, Plaintiffs worked minimal overtime hours, if any.**

All Plaintiffs were paid as salaried exempt employees, and their salary was based on an agreed hourly rate multiplied by eighty (80) hours. **Defendant's Exhibit A**. Plaintiffs were not encouraged to work overtime because they were exempt salaried employees and Plaintiffs only worked extra hours if time was missed during the regular work week. *Id.* Defendants reasonably believed Plaintiffs were exempt salaried employees, therefore, prior to January 2023 Defendants did not have an official time-tracking system. *Id.*

In January 2023, Defendants began to use a time-tracking system to record Plaintiffs' hours. *Id*. Each Plaintiff on average worked less than forty (40) hours a week. *Id.*; **Exhibit C-E**. However, there are only a few weeks were Plaintiff Anderson and Plaintiff Vasquez worked more than forty (40) hours in one workweek. **Defendants' Exhibit C and Exhibit D**. There are no records that show Plaintiff Balderas worked more than forty (40) hours, in a week, during her employment. **Defendants' Exhibit E**. The weeks have been identified as follows:

**Plaintiff Anderson** averaged less than forty (40) hours per week. The only weeks Anderson worked over forty hours are:

    i.   (1/16/23 – 1/20/23) – 40.77 hours
    ii.   (1/23/23 – 1/27/23) – 40.85 hours
    iii.   (2/20/23 – 2/24/23) – 42.44 hours
    iv.   (2/27/23 – 3/3/23) – 44.03 hours
    v.   (3/13/23 – 3/17/23) – 40.95 hours
    vi.   (3/27/23 – 3/31/23) – 40.70 hours

**Defendants' Exhibit C**. During Plaintiff Anderson's employment she has accumulated only **9.74** overtime hours that she now alleges she was not paid for. *Id*. at 00034-00071.

**Plaintiff Vasquez** averaged forty (40) hours per week. The only weeks Vasquez worked over forty hours are:

    I.   (1/23/23 – 1/27/23) – 41.15 hours
    II.   (1/30/23 – 2/3/23) – 40.90 hours
    III.   (2/6/23 – 2/10/23) – 42.55 hours
    IV.   (2/13/23 – 2/17/23) – 41.41 hours
    V.   (2/20/23 – 2/24/23) – 43.54 hours
    VI.   (2/27/23 – 3/3/23) – 41.63 hours
    VII.   (3/6/23 – 3/10/23) – 42.79 hours
    VIII.   (3/13/23 – 3/17/23) – 41.78 hours
    IX.   (3/20/23 – 3/24/23) – 43.38 hours
    X.   (4/3/23 – 4/7/23) – 43.43 hours

XI. (4/10/23 – 4/14/23) – 41.08 hours
XII.  (4/17/23 – 4/21/23) – 42.07 hours
XIII. (4/24/23 – 4/28/23) – 40.88 hours
XIV. (5/15/23 – 5/19/23) – 42.19 hours

**Defendants' Exhibit D**. During Plaintiff Vasquez's employment she has accumulated only **28.78** overtime hours that she now alleges she was not paid for. *Id*. at 00134-00159.

Defendants' pay records are needed to show, at minimum, material fact disputes as to whether Defendants' time records are inaccurate and whether Plaintiffs' regularly worked over forty (40) hours. Furthermore, Defendants were tracking the correct number of hours worked by Plaintiffs and was therefore able to verify that they were paying Plaintiffs in accordance to their agreed salary.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). An issue is material if its resolution could affect the outcome of the action. *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251--52, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)(emphasis added). In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)(emphasis added). The Court will not weigh the evidence or evaluate the credibility of witnesses. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002)(emphasis added).

The movant bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita*, 475 U.S. at 587. After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Caboni*, 278 F.3d at 451.

In the case at hand, Plaintiffs assert claims for uncompensated overtime that is composed of exempt work time associated with providing services to Defendant's customers. Assessing the summary-judgment evidence confirms that there are triable issues to preclude summary judgment.

## <u>ARGUMENTS AND AUTHORITIES</u>

**A. Plaintiffs' Motion should be DENIED because material fact issues exist as to whether the FLSA applies to Defendant because no evidence has been produced that Defendants had  an "annual gross volume of sales made or business done" of not less than $500,000 and no evidence has been proved to contradict that Plaintiffs were exempt under the FLSA.**

1.     <u>There is a material fact issue as to whether Defendants are subject to the FLSA's enterprise coverage, given that there is no evidence in the record that purports Defendants had  an "annual gross volume of sales made or business done" of not less than $500,000.</u>

Therefore, the Court should deny Plaintiffs' Motion to allow more time for discovery on this issue.

Under the FLSA, an employer must pay overtime compensation to its non-exempt employees who work more than 40 hours a week." *Avila v. SLSCO, Ltd.*, No. 3:18-CV-00426, 2022 WL 784062, at *11 (S.D. Tex. Mar. 15, 2022), *report and recommendation adopted*, No. 3:18-CV-00426, 2022 WL 980273 (Mar. 31, 2022) (citing 29 U.S.C. § 207(a)(1)). "The minimum wage and overtime provisions of the Fair Labor Standards Act apply to employees of 'an enterprise engaged in commerce or in the production of goods for commerce,' 29 U.S.C. §§ 206, 207, which 'enterprise' is statutorily defined, inter alia, as requiring an annual gross volume of business done as not less than [$500,000], 29 U.S.C. § 203(s)(1)." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 969 (5th Cir. 1984).

Plaintiffs allege that Defendants, through "deemed admissions" admit that they are subject to the provisions of the FLSA. **Dkt. 13** pg. 5. The deemed admissions Plaintiffs attempt to use as evidence, in no way satisfies Plaintiffs' burden of proof that Defendants were subject to the FLSA. *Id*. Plaintiffs' deemed admission broadly states Defendants have admitted that "they were required to comply with provisions of the FLSA" and "Defendants should have paid Plaintiffs overtime premiums." *Id*. This evidence alone is not enough to infer that Defendants had an "annual gross volume of sales made or business done" of "not less than $500,000," during the relevant period. Material fact disputes exist as to whether Defendants are subject to the FLSA, given that there is no evidence in the summary judgment record demonstrating Defendant's annual sales during the relevant period. More discovery on this issue is needed for both parties to prepare for trial and Plaintiffs'

be precluded from summary judgment because material fact issues exist as to whether Defendants are subject to enterprise coverage under the FLSA because no evidence has been produced that tends to show Defendants had an annual gross volume of sales made or business done of not less than $500,000. On this issue alone, we respectfully ask this Court to **DENY** Plaintiffs' Motion for Summary Judgment and **GRANT** Defendants' Motion for Continuance to allow additional time for discovery on these issues, which will allow the parties to refile dispositive motions at the conclusion of discovery.

2.      There is a material fact issue as to whether Plaintiffs, or at minimum Plaintiff Anderson, are exempt employees under the FLSA. Therefore, the Court should deny Plaintiffs' Motion to allow more time for discovery on this issue.

An employee qualifies as an administrative employee-and is exempt from the FLSA's overtime pay requirement-if: (1) she is compensated on a salary or fee basis at a rate of not less than $684 per week; (2) her "primary duty" is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) her "primary duty" includes the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a).

The administrative exemption is an affirmative defense, and the burden of establishing the exemption rests squarely on the employer. *See Fraser v. Patrick O'Connor & Assocs., L.P.*, 954 F.3d 742, 745 (5th Cir. 2020). The U.S. Supreme Court has rejected the principle that the FLSA's exemptions should be construed narrowly against the employer and instead determined that district courts must give the exemptions a "fair

reading." *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1142 (2018) ("Because the FLSA gives no textual indication that its exemptions should be construed narrowly, there is no reason to give them anything other than a fair (rather than a narrow) interpretation.").

"The decision whether an employee is exempt . . . is primarily a question of fact." *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000). "However, the ultimate decision whether the employee is exempt from the FLSA's overtime compensation provisions is a question of law." *Id.*

Here, Defendants have presented material fact disputes as to whether the FLSA's administrative exemption applies to Plaintiffs. It is undisputed that Plaintiffs' satisfy the administrative exemption's weekly salary requirement: Plaintiff Anderson ($760 per week); Plaintiff Vasquez ($720 per week); and Plaintiff Balderas ($800 per week). **Defendants' Exhibit A, C, D, E**. It is undisputed that Plaintiffs performed office and or non-manual work directly related to assisting with the running or servicing of Defendants' business. **Defendants' Exhibit A, C, D, E**. However, at the summary judgment stage, Defendants have presented triable issue of fact as to whether Plaintiffs' primary duties included "the exercise of discretion and independent judgment with respect to matters of significance." At minimum, it has been shown that Plaintiff Anderson had discretion and independent judgment regarding accounting for customer downpayments and bank deposits. **Defendants' Exhibit C**.

"In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. §541.201(a); §

541.202(a). "The term 'matters of significance' refers to the level of importance or consequence of the work performed." *Id*.

Here, Defendants assert that Anderson, Vasquez, and Balderas' job duties satisfy the third prong. Plaintiff Anderson satisfies the third prong because her job duties dealt specifically with independent discretion to make liability determinations according to her own best judgment, given that she handled accounting for cash deposits on Defendants' behalf, which included depositing cash in Defendants' bank, which is a high level of importance for Defendants. Evidence that Plaintiff Anderson converted cash deposits for her own benefit also demonstrates triable issues that preclude summary judgment. Plaintiff Vasquez satisfies the third prong because her job duties dealt with her independent discretion to assist Defendants from civil penalties, which is a high level of importance for Defendants to make sure that titles are clear and no criminal activity involved with the vehicles. Plaintiff Balderas satisfies the third prong because her duties dealt with Defendants' lenders and the assistance to help Defendants' customers through the financing process, which is a high level of importance for Defendants to be able to provide the resource to its customers and equally maintain relationships with banks and other lenders.

In *Cooper* and *Alawar*, each Court declined the entry of summary judgment because there was a "limited factual record … of the scope of the Plaintiffs' discretionary authority and independent judgment, and the Fifth Circuit requires such evidence to 'be weighed by a jury.'" *Cooper v. Project Res. Grp.*, Civil Action 4:21-cv-01060 *4-6 (S.D. Tex. May 11,

2023); *Alawar v. Trican Well Serv.*, 397 F. Supp. 3d 873 (W.D. Tex. 2019); *quoting Dewan v. M-I, L.L.C.*, 858 F.3d 331, 340 (5th Cir. 2017).

Defendants have not moved for summary judgment on this issue, but at minimum has presented material fact disputes as to whether Plaintiffs are subject to the FLSA, due to enterprise coverage or administrative exemptions. Defendants have respectfully ask for additional time to conduct discovery on these issues and to allow the parties an opportunity to refile their respective dispositive motions after discovery has concluded. Based on the material facts presented this Court cannot ascertain, as a matter of law, whether the FLSA applies due to enterprise coverage or if Plaintiffs' primary duties involved an exercise of discretion and independent judgment. Plaintiffs' premature motion should be denied on this basis alone because Plaintiffs have not provided this Court with **undisputed** evidence that Defendants are subject to enterprise coverage under the FLSA and Plaintiffs are not exempt employees. Therefore, the Motion for Summary Judgment must be denied in its entirety.

**B. Plaintiffs' Motion should be DENIED because material fact issues exist as to whether Defendants acted in good faith in its original classification of the Plaintiffs as exempt, which preclude summary judgment.**

Whether the employer committed a willful violation of the FLSA is a question of fact. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016). The burden of showing that an FLSA violation was "willful" falls on the plaintiffs. *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x. 324, 326 (5th Cir. 2011) (citations omitted). To prove a willful violation, the plaintiff must establish that "the employer either knew or showed

reckless disregard for the matter of whether its conduct was prohibited by statute." *Ramos*, 599 F. App'x. at 551 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or unreasonable." *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x. 349, 360 (5th Cir. 2015) (citations omitted). An employer who acts without a reasonable basis for believing that it was complying with the FLSA or who fails to seek legal advice regarding its payment practices is merely negligent. *Id.* (citing *McLaughlin*, 486 U.S. at 134-35; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)).

Plaintiffs move for summary judgment on the issue of good faith and willfulness arguing:

> *Based on deemed admissions* – "Defendants have admitted that they were familiar with the provisions of the FLSA regarding payment of overtime compensation; that at all times they were required to comply with the FLSA's provisions regarding payment of overtime compensation to Plaintiffs; that if Plaintiffs worked more than 40 hours per workweek during their employment with Defendants, Defendants should have paid them overtime premiums for such hours, that Plaintiffs worked more than 40 hours per week on at least 10 occasions without receiving any overtime premiums; that they have no justification for their failure to pay overtime premiums to Plaintiffs, and that they undertook no investigation into whether Plaintiffs were properly classified as exempt under the FLSA." **Dkt. 13** pg. 9.

Without conceding the argument that the FLSA is not applicable to Plaintiffs, Defendants present contradicting material evidence that Defendants at all times acted in good faith with respect to Plaintiffs' wages and employment. Similarly, the Western District has denied entry of summary judgment on the willfulness/good-faith issue because it could not finding Defendants acted willfully without first finding Defendants violated

15

the FLSA. *See Snively v. Peak Pressure Control, LLC*, No. MO:15-CV-00134-DC (W.D. Tex. July 9, 2018).  Moreover, Defendants have presented material fact disputes that would give rise to a willfulness question to be submitted to the trier of fact. Plaintiffs' only evidence is "deemed admissions" that do not address the issue of whether Defendants acted willfully, but instead raise material fact questions for the trier of fact. Moreover, Defendants have alleged that Plaintiffs' salary was based on an agreed-hourly rate multiplied by eighty (80) hours. The deemed admissions only speculate as to Defendants' knowledge of the FLSA, and material facts exist that Defendants actions to multiply the agreed-hourly rate times eighty to determine the appropriate salary would be merely negligent or unreasonable, which does not suffice to establish "willful" or lack of "good-faith." *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x. 349, 360 (5th Cir. 2015).

At the summary judgment stage, the Court cannot weigh the evidence; it can only determine whether a genuine issue of fact exists. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). Accordingly, the Court should **DENY** Plaintiffs' motion for partial summary judgment on the issue of "good-faith" and "willfulness" because the Court cannot grant summary judgment finding Defendants willfully violated the FLSA without first finding that Defendants violated the FLSA. Furthermore, this Court should grant Defendants' Motion for Continuance to allow additional time for discovery on this issue because there is a genuine issue of material fact regarding whether Defendants willfully violated the FLSA. Thus, Plaintiffs' motion is premature and must be **DENIED**.

**C. Plaintiffs' Motion should be DENIED because material fact issues exist as to whether Defendants kept accurate records when it started a time-tracking system in January 2023 and reasonably believed Plaintiffs were exempt salaried employees.**

Without conceding the argument that the FLSA is not applicable to Plaintiffs, Defendants present contradicting material evidence that Defendants at all times kept accurate time records for Plaintiffs, starting in January 2023.

The FLSA places the burden of keeping accurate records on the employer. *See* 29 U.S.C. § 211(c). The Supreme Court has held that when a defendant-employer fails to keep accurate records, plaintiff-employees may recover unpaid wages by proving that they "in fact performed work for which [they were] improperly compensated and . . . [and by] producing sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). Thus, when an employer does not keep adequate time records, a plaintiff may satisfy his burden by showing an approximation of his work hours. *Id.* at 688. If the plaintiff meets this burden, the burden then shifts to the employer to produce evidence of the exact amount of work performed or to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687-88.

Here, material fact issues exist as to whether Plaintiff has undisputedly shown approximations of hours worked from their hire date until January 2023. Defendants have produced evidence of the exact amount of work performed by Plaintiffs from January 2023 to May 2023. **<u>Defendants' Exhibit C, D, E</u>**. Based on the evidence presented by Defendants reasonable inference can be drawn that Plaintiffs did not average forty (40)

hours a week, and rarely worked any overtime, if any. Plaintiffs have not provided any evidence that would demonstrate an approximation of work from their hire date until January 2023, therefore, material fact disputes exists as to whether Defendants kept accurate record as required by the FLSA. Moreover, the Court cannot grant summary judgment finding Defendants failed to accurately keep records under the FLSA without first finding that Defendants violated the FLSA. Such conflicting evidence requires factual determinations that preclude summary judgment. *Edwards v. 4JLJ, LLC*, CIVIL ACTION No. 2:15-CV-299 *3 (S.D. Tex. Jan. 4, 2017). Therefore, Plaintiffs' Motion for Summary Judgment must be **DENIED** in its entirety. Defendants respectfully ask this Court to grant the Motion for Continuance to allow additional discovery on these issues, given that Plaintiffs have failed to provide any approximations of their hours prior to January 2023.

## CONCLUSION

Plaintiffs' motion is premature and without merit, and as such should be denied. Plaintiffs have not established that the deemed admissions entitle Plaintiffs to summary judgment because the issues at hand are not undisputed. Defendants have simultaneously filed a motion to withdraw deemed admissions, and would ask this Court amend their admissions to include their responses. Even with deemed admissions, Plaintiffs have failed to prove that the admissions conclusively prove: (1) whether the FLSA is applicable to Defendants under enterprise coverage or applicable to Plaintiffs based on the administrative exemption; (2) whether Defendants acted in good-faith; and (3) whether Defendants failed to keep accurate records. Defendants have presented evidence of a

factual dispute regarding each of these key issues which determine the FLSA's applicability and Defendants' liability in this case. For these reasons this Court should **DENY** Plaintiffs' Motion for Summary Judgment. Defendants respectfully ask this Court to consider and **GRANT** its opposed motion for continuance and motion for leave. Additional time is needed in this multiple Plaintiff lawsuit and Plaintiffs will not be prejudiced by additional time, given the opportunity to refile their Motion for Summary Judgment after discovery has concluded. For the reasons stated in this response to Defendant's Motion for Summary Judgment, Defendants request Plaintiffs' Motion for Partial Summary Judgment be denied and for any other relief he may be entitled to in law or in equity.

Dated: April 5, 2024                                                Respectfully submitted,

**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal ID. 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal ID 713316
5120 Woodway Dr. Suite 10010
Houston, Texas 77056
T: (713) 742-0900
F: (713) 742-0951
eddie.hodges@kennardlaw.com
alfonso.kennard@kennardlaw.com
filings@kennardlaw.com
**ATTORNEY FOR DEFENDANTS**

19

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, a true and correct copy of the foregoing

instrument has been served on all counsel of record via ECF online filing system.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

_____
Eddie Hodges Jr.

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** | § § § § § | |
| *Plaintiff,* | § § § | |
| | § | **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** | § § | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § § § § | |
| *Defendant.* | § § § | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR INTERROGATORIES**

---

TO: Plaintiffs, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ, AND BRIANA BALDERAS' First Request for Interrogatories. Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

Kennard Law P.C.

By: _____
     **Eddie Hodges, Jr.**
     Texas Bar No.: 24116523
     **Alfonso Kennard, Jr.**
     Texas Bar No.: 24036888
     5120 Woodway Dr., Suite 10010
     Houston, Texas 77056

Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Eddie Hodges, Jr.**

### DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

**INTERROGATORY NO. 1:** IDENTIFY each PERSON who provided information for the answers to these interrogatories.

**ANSWER: Defendants state the following:**

1. Eric Louvin
2. Megan Louvin

**INTERROGATORY NO. 2:** IDENTIFY each PERSON who is likely to have discoverable information regarding the claims and defenses of any party to this lawsuit, along with the subjects of that information. This includes, but is not limited to, each PLAINTIFF'S co-workers, supervisors, and other PERSONS employed by you or by a third party that may have knowledge of either PLAINTIFF'S employment, such as work duties, conditions, hours, or pay. Please note that this interrogatory includes the information required under FRCP 26(a)(1)(A)(i), but also seeks information that is beyond the scope of the Rule.

**ANSWER: Defendants state the following:**

1. Eric Louvin
2. Megan Louvin
3. Kristin Maxwell
4. Fred Olivares

**INTERROGATORY NO. 3:** Have any DOCUMENTS (including those maintained electronically) relating to the wage and overtime payments of PLAINTIFFS, the wage and overtime policies and procedures for PLAINTIFFS, YOUR required disclosures under Federal Rule of Civil Procedure 26(a), or any of YOUR responses to an interrogatory, request for production, or request for admission been destroyed, discarded, or otherwise disposed of (even if part of a normal document retention or destruction policy)? If so, please IDENTIFY such DOCUMENT by general description of contents, date of destruction, and reason for destruction.

**ANSWER: Defendants state the following:**

1. Anderson – **Bates Labeled Docs. LOUVIN 00034 – 00071**.
2. Balderas – **Bates Labeled Docs. LOUVIN 00087 – 00115**.
3. Vasquez – **Bates Labeled Docs. LOUVIN 00134 – 00159**.

**INTERROGATORY NO. 4:** State how many hours, by date, each PLAINTIFF worked during each workweek in the RELEVANT TIME PERIOD. In doing so, state which day of the week YOU used to designate the beginning of the workweek. If YOU are unable to determine this answer with specificity, please provide YOUR best estimate. If YOU choose to answer this question by reference to records pursuant to FRCP 33(d), please identify the documents on which you are relying by Bates numbers.

**ANSWER: Defendant states the following:**

Time tracking was not used until January 2023. Prior to January 2023 there was no official tracking. Based on the time tracking used from January 2023 until Plaintiffs' end of employment is as follows:

1. Anderson – **Bates Labeled Docs. LOUVIN 00034 – 00071**.
   a. Anderson averaged less than forty (40) hours per week. The only weeks Anderson worked over forty hours are:
      i. (1/16/23 – 1/20/23) – 40.77 hours
      ii. (1/23/23 – 1/27/23) – 40.85 hours
      iii. (2/20/23 – 2/24/23) – 42.44 hours
      iv. (2/27/23 – 3/3/23) – 44.03 hours
      v. (3/13/23 – 3/17/23) – 40.95 hours
      vi. (3/27/23 – 3/31/23) – 40.70 hours
2. Balderas – **Bates Labeled Docs. LOUVIN 00087 – 00115**.
   a. According to the time sheets there are no weeks Balderas worked more than forty (40) hours.
3. Vasquez – **Bates Labeled Docs. LOUVIN 00134 – 00159**.
   a. Anderson averaged less than forty (40) hours per week. The only weeks Anderson worked over forty hours are:
      i. (1/23/23 – 1/27/23) – 41.15 hours
      ii. (1/30/23 – 2/3/23) – 40.90 hours
      iii. (2/6/23 – 2/10/23) – 42.55 hours
      iv. (2/13/23 – 2/17/23) – 41.41 hours
      v. (2/20/23 – 2/24/23) – 43.54 hours
      vi. (2/27/23 – 3/3/23) – 41.63 hours
      vii. (3/6/23 – 3/10/23) – 42.79 hours
      viii. (3/13/23 – 3/17/23) – 41.78 hours
      ix. (3/20/23 – 3/24/23) – 43.38 hours
      x. (4/3/23 – 4/7/23) – 43.43 hours
      xi. (4/10/23 – 4/14/23) – 41.08 hours
      xii. (4/17/23 – 4/21/23) – 42.07 hours
      xiii. (4/24/23 – 4/28/23) – 40.88 hours
      xiv. (5/15/23 – 5/19/23) – 42.19 hours

**INTERROGATORY NO. 5:** IDENTIFY and describe the policies and procedures (including the IDENTITY of any applicable DOCUMENTS) used by each PLAINTIFF in order to track and report time spent working.

**ANSWER: Defendants state the following:**

Unknown. Defendants cannot answer because they are not the Plaintiffs in this lawsuit.

**INTERROGATORY NO. 6:** IDENTIFY and describe YOUR policies and procedures regarding wage and overtime payments to PLAINTIFFS during the RELEVANT TIME PERIOD by providing: (a) the date of implementation of YOUR initial policies and procedures during this period; (b) a description of any change(s) to such policies and procedures during this period and the date(s) that such changes were implemented; and (c) the reason(s) for any such changes.

**ANSWER: Defendant states the following:**

All plaintiffs were paid as salaried employees based on an agreed hourly rate which was multiplied by 80 hours.

Plaintiffs were not encouraged to work overtime as they were being paid as salaried employees.

Plaintiffs only worked extra hours if time was missed during the regular course of the work week for reasons such as personal appointments, unpaid vacation, or sick time.

No changes were made to any policies.

**INTERROGATORY NO. 7:** If Ruiz and Louvin Enterprises, LLC contends that it was not an "enterprise" as that term is defined by the FLSA in 29 USC ? 203 (r)(1) for the three-year period preceding the filing of Plaintiffs' Original Complaint, set forth every fact supporting such contention, and identify any documents relied upon for YOUR contention in this regard.

**ANSWER: Defendant states the following:**

I don't know the definition of the term "enterprise" under the FLSA so I cannot answer this question. Defendant reserves the right to supplement.

**INTERROGATORY NO. 8:** If Ruiz and Louvin Enterprises, LLC contends that it was not an "enterprise engaged in commerce" within the meaning of 29 USC 203(s)(1)(A) for the three-year period preceding the filing of PLAINTIFFS' Original Complaint, set forth every fact supporting such contention, and identify any documents relied upon for YOUR contention in this regard.

**ANSWER: Defendant states the following:**

    "Need clarification to answer appropriately." Defendant reserves the right to supplement.

**INTERROGATORY NO. 9:** Identify all facts supporting YOUR claim that PLAINTIFFS were not individually engaged in interstate commerce while performing PLAINTIFFS' job duties for YOU.

**ANSWER: Defendant states the following:**

    *See* **Bates Labeled Docs. LOUVIN 00001-00167**. Defendant reserves the right to supplement.

**INTERROGATORY NO. 10:** IDENTIFY all claims, notices of claims, investigations, inquiries, and lawsuits involving YOU where an allegation was made that YOU failed to provide employees proper wages and overtime pay by providing the following: (a) Name and address of all parties; (b) The job titles or class of employees involved; (c) The names and address of the attorney representing the plaintiff/complainant; (d) The substance of the facts alleged; (e) If no suit was filed, the date on which you received notice of the claim; (f) If suit was filed, the date of filing and court and case number; (g) The disposition; and (h) The name and address of the PERSON having custody of all records related to the matter.

**ANSWER: Defendant states the following:**

    "NONE." Defendant reserves the right to supplement.

**INTERROGATORY NO. 11:** Have YOU been the subject of any federal or state governmental investigation or inquiry for failure to comply with federal or state laws concerning payment of wages and overtime, including but not limited to the FLSA? If so, for each such investigation or inquiry, please provide(i) The date of the investigation or inquiry; (j) The entity and/or governmental agency involved; (k) The job titles or class of employees involved; (1) The DOCUMENTS sent to the governmental agency; and (m) The DOCUMENTS received from the governmental agency.

**ANSWER: Defendant states the following:**

    "NONE." Defendant reserves the right to supplement.

**INTERROGATORY NO. 12:** Do YOU claim that any "good faith" defense may be applicable to one or more claims made against YOU in this matter? If so, please state the exact reason or reasons for YOUR contention. A "good faith" defense, as used in this interrogatory, includes those defenses set forth in sections 10 and 11 of the Portal to Portal Act, 29 U.S.C. §§ 259(a), 260.

**ANSWER: Defendant states the following:**

"<u>Need clarification on 'good faith.'" All plaintiffs were paid as salaried employees based on an agreed hourly rate which was multiplied by 80 hours. Plaintiffs were not encouraged to work overtime as they were being paid as salaried employees. Plaintiffs only worked extra hours if time was missed during the regular course of the work week for reasons such as personal appointments, unpaid vacation, or sick time. Defendant reserves the right to supplement</u>.

**INTERROGATORY NO. 13:** Do YOU claim that any classification, "good faith" defense, or policy or procedure regarding the payment of wages and overtime to PLAINTIFFS was undertaken on the advice of legal counsel? If so, please provide the following: (a) The IDENTITY of all officers or employees relying upon advice of legal counsel; (b) The IDENTITY of legal counsel upon whose advice YOU relied; (c) The date and subject of all meetings and communications with YOUR legal counsel related to the claim, as well as the IDENTITY of all PERSONS present or involved; and (d) The IDENTITY of all DOCUMENTS related to YOUR reliance on legal counsel. A "good faith" defense, as used in this interrogatory, includes those defenses set forth in sections 10 and 11 of the Portal to Portal Act, 29 U.S.C. ?? 259(a), 260.

**ANSWER: Defendant states the following:**

"<u>Need clarification on 'good faith.'" All plaintiffs were paid as salaried employees based on an agreed hourly rate which was multiplied by 80 hours. Plaintiffs were not encouraged to work overtime as they were being paid as salaried employees. Plaintiffs only worked extra hours if time was missed during the regular course of the work week for reasons such as personal appointments, unpaid vacation, or sick time. Defendant reserves the right to supplement</u>.

**INTERROGATORY NO. 14:** Please explain in detail how YOU kept track of PLAINTIFFS' time worked and who was in charge of tracking their time. YOUR answer should include whether and how YOU calculated any premium pay for hours worked over 40 in a workweek.

**ANSWER: Defendant states the following:**

<u>Time tracking was not used until January 2023.</u>

<u>Prior to January 2023 there was no official tracking.</u>

<u>There was no need to track hours over 40 because the plaintiffs were not working extra hours unless they had previously missed time during their regular schedule due to sick days, unpaid vacation days or personal appointments, school events, etc.</u>

<u>Megan Louvin was the supervisor for the plaintiffs.</u>

**INTERROGATORY NO. 15:** For each job held by each PLAINTIFF during the time each PLAINTIFF performed work for YOU: (a). IDENTIFY the job title; (b). IDENTIFY the dates during which such job was held and the rates of compensation for each job; and (c). DESCRIBE the job duties and identify what you consider to be the primary duty (i.e., the principal, main, major or most important duty) for each such job, including in your answer how much time (expressed as a percent) each PLAINTIFF was engaged in that primary duty.

**ANSWER: Defendant states the following:**

**Tiffany Vasquez -** Title Specialist - job held from Oct 22 to May 23 salary was $1440 semi-monthly:

Primary duty; process and research titles, prep incoming car deals to assist with deal funding = 90%.

**Briana Balderas -** Funding Specialist - job held from Aug 22 to May 23 salary was $1600 semi monthly.

Primary duty; communicate with lenders to facilitate funding, obtain additional documents needed = 100%

**Natalie Anderson -** Title Specialist - job held from April 22 to Oct 22 salary was $1520 semi monthly.

Primary duty; process and research titles = 90% assist with addt'l office duties as time allowed.

Admin Asst - job held from Oct 22 to May 23 salary was $1680 semi monthly.

Primary duty; funding car deals via dealer software and warranty cancellations = 70% assist new title specialist as needed, quick books entry, receive cash down payments, process CC down payments, prepare deposits, process warranty cancellations.

**INTERROGATORY NO. 16:** If YOU contend that any of the jobs identified in Interrogatory NO. 14 are exempt from the overtime provisions of the FLSA, then identify each exemption upon which YOU rely, and describe all tasks each PLAINTIFF performed that support YOUR contention that such job is exempt.

**ANSWER: Defendant states the following:**

"Need clarification on 'exemptions.'" Defendant reserves the right to supplement.

**INTERROGATORY NO. 17:** Identify the individual(s) who determined that each PLAINTIFF was exempt from the overtime provisions of the FLSA, identify when the decision to classify each PLAINTIFF as exempt was made, and identify all documents reviewed and/or individuals consulted prior to deciding each PLAINTIFF was exempt.

**ANSWER: Defendant states the following:**

"Need clarification on 'exemption from the overtime provisions.'" Defendant reserves the right to supplement.

**INTERROGATORY NO. 18:** Please state whether and how each PLAINTIFF took any actions or had any responsibilities with respect to matters considered significant by DEFENDANT in the performance of each PLAINTIFF's job duties and how often, on a workweek by workweek basis, each PLAINTIFF engaged in such activity.

**ANSWER: Defendant states the following:**

**Natalie Anderson Significant duties:** Preparing and balancing all cash deposits. Deposits were made roughly every 10-14 days receiving customers payment in the form of cash or CC - this was daily, but sporadic.

**Briana Balderas Significant duties:** Communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - this was 100% of her job.

**Tiffany Vasquez Significant duties:** Processing titles in an accurate and timely manner, researching rejected titles - this was 100% of her job.

**INTERROGATORY NO. 19:** Please describe with particularity all of the ways in which each PLAINTIFF exercised discretion and independent judgment with respect to matters considered significant by DEFENDANT in the performance of each PLAINTIFF'S job duties and how often, on a workweek-by-workweek basis, each PLAINTIFF engaged in such activity.

**ANSWER: Defendant states the following:**

**Natalie Anderson** - She was able to inform the owner when a deposit was needed due to the amount of payments that had been taken in. Anderson was responsible for handling cash down payments. Anderson was also responsible for accounting for downpayments submitted by customers and deposit the cash down payments in Defendants' bank accounts.

**Briana Balderas** - She was able to speak with managers or sales associates in order to obtain documents requested by the banks.

**Tiffany Vasquez** - She was able to determine when titles should be taken in order to avoid civil-penalties.

**INTERROGATORY NO. 20:** Please describe with particularity all of the ways in which each PLAINTIFF had authority to formulate, affect, interpret or implement management or operating practices of DEFENDANT in the performance of each PLAINTIFF's job duties and how often, on a workweek-by-workweek basis, each PLAINTIFF engaged in such activity.

**ANSWER: Defendant states the following:**

Plaintiffs did not have authority to operate outside of their stated job duties as trained.

Plaintiff did not have authority to implement management or operating procedures without prior discussion or approval from management. Plaintiffs had some authority to implement management and operating procedures within their duties and communications with Defendants' customers and vendors.

Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account.

**INTERROGATORY NO. 21:** Please state how each PLAINTIFF had the authority to waive or deviate from established policies and procedures of DEFENDANTS without prior approval and how often (on a workweek by workweek basis) such waiver or deviation occurred.

**ANSWER: Defendant states the following:**

Plaintiffs were not given the authority to waive or deviate from established policies and procedures.

**INTERROGATORY NO. 22:** Please state how each PLAINTIFF had the authority to negotiate and bind DEFENDANTS on matters considered significant by DEFENDANT and how often (on a workweek by workweek basis) each PLAINTIFF did, in fact, negotiate or bind DEFENDANT on such matters.

**ANSWER: Defendant states the following:**

Plaintiffs had no such authority.

**INTERROGATORY NO. 23:** Please state how each PLAINTIFF had the authority to commit DEFENDANT in matters that could have a significant financial impact on DEFENDANT and how often (on a workweek by workweek basis) each PLAINTIFF did, in fact, commit DEFENDANT in matters that could have a significant financial impact on DEFENDANT.

**ANSWER: Defendant states the following:**

Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement.

Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement.

Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business. Defendants reserve the right to supplement.

**INTERROGATORY NO. 24:** Please provide the following for any investigation or report related to PLAINTIFFS' claim that YOU did not pay PLAINTIFFS overtime for any hours worked over forty in a workweek (this Interrogatory does not seek to discover information exempt from discovery by the work-product privilege and/or the attorney-client privilege): a) Identify the person or entity making the investigation or report; b) Identify who requested the investigation or report; and c) Identify and describe all documents, notes and/or tangible evidence collected or prepared in connection with or as a result of the investigation or report, and where those documents are currently located.

**ANSWER: Defendant states the following:**

**Bates Labeled Documents LOUVIN 00001 – 00167**. Defendants reserve the right to supplement.

**INTERROGATORY NO. 25:** IDENTIFY each and every employee, officer, owner and/or manager of YOURS, who, at any time during PLAINTIFF'S employment, had the authority to do any or all of the following: a) hire and/or fire PLAINTIFF; b) supervise and/or control PLAINTIFF's work schedule and/or conditions of employment or conditions of work; c) determine the rates or method of pay/compensation for PLAINTIFF; and d) control/maintain PLAINTIFF's employment records or work records.

**ANSWER: Defendant states the following:**

      **Megan Louvin** – direct supervisor.
      **Eric Louvin** – owner.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** § § § § | |
| *Plaintiff,* § § § | |
| § § | **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** § § § | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** § § § § | |
| *Defendant.* § § | |

---

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS (Anderson's Admissions)

---

TO: Plaintiff, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS' First Request for Admissions (Anderson's Admissions). Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

Kennard Law P.C.

By: _Eddie Hodges Jr._

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**

Texas Bar No.: 24036888
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

_Eddie R. Hodges Jr._

**Eddie Hodges, Jr.**

## REQUEST FOR ADMISSIONS
### *(Anderson's Admissions)*

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**RESPONSE: Defendant states the following:**

> **DENY.** Accurate records were not kept until January of 2023.  All employees were on the honor system and were only asked to text or call at least 30 minutes ahead if they were going to be more than 5 minutes late.  They were also asked to email the supervisor if any time off was needed for personal reasons so that there would be a record of the request. It was reported to management that one or more of the plaintiffs were not arriving to work on time and a web-based software was installed for accountability in early Jan 2023.
> .

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendants did not make the records required by 29 U.S.C. ? 211(c) and 29 C.F.R. ? 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**RESPONSE: Defendant states the following:**

> **DENY**. *See* **Bates Labeled Docs. LOUVIN 00034 – 00071; 160-167**.

**REQUEST FOR ADMISSION NO. 4:** Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Hours were tracked on a web based time tracking system beginning January 2023.

**REQUEST FOR ADMISSION NO. 5:** If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**RESPONSE: Defendant states the following:**

> **DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-

penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff did not have the authority to commit Defendants financially.

**RESPONSE: Defendant states the following:**

**ADMIT IN PART.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO.  10:** Admit that Plaintiff did not solicit business for Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**RESPONSE: Defendant states the following:**

> **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**RESPONSE: Defendant states the following:**

> **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**RESPONSE: Defendant states the following:**

> **DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff did not represent Defendants in handling complaints.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiff did not represent Defendants in resolving grievances.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 23:** Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 24:** Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement

**REQUEST FOR ADMISSION NO. 25:** Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

    **ADMIT IN PART**. Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 26:** Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 27:** Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**RESPONSE: Defendant states the following:**

> **DENY**.

**REQUEST FOR ADMISSION NO. 28:** Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 29:** Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 30:** Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** §<br>§<br>§<br>§ | |
| *Plaintiff*, §<br>§<br>§<br>§ | |
| §<br>§ | **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** §<br>§ | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** §<br>§<br>§<br>§ | |
| *Defendant.* §<br>§ | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS (Vasquez's Admissions)**

---

TO: Plaintiff, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS' First Request for Admissions (Vasquez's Admissions). Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

Kennard Law P.C.

By: _Eddie Hodges Jr._

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**

Texas Bar No.: 24036888
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Eddie Hodges, Jr.**

## REQUEST FOR ADMISSIONS
### *(Vasquez's Admissions)*

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**RESPONSE: Defendant states the following:**

> **DENY.** Accurate physical records were not kept until January 2023.  Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work.  Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendants did not make the records required by 29 U.S.C. ? 211(c) and 29 C.F.R. ? 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART**. *See* **Bates Labeled Docs. LOUVIN 00134 – 00159**.

**REQUEST FOR ADMISSION NO. 4:** Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Hours were tracked on a web based time tracking system beginning January 2023.

**REQUEST FOR ADMISSION NO. 5:** If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**RESPONSE: Defendant states the following:**

    **DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff did not have the authority to commit Defendants financially.

**RESPONSE: Defendant states the following:**

<u>**ADMIT IN PART.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.</u>

**REQUEST FOR ADMISSION NO. 10:** Admit that Plaintiff did not solicit business for Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**RESPONSE: Defendant states the following:**

> **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**RESPONSE: Defendant states the following:**

> **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**RESPONSE: Defendant states the following:**

> **DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff did not represent Defendants in handling complaints.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiff did not represent Defendants in resolving grievances.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 23:** Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 24:** Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 25:** Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 26:** Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 27:** Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**RESPONSE: Defendant states the following:**

    **DENY**.

**REQUEST FOR ADMISSION NO. 28:** Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 29:** Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 30:** Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** §§§§§§ | |
| *Plaintiff,* §§§ | |
| | §§ **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** § | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** §§§§§ | |
| *Defendant.* §§§ | |

---

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS (Baladera's Admissions)

---

TO: Plaintiff, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS' First Request for Admissions (Baladera's Admissions). Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

Kennard Law P.C.

By: *Eddie Hodges Jr.*

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**

Texas Bar No.: 24036888
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Eddie Hodges, Jr.**

## REQUEST FOR ADMISSIONS
### *(Baladera's Admissions)*

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**RESPONSE: Defendant states the following:**

   **DENY.** Accurate physical records were not kept until January 2023.  Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work.  Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendants did not make the records required by 29 U.S.C. ? 211(c) and 29 C.F.R. ? 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**RESPONSE: Defendant states the following:**

   **DENY**. *See* **Bates Labeled Docs. LOUVIN 00087 – 00115.**

**REQUEST FOR ADMISSION NO. 4:** Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**RESPONSE: Defendant states the following:**

   **ADMIT IN PART.** Hours were tracked on a web based time tracking system beginning January 2023.

**REQUEST FOR ADMISSION NO. 5:** If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**RESPONSE: Defendant states the following:**

**ADMIT.**

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**RESPONSE: Defendant states the following:**

**ADMIT.**

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**RESPONSE:**

**DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff did not have the authority to commit Defendants financially.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 10:** Admit that Plaintiff did not solicit business for Defendants.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**RESPONSE: Defendant states the following:**

    **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**RESPONSE: Defendant states the following:**

    **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**RESPONSE: Defendant states the following:**

    **DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff did not represent Defendants in handling complaints.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiff did not represent Defendants in resolving grievances.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 23:** Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 24:** Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 25:** Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

    **ADMIT IN PART**. Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 26:** Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

**ADMIT IN PART.** Accurate physical records were not kept until January 2023.  Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work.  Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 27:** Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**RESPONSE: Defendant states the following:**

    **DENY.**.

**REQUEST FOR ADMISSION NO. 28:** Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement..

**REQUEST FOR ADMISSION NO. 29:** Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 30:** Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

# EXHIBIT C

# R&L Certified Auto Group

### 11723 IH 35N, San Antonio, TX 78233

### 5631 NW Loop 410 San Antonio, TX 78238

04/04/2022

Natalie Anderson
210-760-4881
Nsgutierrez2003@yahoo.com

Dear Natalie

We are pleased to offer you the full-time position of Title Clerk at Ruiz and Louvin Enterprises with a start date of 4/6/2022.  You will be reporting directly to Megan Louvin at our Corporate Business Office, located at 5631 NW Loop 410, San Antonio, TX 78238. We believe your skills and experience are an excellent match for our company.

In this role, you will be required to maintain the titling of vehicles sold at all locations. You will also be responsible for research of missing titles and maintenance of missing inspections.  You will liaise with Sales Managers, Sales staff, the General Manager and Owner of the company. While these will be the main focus of your position, you will also be given an opportunity to learn various other duties in the business office, should you choose to improve your standing in the Company.

LOUVIN 00006

The starting wage for this position is $19 per hour, to be paid on a semi-monthly basis by check, starting on 4/25/2022. In addition to this starting salary, we're offering the following benefits:

- Off on all major holidays ie: New Year's Day, Labor Day, etc.
- Thanksgiving will range from 3-5 days off
- Christmas will range from 3-5 days off
- 1 week paid vacation after completing one (1) year of employment
- Medical and Dental available after 60 days of employment
- Christmas Savings available after 90 days of employment

Your employment with Ruiz and Louvin Enterprises will be on an at-will basis, which means you and the company are free to terminate the employment relationship at any time for any reason. This letter is not a contract or guarantee of employment for a definitive period of time.

Please confirm your acceptance of this offer by signing and returning this letter by April 6, 2022.

We are excited to have you join our team! If you have any questions, please feel free to reach out at any time.

Sincerely,

Megan Louvin
Office Manager

Signature: _____

Printed Name: _N. Anders_____

Date: _4.6.22_____

*Title Clerk*

*Fri @ 2PM*

*Asking $20*

*nlgutierrez2003@yahoo.com*



# Natalie Anderson

San Antonio, TX
natalieanderson863_eob@indeedemail.com
+1 210 760 4881

Seeking a challenging and rewarding career in a diverse environment where my strong work ethic, education and expertise can be used to help promote the company mission and exceed team goals.

## Work Experience

### Title Clerk/Wholesale Clerk
Boerne Dodge Chrysler Jeep Ram - San Antonio, TX
August 2021 to March 2022

Titled new, used and wholesale vehicles daily with a volume of 200-250 cars monthly
Issued payments to lien holders daily
Issued payments for purchased vehicles including dealer trades
Reconciled TT&L, wholesale and lien holder schedules daily
Ensured all wholesale and dealer trade titles were mailed out in a timely fashion
Assisted Finance with any title questions, title paperwork questions including out of county and out of state
Followed up on lien holder titles
Applied for duplicate Texas titles and out of state titles
Worked many projects assisting with inventory and floor plans
Worked directly with wholesalers to ensure payments were received for sold units and titles received for purchase units

### Title Specialist/Accounts Payable and Receivable
Gunn Automotive Group - San Antonio, TX
August 2019 to April 2021

Execute payoffs for auto loans
Ensure all title paperwork is negotiable and ready to be submitted for titling
Process and verify all payments submitted to business office
Pay monthly bills for dealership and follow up on past due invoices
Review and update monthly reports regarding revenue, cost, debits and credits
Reconcile accounts daily

### Copart Auto Auctions, Title Resolution Manager
August 2015 to June 2019

• Ensure all title documents received were negotiable and transferable
• Send title documents daily to salvage yard
• Complete an Excel manifest daily to track all documents going to the various yards
• Process and respond to email requests daily from internal and external customers regarding title problems, errors or corrections
• Sort and distribute FedEx and mail daily to the team
• Assist with alternate disposal of vehicles due to title problems or errors

• Audit files to confirm all necessary documents received, title transfer and sale of vehicles completed
• Organize and schedule meetings
• Organize office operations and procedures
• Analyze and review special projects and provide information to upper management and Client
• Maintain a positive and growing relationship with Client
• Make sure Client is up to date on all changes; offering new products and services that would increase their profits and reduce cycle time

## Auditor
Red McCombs Partners
2013 to 2015

• Audited and processed all paperwork needed for purchasing a vehicle
• Ensured all deals had necessary signature for title processing including transfer of ownership
• Submitted all payments for deals to billing department
• Ran daily reports to see how many deals were pending at the dealership
• Contacted finance managers to confirm which deals were rejected and what paperwork was needed to correct the rejection
• Point of contact for finance managers and general managers at dealerships
• Reviewed and audited rebate paperwork and sent out weekly reports regarding rebates
• Allocated tasks and duties to the department
• Ensure security, integrity and confidentiality of data, sensitive information

## Customer Relation Specialist
The Hartford
2012 to 2013

• Served as primary point of contact for customers and insurance agents
• Responsible for providing high level support and assistance for both internal and external customers to ensure customer satisfaction and retention
• Supported financial operations by accepting customer payment to ensure positive account status
• Reviewed billing transactions for discrepancies; proactively implemented appropriate resolutions to ensure accuracy of all invoices/accounts
• Communicated with customers to provide proof of insurance and institute policy changes according to their individual needs and or specifications
• Handled customer inquiries and complaints
• Assessed customer's risk profile and offered additional coverages and products as needed
• Aided customers regarding their coverages, limits and benefits of policy
• Added/removed and explained endorsements as needed
• Offered, rated and quoted new business or policy changes
• Assisted with policy rewrites and cancellations

Skills

• Debits & Credits
• Title Processing
• QuickBooks
• Account Reconciliation

LOUVIN 00009

## Additional Information

Skills

Microsoft Office, Excel, PowerPoint, 65 WPM, answering multi phone lines, payroll and records, meeting planner, medical coding, medical terminology, proficient in email communication and excellent customer service, people skills, strong leadership skills, able to work under pressure, adaptable, great critical thinking and problem-solving skills. I can either be a self-motivator or work with a team.

**LOUVIN 00010**

04/20/2022

NATALIE ANDERSON

# Kolbe A™ Index Result

## CONGRATULATIONS NATALIE

### You Got a Perfect Score on the Kolbe A™ Index

You are excellent in situations that require strategic organization of information. You set priorities and put them into appropriate sequences. Your talent with both strategies and tactics makes you essential to any massive effort.

## Kolbe Action Modes®



©1997-2022 Kathy Kolbe. All rights reserved.

How do we know this? You told us when you completed the Kolbe A™ Index. Our proprietary algorithm sorted out your answers and came up with the pattern of your MO (Modus Operandi).

*Your Kolbe result is so individualized, only 5% of the population is likely to have one just like it.*

Kolbe A Result - experience it online at kolbe.com/login with audio.

LOUVIN 00011

*July 6, 2022*

# R&L Certified Auto Group Christmas Savings Plan

## Guidelines and Enrollment for Salaried and Hourly Employees

### 2022

Overview:                              JUN 2 4 2022

The Christmas Savings Account Plan is designed to help employees set money aside for holiday spending and allow them to earn an employer contributed amount equal to their contribution.

Guidelines:

Employee Eligibility:  An employee must complete 3 months of continuous employment to be eligible for enrollment.

Employee Contribution:  Upon enrollment the employee may contribute up to 5% of their Gross Pay.  This amount IS NOT a pre-tax contribution and will not lower the amount the employee pays in taxes.  These amounts will be deducted from the employee's paycheck.  The employee will designate the percentage to be deducted below.

1% _____     2% _____     3% _____     4% _____     5% _____     Flat Amt. _50.00_

Employer Contribution:  R&L Auto Group will match the contribution, of any employee who qualifies under the eligibility guidelines listed above, up to $600.

Termination Guidelines:  If an employee is terminated from, or voluntarily ends their employment with R&L Auto Group, before the date of distribution, the employee will receive only the amounts deducted from the employee's wages.  At the time of termination, or voluntary separation, the employee will not receive any employer contributed amounts.

By signing below I, _Natalie Anderson_ agree to the terms of participation in the R&L Certified Auto Group Christmas Savings Plan.

_4.11.2022_

Date                                                       Signature

**LOUVIN 00012**

# Job Duties/Expectations for:

# Title Specialist

This position is integral to the company due to the time sensitive nature of titling vehicles. Titling vehicle outside of the State guidelines can incur penalties with the State and cost the company money. Titling the vehicles out of compliance with a dealer agreement can cause the Lender to cancel the vehicle contract and could result in the repurchase of the vehicle. Titling vehicles outside of compliance can also result in the Lender withholding funding according to the dealer agreement and the parameters of our "title float". In light of this, we have set forth the following duties and expectations for an individual occupying the position of Title Specialist.

## Duties:

Fill out appropriate title paperwork accurately, and in accordance with State guidelines

Maintain the deals waiting for titles or inspections in an orderly fashion and in a location that can be accessed by others in the business office who may need to use the deal jacket.

Maintain license plates in an orderly fashion in a location that can be accessed by others in the business office who may need to hand out the plates.

Maintain the Trade/Purchase Unit payoff book and keep in a location that can be accessed by others in the business office who would need to use the binder.

Work with and answer questions that managers may have regarding titling issues, whether in State or out of state.

Maintain the outstanding Inspection Spreadsheet and communicate with managers and sales staff regarding missing inspections.

Conduct research on outstanding titles from the floor plan company or banks that were sent payoff checks from trade vehicles.

Communicate directly with management if a problem lingers and we are nearing the date when we will be out of compliance with the State or a lender.

Conduct research for any vehicles that may need to be titled out of state.

Populate the titling spreadsheet once plates have been returned. Make the appropriate entries in Quickbooks in a timely manner.

Report white slips to lenders in a timely manner and in the format the lender requires.

Scan and email credit union white slips in timely manner and in the format the lender requires. Follow up as needed to be sure check is issued.

LOUVIN 00013

**Expectations:**

It is expected that the Title Specialist will perform the above duties with integrity and diligence.

The TS will perform research daily and weekly, as needed, and communicate effectively and immediately with management regarding any titling issues.

The TS will not make decisions, without consultation with management, that could affect the financial status of the Company, the Company's status with the floor plan company, the Company's status with a lender, or the status of the Company's dealer license with the State.

The TS will perform title and inspection status checks multiple times per week and communicate with management immediately when a missing title will put us out of compliance with the State, the floor plan company, or a lender.

The TS will follow up weekly with banks to whom a payoff check has been sent.  They will be sure that the payoff check has been received, that the amount is correct, that they have our correct address and determine if the title has been mailed or released electronically.  There should be notes written on the trade letter each time contact has been made with a bank.

The TS will process all outgoing title paperwork packets that are complete, within 2 working days of the deal being funded in IDMS.

The TS will process returning plates, prepare titling spreadsheet and make the appropriate entry into Quick Books, within 1 business day of receiving the white slip and plates from the title processing company.

It is expected that the TS will notify management if they have completed their duties and are in need of more work to do.

It is expected that the TS will help to maintain the integrity of the environment of the business office by working as a team with the management, their peers, with customers and with any business associate of the Company.

It is expected that the TS will report any and all misconduct that could potentially disrupt the team environment of the Company, or negatively affect the relationship of the sales staff or managers with a customer.

LOUVIN 00014

## Acknowledgements

Title Specialist

I have read and understood the duties and expectations of the Title Specialist position. I commit to the management that I will follow these to the best of my ability.  I further commit that, should I not understand these expectations or duties, I will discuss any, and all questions with my manager.

_____     *N. Anderson*     *5.6.22*
Signature                                        Print Name                                    Date

Supervisor

I acknowledge that these duties and expectations have been verbally discussed and given in written form to the above signed employee.  I further commit that I will support the position of Title Specialist with proper training, mentoring and support.  I also commit to helping to maintain the team atmosphere of the Company, and in particular the Business Office.

_____     *Megan Louvin*     *5/6/22*
Signature                                        Print Name                                    Date

## R&L CERTIFIED AUTO GROUP
## EMPLOYEE TIME-OFF REQUEST FORM

Today's Date: _5.31.2022_

Employee's Name: _Natali Anderson_

Store Location: _Boerne_

Time-Off Request Beginning on: _December 9, 2022_

Time-Off Request Ending on: _December 12, 2022_

**Reason for Request**

__ Vacation    __ Funeral / Bereavement    __ Jury Duty    __ Medical Reason

__ Personal Day    __ Other Reason:_____

All requests for time off must be submitted with at least 30 days notice. Time off will be taken with vacation time. If an employee does not have any vacation time the request time off will be without pay. All requests must be approved by the upper management team.

Employee's Signature: _____    Date: _5/31/2022_

_____

**Employer's Decision**

_✓_ Approved    __ Rejected

Employer's Signature: _____    Date: _6/21/22_

**LOUVIN 00018**

**R&L CERTIFIED AUTO GROUP**
**EMPLOYEE TIME-OFF REQUEST FORM**

Today's Date: 6/24/2022

Employee's Name: Natalie Anderson

Store Location: Garden

Time-Off Request Beginning on: ___ 7/5/22

Time-Off Request Ending on: ___ 7/6/22

Back to wk 7/7/22

**Reason for Request**

✓ Vacation   __ Funeral / Bereavement   __ Jury Duty   __ Medical Reason

__ Personal Day   __ Other Reason:_____

All requests for time off must be submitted with at least 30 days notice. Time off will be taken with vacation time. If an employee does not have any vacation time the request time off will be without pay. All requests must be approved by the upper management team.

Employee's Signature: _____ Date: 6/24/2022

_____

**Employer's Decision**

__ Approved __ Rejected

Employer's Signature: _____ Date: 6/24/22

**LOUVIN 00019**

## R&L CERTIFIED AUTO GROUP
## EMPLOYEE TIME-OFF REQUEST FORM

Today's Date: _8/31/2022_

Employee's Name: _Natalie Anderson_

Store Location: _Bandera_

Time-Off Request Beginning on: _11-11-22_

Time-Off Request Ending on: _11-14-22_

**Reason for Request**

✓ Vacation ___ Funeral / Bereavement ___ Jury Duty ___ Medical Reason

___ Personal Day ___ Other Reason: _____

All requests for time off must be submitted with at least 30 days notice. Time off will be taken with vacation time. If an employee does not have any vacation time the request time off will be without pay. All requests must be approved by the upper management team.

Employee's Signature: _____ Date: _8/31/2022_

**Employer's Decision**

___ Approved ___ Rejected

Employer's Signature: _____ Date: _8/31/22_

**LOUVIN 00020**

**R&L CERTIFIED AUTO GROUP**
**EMPLOYEE TIME-OFF REQUEST FORM**

Today's Date: _9/27/2022_

Employee's Name: _Natalie Anderson_

Store Location: _Bandera_

Time-Off Request Beginning on: _10/31/2022_

Time-Off Request Ending on: _10/31/2022_

**Reason for Request**

__ Vacation    __ Funeral / Bereavement    __ Jury Duty    __ Medical Reason

__ Personal Day    ✓ Other Reason: _Cowboys v Bears @ Dallas_

All requests for time off must be submitted with at least 30 days notice. Time off will be taken with vacation time. If an employee does not have any vacation time the request time off will be without pay. All requests must be approved by the upper management team.

Employee's Signature: _____    Date: _9/27/2022_

_____

**Employer's Decision**

_ Approved    __ Rejected

Employer's Signature: _____    Date: _9/27/22_

**LOUVIN 00021**

# R&L Certified Auto Group

## Written Discipline Notice

Employee Name __Natalie Anderson__     Date of Notice __10/24/22__

Department __Business Office__     Date of Incident __10/20/22__

___ Verbal
_X_ Written Warning
___ Suspension     From _____ to _____
___ Discharged     Effective Date _____

Reason for warning of discipline. (check one)
_✓_  1. Violation of or failure to observe:
   _✓_  a. Work rules
   ___  b. Work procedures

___  2. Insubordination

___  3. Tardiness, Absenteeism, Failure to report for work

___  4. Under the Influence of and/or possession of drugs or alcohol

___  5. Dishonesty

___  6. Failure to observe proper safety procedures

___  7. Failure to complete work assignment

___  8. Discourtesy or verbal abuse of guest or other employee

___  9. Damage or misuse of company property

___  10. Unauthorized removal from company premises of company property

___  11. Physical or verbal assault and/or fighting

___  12. Other (specify in remarks section)

LOUVIN 00022

Remarks:  Explain reasons for warning or discipline, including specific details of incident or violation:
- Include any prior warning(s) whether verbal or written.

Natalie sent a text message to Eric & Megan on 10/20/22 at 7:57am stating that she would not be in until 12 or 1pm. There was no explanation given as to the reason for the late arrival. Natalie did text about being late, however there should have been a reason given if she was going to be more than just a few minutes late.

Action to be taken by employee and supervisor:

**Supervisor**

This is a written notice. Natalie has been given a verbal request, and also a ~~notice~~ verbal notice regarding ~~being~~ arriving after her scheduled start time.

**Employee**

Will provide a text message or phone call with a valid reason for arriving past her scheduled arrival time.

I hereby acknowledge receipt of a copy of this discipline form.

_____
Employee's Signature

Date  10/24/22

_____
Supervisor's Signature

Date  10/24/22

cc: Employee
    Employee File

**LOUVIN 00023**

# R&L Certified Auto Group

## Written Discipline Notice

Employee Name _Natalie Anderson_   Date of Notice _10/24/22_

Department _Business Office_   Date of Incident _10/24/22_

___ Verbal
_X_ Written Warning
___ Suspension   From _____ to _____
___ Discharged   Effective Date _____

Reason for warning of discipline. (check one)
_✓_ 1. Violation of or failure to observe:
    _✓_ a. Work rules
    ___ b. Work procedures

___ 2. Insubordination

___ 3. Tardiness, Absenteeism, Failure to report for work

___ 4. Under the Influence of and/or possession of drugs or alcohol

___ 5. Dishonesty

___ 6. Failure to observe proper safety procedures

___ 7. Failure to complete work assignment

___ 8. Discourtesy or verbal abuse of guest or other employee

___ 9. Damage or misuse of company property

___ 10. Unauthorized removal from company premises of company property

___ 11. Physical or verbal assault and/or fighting

_X_ 12. Other (specify in remarks section)

LOUVIN 00024

Remarks:  Explain reasons for warning or discipline, including specific details of incident or violation:
- Include any prior warning(s) whether verbal or written.

Natalie arrived late to work today. Natalie also took lunch today that was longer than 1 hour without prior authorization from her manager.

She also sent a text that she would be taking a long lunch on 10/25 and would leave at 1045 and be gone

Action to be taken by employee and supervisor: approve "2 hours or so"

**Supervisor**

Natalie did not ask for approval, merely stated she would be gone and would make up her time later. Again there is no explanation for the absence.

**Employee**

This is a second written notice for failure to adhere to her work schedule or provide a reason why she was deviating from her scheduled hours

Employee will adhere to her scheduled hours. If time is needed to attend appointments or personal time, it needs to be discussed and not given as information. Late starts or long lunches need to be approved by a manager.

I hereby acknowledge receipt of a copy of this discipline form.

_____
Employee's Signature

_____
Date    10/26/22

_____
Supervisor's Signature

_____
Date    10/24/22

cc:  Employee
     Employee File

**Absence Request**



# R & L Certified Auto Group

R & L
CERTIFIED AUTO GROUP
(210) 314-4774

## Absence Information

Employee Name: _Natalie Anderson_

Employee Number: _____

Department: _Business office_

Manager: _____

Type of Absence Requested:

☐ Sick      ☐ Vacation      ☐ Bereavement      ☑ Time Off Without Pay

☐ Military      ☐ Jury Duty      ☐ Maternity/Paternity      ☐ Other

Dates of Absence: From: _Feb 14, 2023 (Tuesday)_ To: _Feb 17, 2022 (Friday)_

Reason for Absence:

_Universal Studios_

*You must submit requests for absences, other than sick leave, two days prior to the first day you will be absent.*

_____            _12/5/2022_

*Employee Signature*                          *Date*

## Manager Approval

☒ Approved

☐ Rejected

Comments: _MUST USE ONE of VACATION DAYS AVAILABLE IN April AFTER Ann. DATE_

_____            _1/17/2023_

*Manager Signature*                          *Date*

**LOUVIN 00026**

**Absence Request**



# R & L Certified Auto Group

R & L
CERTIFIED AUTO GROUP
(210) 314-4774

## Absence Information

Employee Name: *Natalie Anderson*

Employee Number: _____

Department: *Business office*

Manager: _____

Type of Absence Requested:

☐ Sick          ☐ Vacation          ☐ Bereavement          ☑ Time Off Without Pay

☐ Military      ☐ Jury Duty         ☐ Maternity/Paternity   ☐ Other

Dates of Absence: From: *May 18, 2022*          To: *May 23, 2022*

Reason for Absence:

*EDC*

*You must submit requests for absences, other than sick leave, two days prior to the first day you will be absent.*

_____

Employee Signature                                          *12/5/2022*
                                                            Date

## Manager Approval

☒ Approved     *MusT USE Vacation DrAys thAT*
☐ Rejected     *Become AvAilAble in April.*

Comments:

_____

Manager Signature                                          *1/17/2023*
                                                            Date



Employee Vacation/Personal Time Off Policy

2023

The following is the vacation and personal time off policy for R&L Certified Auto Group, and it applies to all personnel, which includes hourly, salary, and commission-based employees.

## Vacation (paid and non-paid)

All employees who have completed one year of employment are eligible to take paid vacation. However, there are a few parameters.

- All time off must be submitted in writing at least 30 days in advance
- If an employee does not have available vacation time, they may submit a request for unpaid vacation days.
- A written request that is submitted within the appropriate time frame is not a guarantee of approval
- All requests must be submitted through your immediate supervisor and all requests must be approved by Eric Louvin.

## Personal Time Off Requests

An employee who needs to take time off for personal reasons like Doctor's appointments, school events, or family events, etc. will need to speak directly to their immediate supervisor and the following parameters will apply.

- The employee will need to speak with their supervisor as soon as the need for time off becomes known
- Personal time off requests need to be tendered within at least 24 hours prior to when the time off is needed
- The request may need to be approved by Eric Louvin
- The employee will need to discuss how the time will be made up ie: work through lunch, work late, or forfeit their normal day off.

**LOUVIN 00028**

A request that is submitted within the appropriate time frame is not a guarantee of approval

Please remember that ALL requests are subject to approval regardless of the time off available.  Please do not make travel reservations or appointments until your request has been cleared by your supervisor and/or approved by Eric Louvin.

We understand that situations arise that may not meet the 30 day or 24 hour required window.  You will need to submit your request at the earliest opportunity.  Each situation will be considered individually and again, <u>a written request does not guarantee approval.</u>

_Natalie R Anderson_

Printed Name

_(signature)_

Signature

# R&L Certified Auto Group Christmas Savings Plan

## Guidelines and Enrollment for Salaried and Hourly Employees

## 2023

Overview:

The Christmas Savings Account Plan is designed to help employees set money aside for holiday spending and allow them to earn an employer contributed amount equal to their contribution.

Guidelines:

Employee Eligibility:  An employee must complete 3 months of continuous employment to be eligible for enrollment.

Employee Contribution:  Upon enrollment the employee may contribute up to 5% of their Gross Pay.  This amount IS NOT a pre-tax contribution and will not lower the amount the employee pays in taxes.  These amounts will be deducted from the employee's paycheck.  The employee will designate the percentage to be deducted below.

1% _____    2% _____    3% _____    4% _____    5% _____    Flat Amt. _$50 per Check_

Employer Contribution:  R&L Auto Group will match the contribution, of any employee who qualifies under the eligibility guidelines listed above, up to $600.

Termination Guidelines:  If an employee is terminated from, or voluntarily ends their employment with R&L Auto Group, before the date of distribution, the employee will receive only the amounts deducted from the employee's wages.  At the time of termination, or voluntary separation, the employee will not receive any employer contributed amounts.

By signing below I, ___ _Natalie Anderson_ ___agree to the terms of participation in the R&L Certified Auto Group Christmas Savings Plan.

_Natalie Anderson_
_____
Print Name

_1/3/2022_
_____
Date

_[signature]_
_____
Signature

RECEIVED

JAN 10 2023

**LOUVIN 00030**

 Gmail

Megan Louvin <rlacctpay@gmail.com>

---

**2/7/2023**
1 message

---

**R&L Titles** <rlautotitles@gmail.com>                                    Thu, Feb 2, 2023 at 3:29 PM
To: Megan Louvin <rlacctpay@gmail.com>

Hi,
On Tuesday, 2/7/23 I have my massage therapy appointment at 6pm, I will leave at 530.   I will work through my lunch on Monday and Tuesday to make up the time.  If that's okay with you.

--
*Respectfully,*
*Natalie Anderson*
*R&L Certified Auto Group*
*Title Specialist*
*210-775-5958*
*5631 NW Loop 410*
*SA, TX 78238*

Friday

From: R&L Titles (rlautotitles@gmail.com)

To:     meglou1966@yahoo.com

Date:  Wednesday, March 8, 2023 at 02:49 PM CST

Hi,
Friendly reminder that I'll be leaving at 5 on friday to make my therapy appointment at 6pm.  I've made up the time by coming in early this week.

--
*Respectfully,*
*Natalie Anderson*
*R&L Certified Auto Group*
*Title Specialist*
*210-775-5958*
*5631 NW Loop 410*
*SA, TX 78238*

**LOUVIN 00032**

 Gmail

Megan Louvin <rlacctpay@gmail.com>

**Schedule Change 3/28-3-31**
1 message

**R&L Titles** <rlautotitles@gmail.com>
To: Megan Louvin <rlacctpay@gmail.com>

Mon, Mar 20, 2023 at 3:18 PM

Hi,
Per our discussion is it okay if I change my schedule to 9-5 Tuesday-Friday?

--
*Respectfully,*
*Natalie Anderson*
*R&L Certified Auto Group*
*Title Specialist*
*210-775-5958*
*5631 NW Loop 410*
*SA, TX 78238*



**LOUVIN 00033**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

**Employee Pay Stub**    Check number: 12830       Pay Period: 04/01/2022 - 04/15/2022       Pay Date: 04/25/2022

**Employee**                                                SSN
Natalie Anderson,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,216.00 | 1,216.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -73.00 | -73.00 |
| Social Security Employee | | | -75.39 | -75.39 |
| Medicare Employee | | | -17.63 | -17.63 |
| | | | -166.02 | -166.02 |

| Net Pay | | | 1,049.98 | 1,049.98 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00034**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | Check number: 12917 | Pay Period: 04/16/2022 - 04/30/2022 | Pay Date: 05/10/2022 |

**Employee**

Natalie Anderson, 2

**SSN**

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 2,736.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -182.00 |
| Social Security Employee | | | -94.24 | -169.63 |
| Medicare Employee | | | -22.04 | -39.67 |
| | | | -225.28 | -391.30 |

| Net Pay | | | 1,294.72 | 2,344.70 |

Powered by Intuit Payroll

LOUVIN 00035

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

███████████████████████

---

**Employee Pay Stub**       Check number: 13015        Pay Period: 05/01/2022 - 05/15/2022        Pay Date: 05/25/2022

**Employee**                                            SSN

Natalie Anderson, ██████████████████              ███████

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 4,256.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -291.00 |
| Social Security Employee | | | -94.24 | -263.87 |
| Medicare Employee | | | -22.04 | -61.71 |
| | | | -225.28 | -616.58 |
| **Net Pay** | | | **1,294.72** | **3,639.42** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC          Powered by **Intuit** Payroll

**LOUVIN 00036**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

**Employee Pay Stub**          Check number: 13086          Pay Period: 05/16/2022 - 05/31/2022          Pay Date: 06/10/2022

| Employee | | | | | SSN | |
|---|---|---|---|---|---|---|

Natalie Anderson, ~~3360 Leal St, San Antonio, TX 78207~~

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 5,776.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -400.00 |
| Social Security Employee | | | -94.24 | -358.11 |
| Medicare Employee | | | -22.04 | -83.75 |
| | | | -225.28 | -841.86 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Car Payment | | | -1,000.00 | -1,000.00 |

| Net Pay | | | 294.72 | 3,934.14 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00037**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson
2006 Leal St
San Antonio, TX 78207

---

**Employee Pay Stub**   Check number: 13183 | Pay Period: 06/01/2022 - 06/15/2022 | Pay Date: 06/24/2022

**Employee** | SSN
Natalie Anderson, 2006 Leal St, San Antonio, TX 78207 | ***-**-8504

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 7,296.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -509.00 |
| Social Security Employee | | | -94.24 | -452.35 |
| Medicare Employee | | | -22.04 | -105.79 |
| | | | -225.28 | -1,067.14 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Car Payment | | | | -1,000.00 |

| Net Pay | | | 1,294.72 | 5,228.86 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit** Payroll

LOUVIN 00038

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | | Check number: 13289 | | | Pay Period: 06/16/2022 - 06/30/2022 | Pay Date: 07/09/2022 |
|---|---|---|---|---|---|---|

**Employee**
Natalie Anderson,

**SSN**

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 8,816.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -618.00 |
| Social Security Employee | | | -94.24 | -546.59 |
| Medicare Employee | | | -22.04 | -127.83 |
| | | | -225.28 | -1,292.42 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -50.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,050.00 |

| Net Pay | | | 1,244.72 | 6,473.58 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00039

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson



| Employee Pay Stub | Check number: 13358 | Pay Period: 07/01/2022 - 07/15/2022 | Pay Date: 07/25/2022 |
|---|---|---|---|

**Employee**

Natalie Anderson,                                      **SSN**

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 10,336.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -727.00 |
| Social Security Employee | | | -94.24 | -640.83 |
| Medicare Employee | | | -22.04 | -149.87 |
| | | | -225.28 | -1,517.70 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -50.00 | -100.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,100.00 |
| **Net Pay** | | | **1,244.72** | **7,718.30** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00040**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | | Check number: 13446 | | | | Pay Period: 07/16/2022 - 07/31/2022 | Pay Date: 08/10/2022 |

**Employee**

SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 11,856.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -836.00 |
| Social Security Employee | | | -94.24 | -735.07 |
| Medicare Employee | | | -22.04 | -171.91 |
| | | | -225.28 | -1,742.98 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -150.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,150.00 |

| Net Pay | | | 1,244.72 | 8,963.02 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

LOUVIN 00041

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | | Check number: 13531 | | | Pay Period: 08/01/2022 - 08/15/2022 | | Pay Date: 08/25/2022 |

Employee

SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 13,376.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -945.00 |
| Social Security Employee | | | -94.24 | -829.31 |
| Medicare Employee | | | -22.04 | -193.95 |
| | | | -225.28 | -1,968.26 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -200.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,200.00 |

| Net Pay | | | 1,244.72 | 10,207.74 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00042

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson



---

**Employee Pay Stub**          Check number: 13608                      Pay Period: 08/16/2022 - 08/31/2022          Pay Date: 09/09/2022

Employee                                                               SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 14,896.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -1,054.00 |
| Social Security Employee | | | -94.24 | -923.55 |
| Medicare Employee | | | -22.04 | -215.99 |
| | | | -225.28 | -2,193.54 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -250.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,250.00 |

| Net Pay | | | 1,244.72 | 11,452.46 |
|---|---|---|---|---|

---

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00043

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson


| Employee Pay Stub | | Check number: 13691 | | | Pay Period: 09/01/2022 - 09/15/2022 | | Pay Date: 09/26/2022 |
|---|---|---|---|---|---|---|---|

Employee                                                            SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,520.00 | 16,416.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -109.00 | -1,163.00 |
| Social Security Employee | | | -94.24 | -1,017.79 |
| Medicare Employee | | | -22.04 | -238.03 |
| | | | -225.28 | -2,418.82 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -50.00 | -300.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,300.00 |
| **Net Pay** | | | **1,244.72** | **12,697.18** |

Powered by Intuit Payroll

**LOUVIN 00044**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

| Employee Pay Stub | Check number: 13749 | | Pay Period: 09/16/2022 - 09/30/2022 | Pay Date: 10/10/2022 |
|---|---|---|---|---|

Employee                                          SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 18,096.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -128.00 | -1,291.00 |
| Social Security Employee | | | -104.16 | -1,121.95 |
| Medicare Employee | | | -24.36 | -262.39 |
| | | | -256.52 | -2,675.34 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -350.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,350.00 |

| Net Pay | | | 1,373.48 | 14,070.66 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00045

R&L Certified Auto IH35
San Antonio, TX 78233



Natalie Anderson

| Employee Pay Stub | Check number: 13817 | Pay Period: 10/01/2022 - 10/15/2022 | Pay Date: 10/25/2022 |
|---|---|---|---|

| Employee | | SSN | |
|---|---|---|---|

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 19,776.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -128.00 | -1,419.00 |
| Social Security Employee | | | -104.16 | -1,226.11 |
| Medicare Employee | | | -24.36 | -286.75 |
| | | | -256.52 | -2,931.86 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Xmas Savings | -50.00 | -400.00 |
| Car Payment | | -1,000.00 |
| | -50.00 | -1,400.00 |

| Net Pay | 1,373.48 | 15,444.14 |
|---|---|---|

**LOUVIN 00046**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson
~~2006 Loch St~~

---

**Employee Pay Stub**          Check number: 13902          Pay Period: 10/16/2022 - 10/31/2022          Pay Date: 11/10/2022

**Employee**                                                                    SSN

N███████████████

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 21,456.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -128.00 | -1,547.00 |
| Social Security Employee | | | -104.16 | -1,330.27 |
| Medicare Employee | | | -24.36 | -311.11 |
| | | | -256.52 | -3,188.38 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -450.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,450.00 |

| Net Pay | | | 1,373.48 | 16,817.62 |
|---|---|---|---|---|

---

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00047**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

**Employee Pay Stub**        Check number: 13951        Pay Period: 11/01/2022 - 11/15/2022        Pay Date: 11/21/2022

Employee                                                    SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Company Match | | 450.00 | 450.00 | 450.00 |
| Salary | | | | 21,456.00 |
| | 0.00 | | 450.00 | 21,906.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | 0.00 | -1,547.00 |
| Social Security Employee | | | -27.90 | -1,358.17 |
| Medicare Employee | | | -6.53 | -317.64 |
| | | | -34.43 | -3,222.81 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | 450.00 | |
| Car Payment | | | | -1,000.00 |
| | | | 450.00 | -1,000.00 |

| Net Pay | | | 865.57 | 17,683.19 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC        Powered by **Intuit Payroll**

**LOUVIN 00048**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | | Check number: 13962 | | | Pay Period: 11/15/2022 - 11/15/2022 | | Pay Date: 11/25/2022 |
|---|---|---|---|---|---|---|---|

Employee

SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,344.00 | 22,800.00 |
| Company Match | | | | 450.00 |
| | | 0.00 | 1,344.00 | 23,250.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -88.00 | -1,635.00 |
| Social Security Employee | | | -83.33 | -1,441.50 |
| Medicare Employee | | | -19.49 | -337.13 |
| | | | -190.82 | -3,413.63 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -50.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,050.00 |

| Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| | | | 1,103.18 | 18,786.37 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00049**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | | Check number: 14023 | | Pay Period: 11/16/2022 - 11/30/2022 | | Pay Date: 12/09/2022 |

**Employee**                                                   **SSN**

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,260.00 | 24,060.00 |
| Company Match | | | | 450.00 |
| | 0.00 | | 1,260.00 | 24,510.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -78.00 | -1,713.00 |
| Social Security Employee | | | -78.12 | -1,519.82 |
| Medicare Employee | | | -18.27 | -355.40 |
| | | | -174.39 | -3,588.02 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -100.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,100.00 |

| Net Pay | | | 1,035.61 | 19,821.98 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

LOUVIN 00050

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

**Employee Pay Stub**       Check number: 14117           Pay Period: 12/01/2022 - 12/15/2022        Pay Date: 12/23/2022

Employee                                                  SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 25,740.00 |
| Company Match | | | | 450.00 |
| | 0.00 | | 1,680.00 | 26,190.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -128.00 | -1,841.00 |
| Social Security Employee | | | -104.16 | -1,623.78 |
| Medicare Employee | | | -24.36 | -379.76 |
| | | | -256.52 | -3,844.54 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -150.00 |
| Car Payment | | | | -1,000.00 |
| | | | -50.00 | -1,150.00 |

| Net Pay | | | 1,373.48 | 21,195.46 |
|---|---|---|---|---|

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson



VOID: Payroll Service funds recovered

---

**Employee Pay Stub**      Check number: 14193        Pay Period: 12/16/2022 - 12/31/2022        Pay Date: 01/10/2023

**Employee**                                          SSN

| Taxes | Current | YTD Amount | Memo |
|---|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 | VOID: Payroll Service funds recovered |
| Federal Withholding | 0.00 | 0.00 | |
| Social Security Employee | 0.00 | 0.00 | |
| Medicare Employee | 0.00 | 0.00 | |
| | 0.00 | 0.00 | |
| **Net Pay** | **0.00** | | |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00052**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson


---

**Employee Pay Stub**          Check number: 14203          Pay Period: 12/16/2022 - 12/31/2022          Pay Date: 01/10/2023

Employee                                                                        SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,176.00 | 1,176.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -63.00 | -63.00 |
| Social Security Employee | | | -72.91 | -72.91 |
| Medicare Employee | | | -17.05 | -17.05 |
| | | | -152.96 | -152.96 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -50.00 |

| Net Pay | | | 973.04 | 973.04 |

---

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit** Payroll

**LOUVIN 00053**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson



| Employee Pay Stub | Check number: 14288 | Pay Period: 01/01/2023 - 01/15/2023 | Pay Date: 01/25/2023 |
| --- | --- | --- | --- |

Employee                                                                    SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
| --- | --- | --- | --- | --- |
| Salary | | | 1,680.00 | 2,856.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -186.00 |
| Social Security Employee | | | -104.16 | -177.07 |
| Medicare Employee | | | -24.36 | -41.41 |
| | | | -251.52 | -404.48 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -50.00 | -100.00 |
| **Net Pay** | | | **1,378.48** | **2,351.52** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00054

R&L Certified Auto IH35
San Antonio, TX 78233


Natalie Anderson

| Employee Pay Stub | Check number: 14367 | Pay Period: 01/16/2023 - 01/31/2023 | Pay Date: 02/10/2023 |
|---|---|---|---|

**Employee**                                    SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,512.00 | 4,368.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -103.00 | -269.00 |
| Social Security Employee | | | -93.75 | -270.82 |
| Medicare Employee | | | -21.93 | -63.34 |
| | | | -218.68 | -623.16 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -150.00 |

| Net Pay | | | 1,243.32 | 3,594.84 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00055**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | Check number: 14453 | | Pay Period: 02/01/2023 - 02/15/2023 | Pay Date: 02/24/2023 |
|---|---|---|---|---|

**Employee** SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 6,048.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -412.00 |
| Social Security Employee | | | -104.16 | -374.98 |
| Medicare Employee | | | -24.36 | -87.70 |
| | | | -251.52 | -874.68 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -50.00 | -200.00 |
| **Net Pay** | | | **1,378.48** | **4,973.32** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00056**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson


| Employee Pay Stub | Check number: 14547 | | | Pay Period: 02/16/2023 - 02/28/2023 | | Pay Date: 03/10/2023 |

Employee                                                          SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,344.00 | 7,392.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -83.00 | -495.00 |
| Social Security Employee | | | -83.32 | -458.30 |
| Medicare Employee | | | -19.48 | -107.18 |
| | | | -185.80 | -1,060.48 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -250.00 |

| Net Pay | | | 1,108.20 | 6,081.52 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00057

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | Check number: 14638 | | Pay Period: 03/01/2023 - 03/15/2023 | Pay Date: 03/24/2023 |

Employee

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 9,072.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -618.00 |
| Social Security Employee | | | -104.16 | -562.46 |
| Medicare Employee | | | -24.36 | -131.54 |
| | | | -251.52 | -1,312.00 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -300.00 |

| Net Pay | | | 1,378.48 | 7,460.00 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | Check number: 14715 | Pay Period: 03/16/2023 - 03/31/2023 | Pay Date: 04/10/2023 |
|---|---|---|---|

| Employee | | SSN | |
|---|---|---|---|
| Natalie Anderson | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 10,752.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -741.00 |
| Social Security Employee | | | -104.16 | -666.62 |
| Medicare Employee | | | -24.36 | -155.90 |
| | | | -251.52 | -1,563.52 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -350.00 |

| Net Pay | | | 1,378.48 | 8,838.48 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

R&L Certified Auto IH35
San Antonio, TX 78233



Natalie Anderson

| Employee Pay Stub | Check number: 14803 | Pay Period: 04/01/2023 - 04/15/2023 | Pay Date: 04/25/2023 |
|---|---|---|---|

Employee

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 12,432.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -864.00 |
| Social Security Employee | | | -104.16 | -770.78 |
| Medicare Employee | | | -24.36 | -180.26 |
| | | | -251.52 | -1,815.04 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -50.00 | -400.00 |

| Net Pay | | | 1,378.48 | 10,216.96 |

R&L Certified Auto IH35
San Antonio, TX 78233



Natalie Anderson

| **Employee Pay Stub** | Check number: 14885 | | | Pay Period: 04/16/2023 - 04/30/2023 | Pay Date: 05/10/2023 |

Employee

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,680.00 | 14,112.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -987.00 |
| Social Security Employee | | | -104.16 | -874.94 |
| Medicare Employee | | | -24.36 | -204.62 |
| | | | -251.52 | -2,066.56 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -50.00 | -450.00 |
| **Net Pay** | | | **1,378.48** | **11,595.44** |

Powered by Intuit Payroll

**LOUVIN 00061**

R&L Certified Auto IH35
San Antonio, TX 78233

Natalie Anderson

| Employee Pay Stub | | Check number: 14974 | | | Pay Period: 05/01/2023 - 05/15/2023 | Pay Date: 05/25/2023 |

**Employee**

SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,176.00 | 15,288.00 |
| Vacation Pay | 3.00 | 168.00 | 504.00 | 504.00 |
| | 3.00 | | 1,680.00 | 15,792.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -123.00 | -1,110.00 |
| Social Security Employee | | | -104.16 | -979.10 |
| Medicare Employee | | | -24.36 | -228.98 |
| | | | -251.52 | -2,318.08 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | 450.00 | |

| Net Pay | | | 1,878.48 | 13,473.92 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

## R&L Certified Auto Group Sun Jan 1 – Tue Jan 31, 2023

## Natalie Anderson

Hire date 4/6/22

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon Jan 16 | Admin Assistant | $21.00/hr | 10:30 am - 6:30 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 17 | Admin Assistant | $21.00/hr | 10:30 am - 6:30 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Jan 18 | Admin Assistant | $21.00/hr | 10:30 am - 7:24 pm | 8.00 | 8.90 | 0.90 | 8.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Jan 19 | Admin Assistant | $21.00/hr | 10:32 am - 6:30 pm | 8.00 | 7.97 | -0.03 | 7.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Jan 20 | Admin Assistant | $21.00/hr | 10:27 am - 6:53 pm | 8.00 | 8.43 | 0.43 | 7.13 | 0.53 | 0.77 | 0.00 | 0.00 |
| Mon Jan 23 | Admin Assistant | $21.00/hr | 10:32 am - 7:00 pm | 8.00 | 8.47 | 0.47 | 8.47 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 24 | Admin Assistant | $21.00/hr | 10:30 am - 6:53 pm | 8.00 | 8.38 | 0.38 | 8.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Jan 25 | Admin Assistant | $21.00/hr | 10:30 am - 6:36 pm | 8.00 | 8.10 | 0.10 | 7.43 | 0.67 | 0.00 | 0.00 | 0.00 |
| Thu Jan 26 | Admin Assistant | $21.00/hr | 10:32 am - 6:36 pm | 8.00 | 8.07 | 0.07 | 8.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Jan 27 | Admin Assistant | $21.00/hr | 10:30 am - 7:00 pm | 8.00 | 8.50 | 0.50 | 7.65 | 0.00 | 0.85 | 0.00 | 0.00 |
| Mon Jan 30 | Admin Assistant | $21.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 31 | Admin Assistant | $21.00/hr | 10:30 am - 6:40 pm | 8.00 | 8.17 | 0.17 | 8.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Totals for Natalie Anderson | | | | 96.00 | 90.99 | -5.01 | 88.17 | 1.20 | 1.62 | 0.00 | 0.00 |

LOUVIN 00063

# R&L Certified Auto Group Wed Feb 1 - Tue Feb 28, 2023

## Natalie Anderson

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wed Feb 1 | Admin Assistant | $21.00/hr | 10:35 am - 6:30 pm | 8.00 | 7.92 | -0.08 | 7.92 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 2 | Admin Assistant | $21.00/hr | 10:41 am - 6:41 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 3 | Admin Assistant | $21.00/hr | 10:39 am - 6:39 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 6 | Admin Assistant | $21.00/hr | 10:48 am - 6:56 pm | 8.00 | 8.13 | 0.13 | 8.13 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 7 | Admin Assistant | $21.00/hr | 10:40 am - 5:00 pm | 7.00 | 6.33 | -0.67 | 6.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 8 | Admin Assistant | $21.00/hr | 10:48 am - 7:10 pm | 8.00 | 8.37 | 0.37 | 8.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 9 | Admin Assistant | $21.00/hr | 10:30 am - 2:50 pm | 8.00 | 4.33 | -3.67 | 4.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 9 | Admin Assistant | $21.00/hr | 3:50 pm - 7:01 pm | 0.00 | 3.18 | 3.18 | 3.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 10 | Admin Assistant | $21.00/hr | 10:50 am - 2:19 pm | 8.00 | 3.48 | -4.52 | 3.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 10 | Admin Assistant | $21.00/hr | 3:24 pm - 7:02 pm | 0.00 | 3.63 | 3.63 | 3.63 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 13 | Admin Assistant | $21.00/hr | 10:31 am - 7:20 pm | 8.00 | 8.82 | 0.82 | 8.82 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 20 | Admin Assistant | $21.00/hr | 10:33 am - 6:30 pm | 8.00 | 7.95 | -0.05 | 7.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 21 | Admin Assistant | $21.00/hr | 9:00 am - 1:08 pm | 8.00 | 4.13 | -3.87 | 4.13 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 21 | Admin Assistant | $21.00/hr | 1:34 pm - 6:55 pm | 0.00 | 5.35 | 5.35 | 5.35 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00064

| Date | Role | Rate | Time | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Wed Feb 22 | Admin Assistant | $21.00/hr | 9:37 am - 1:07 pm | 8.00 | 3.50 | -4.50 | 3.50 | 0.00 | 0.00 | 0.00 0.00 |
| Wed Feb 22 | Admin Assistant | $21.00/hr | 1:54 pm - 6:35 pm | 0.00 | 4.68 | 4.68 | 4.68 | 0.00 | 0.00 | 0.00 0.00 |
| Thu Feb 23 | Admin Assistant | $21.00/hr | 8:51 am - 12:20 pm | 8.00 | 3.48 | -4.52 | 3.48 | 0.00 | 0.00 | 0.00 0.00 |
| Thu Feb 23 | Admin Assistant | $21.00/hr | 2:15 pm - 7:03 pm | 0.00 | 4.80 | 4.80 | 4.80 | 0.00 | 0.00 | 0.00 0.00 |
| Fri Feb 24 | Admin Assistant | $21.00/hr | 9:45 am - 1:03 pm | 8.00 | 3.30 | -4.70 | 3.30 | 0.00 | 0.00 | 0.00 0.00 |
| Fri Feb 24 | Admin Assistant | $21.00/hr | 1:30 pm - 6:45 pm | 0.00 | 5.25 | 5.25 | 2.81 | 0.00 | 2.44 | 0.00 0.00 |
| Mon Feb 27 | Admin Assistant | $21.00/hr | 9:09 am - 2:50 pm | 8.00 | 5.68 | -2.32 | 5.68 | 0.00 | 0.00 | 0.00 0.00 |
| Mon Feb 27 | Admin Assistant | $21.00/hr | 3:39 pm - 7:02 pm | 0.00 | 3.38 | 3.38 | 3.38 | 0.00 | 0.00 | 0.00 0.00 |
| Tue Feb 28 | Admin Assistant | $21.00/hr | 9:44 am - 4:02 pm | 8.00 | 6.30 | -1.70 | 6.30 | 0.00 | 0.00 | 0.00 0.00 |
| Tue Feb 28 | Admin Assistant | $21.00/hr | 4:34 pm - 6:48 pm | 0.00 | 2.23 | 2.23 | 2.23 | 0.00 | 0.00 | 0.00 0.00 |
| Totals for Natalie Anderson | | | | 127.00 | 130.22 | 3.22 | 127.78 | 0.00 | 2.44 | |

# R&L Certified Auto Group Wed Mar 1 - Fri Mar 31, 2023

## Natalie Anderson

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|------|------|-----------|-----------|-----------------|--------------|----------------------|---------------|---------------|----------|-----|-------------|
| Wed Mar 1 | Admin Assistant | $21.00/hr | 9:14 am - 6:45 pm | 8.00 | 9.52 | 1.52 | 9.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 2 | Admin Assistant | $21.00/hr | 10:01 am - 2:25 pm | 8.00 | 4.40 | -3.60 | 4.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 2 | Admin Assistant | $21.00/hr | 2:50 pm - 6:32 pm | 0.00 | 3.70 | 3.70 | 3.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 3 | Admin Assistant | $21.00/hr | 9:51 am - 6:40 pm | 8.00 | 8.82 | 0.82 | 4.79 | 0.00 | 4.03 | 0.00 | 0.00 |
| Mon Mar 6 | Admin Assistant | $21.00/hr | 9:41 am - 3:51 pm | 8.00 | 6.17 | -1.83 | 6.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Mar 6 | Admin Assistant | $21.00/hr | 4:25 pm - 6:40 pm | 0.00 | 2.25 | 2.25 | 2.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 7 | Admin Assistant | $21.00/hr | 10:31 am - 2:53 pm | 8.00 | 4.37 | -3.63 | 4.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 7 | Admin Assistant | $21.00/hr | 3:27 pm - 6:37 pm | 0.00 | 3.17 | 3.17 | 3.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 8 | Admin Assistant | $21.00/hr | 9:41 am - 3:59 pm | 8.00 | 6.30 | -1.70 | 6.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 8 | Admin Assistant | $21.00/hr | 4:36 pm - 6:41 pm | 0.00 | 2.08 | 2.08 | 2.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 9 | Admin Assistant | $21.00/hr | 10:01 am - 6:36 pm | 8.00 | 8.58 | 0.58 | 8.58 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 10 | Admin Assistant | $21.00/hr | 10:32 am - 5:21 pm | 8.00 | 6.82 | -1.18 | 6.82 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Mar 13 | Admin Assistant | $21.00/hr | 10:23 am - 6:36 pm | 0.00 | 8.22 | 8.22 | 8.22 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 14 | Admin Assistant | $21.00/hr | 10:31 am - 6:33 pm | 0.00 | 8.03 | 8.03 | 8.03 | 0.00 | 0.00 | 0.00 | 0.00 |

| Date | Role | Rate | Time | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wed Mar 15 | Admin Assistant | $21.00/hr | 10:32 am - 6:36 pm | 0.00 | 8.07 | 8.07 | 8.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 16 | Admin Assistant | $21.00/hr | 10:25 am - 7:03 pm | 0.00 | 8.63 | 8.63 | 8.63 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 17 | Admin Assistant | $21.00/hr | 10:30 am - 6:30 pm | 0.00 | 8.00 | 8.00 | 7.05 | 0.00 | 0.95 | 0.00 | 0.00 |
| Mon Mar 20 | Admin Assistant | $21.00/hr | 10:30 am - 6:30 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 21 | Admin Assistant | $21.00/hr | 10:30 am - 6:39 pm | 8.00 | 8.15 | 0.15 | 8.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 22 | Admin Assistant | $21.00/hr | 10:29 am - 1:19 pm | 0.00 | 2.83 | 2.83 | 2.83 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 22 | Admin Assistant | $21.00/hr | 2:05 pm - 6:45 pm | 8.00 | 4.67 | -3.33 | 4.67 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 23 | Admin Assistant | $21.00/hr | 10:29 am - 6:29 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 24 | Admin Assistant | $21.00/hr | 12:39 pm - 6:30 pm | 8.00 | 5.85 | -2.15 | 5.85 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Mar 27 | Admin Assistant | $21.00/hr | 10:30 am - 6:31 pm | 8.00 | 8.02 | 0.02 | 8.02 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 28 | Admin Assistant | $21.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 29 | Admin Assistant | $21.00/hr | 9:01 am - 5:07 pm | 8.00 | 8.10 | 0.10 | 8.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 30 | Admin Assistant | $21.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 31 | Admin Assistant | $21.00/hr | 9:01 am - 5:36 pm | 8.00 | 8.58 | 0.58 | 7.88 | 0.00 | 0.70 | 0.00 | 0.00 |
| Totals for Natalie Anderson | | | | 144.00 | 185.33 | 41.33 | 179.65 | 0.00 | 5.68 | 0.00 | 0.00 |

## R&L Certified Auto Group Sat Apr 1 - Sun Apr 30, 2023

## Natalie Anderson

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon Apr 3 | Admin Assistant | $21.00/hr | 9:00 am - 12:18 pm | 8.00 | 3.30 | -4.70 | 3.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 3 | Admin Assistant | $21.00/hr | 1:00 pm - 5:00 pm | 0.00 | 4.00 | 4.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 4 | Admin Assistant | $21.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 5 | Admin Assistant | $21.00/hr | 9:00 am - 3:20 pm | 8.00 | 6.33 | -1.67 | 6.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 5 | Admin Assistant | $21.00/hr | 4:00 pm - 5:21 pm | 0.00 | 1.35 | 1.35 | 1.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 6 | Admin Assistant | $21.00/hr | 9:00 am - 5:19 pm | 8.00 | 8.32 | 0.32 | 8.32 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 7 | Admin Assistant | $21.00/hr | 9:00 am - 5:32 pm | 8.00 | 8.53 | 0.53 | 8.53 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 10 | Admin Assistant | $21.00/hr | 9:02 am - 2:29 pm | 8.00 | 5.45 | -2.55 | 5.45 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 10 | Admin Assistant | $21.00/hr | 2:57 pm - 5:07 pm | 0.00 | 2.17 | 2.17 | 2.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 11 | Admin Assistant | $21.00/hr | 9:01 am - 5:12 pm | 8.00 | 8.18 | 0.18 | 8.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 12 | Admin Assistant | $21.00/hr | 9:02 am - 5:00 pm | 8.00 | 7.97 | -0.03 | 7.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 13 | Admin Assistant | $21.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 14 | Admin Assistant | $21.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 17 | Admin Assistant | $21.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00068

| Date | Role | Rate | Time | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Tue Apr 18 | Admin Assistant | $21.00/hr | 9:01 am - 1:56 | 8.00 | 4.92 | -3.08 | 4.92 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 18 | Admin Assistant | $21.00/hr | 2:26 pm - 5:14 pm | 0.00 | 2.80 | 2.80 | 2.80 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 19 | Admin Assistant | $21.00/hr | 9:01 am - 5:00 pm | 8.00 | 7.98 | -0.02 | 7.98 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 20 | Admin Assistant | $21.00/hr | 9:01 am - 12:19 pm | 8.00 | 3.30 | -4.70 | 3.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 20 | Admin Assistant | $21.00/hr | 1:16 pm - 5:06 pm | 0.00 | 3.83 | 3.83 | 3.83 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 21 | Admin Assistant | $21.00/hr | 9:00 am - 6:09 pm | 8.00 | 9.15 | 1.15 | 9.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 24 | Admin Assistant | $21.00/hr | 9:01 am - 2:17 pm | 8.00 | 5.27 | -2.73 | 5.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 24 | Admin Assistant | $21.00/hr | 2:47 pm - 5:00 pm | 0.00 | 2.22 | 2.22 | 2.22 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 25 | Admin Assistant | $21.00/hr | 9:00 am - 5:12 pm | 8.00 | 8.20 | 0.20 | 8.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 26 | Admin Assistant | $21.00/hr | 8:59 am - 1:09 pm | 8.00 | 4.17 | -3.83 | 4.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 26 | Admin Assistant | $21.00/hr | 1:55 pm - 5:10 pm | 0.00 | 3.25 | 3.25 | 3.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 27 | Admin Assistant | $21.00/hr | 9:06 am - 11:40 am | 8.00 | 2.57 | -5.43 | 2.57 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 27 | Admin Assistant | $21.00/hr | 12:48 pm - 5:08 pm | 0.00 | 4.33 | 4.33 | 4.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 28 | Admin Assistant | $21.00/hr | 8:55 am - 1:32 pm | 8.00 | 4.62 | -3.38 | 4.62 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 28 | Admin Assistant | $21.00/hr | 2:25 pm - 5:10 pm | 0.00 | 2.75 | 2.75 | 2.75 | 0.00 | 0.00 | 0.00 | 0.00 |
| Totals for Natalie Anderson | | | | 160.00 | 148.96 | -11.04 | 148.96 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00069

**R&L Certified Auto Group Mon May 1 - Wed May 31, 2023**

## Natalie Anderson

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon May 1 | Admin Assistant | $21.00/hr | 9:04 am - 1:28 pm | 8.00 | 4.40 | -3.60 | 4.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 1 | Admin Assistant | $21.00/hr | 2:20 pm - 5:19 pm | 0.00 | 2.98 | 2.98 | 2.98 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 2 | Admin Assistant | $21.00/hr | 9:03 am - 2:11 pm | 8.00 | 5.13 | -2.87 | 5.13 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 2 | Admin Assistant | $21.00/hr | 3:10 pm - 5:00 pm | 0.00 | 1.83 | 1.83 | 1.83 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 3 | Admin Assistant | $21.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 4 | Admin Assistant | $21.00/hr | 9:31 am - 3:17 pm | 8.00 | 5.77 | -2.23 | 5.77 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 4 | Admin Assistant | $21.00/hr | 4:13 pm - 5:00 pm | 0.00 | 0.78 | 0.78 | 0.78 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri May 5 | Admin Assistant | $21.00/hr | 9:35 am - 12:32 pm | 8.00 | 2.95 | -5.05 | 2.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri May 5 | Admin Assistant | $21.00/hr | 1:25 pm - 5:01 pm | 0.00 | 3.60 | 3.60 | 3.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 8 | Admin Assistant | $21.00/hr | 9:21 am - 5:00 pm | 8.00 | 7.65 | -0.35 | 7.65 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 9 | Admin Assistant | $21.00/hr | 9:05 am - 5:04 pm | 8.00 | 7.98 | -0.02 | 7.98 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 10 | Admin Assistant | $21.00/hr | 9:06 am - 12:57 pm | 8.00 | 3.85 | -4.15 | 3.85 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 10 | Admin Assistant | $21.00/hr | 1:51 pm - 5:00 pm | 0.00 | 3.15 | 3.15 | 3.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 11 | Admin Assistant | $21.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**LOUVIN 00070**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fri May 12 | Admin Assistant | $21.00/hr | 9:01 am - 5:10 pm | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Mon May 15 | Admin Assistant | $21.00/hr | | 8.00 | 8.15 | 0.15 | 8.15 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Tue May 16 | Admin Assistant | $21.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| Totals for Natalie Anderson | | | | 96.00 | 58.22 | -37.78 | 58.22 | 0.00 | 0.00 | | | |

LOUVIN 00071

## REPORT OF EXAMINATION
### Conducted by Fred Olivares, CPA/CFF, PLLC

**TO:**      Eric and Megan Louvin, R&L Certified Auto Group

**FROM:**    Fred Olivares, CPA/CFF, CFE, CAMS, PI

**RE:**      Investigation of allegations of misconduct

**DATE:**    November 27, 2023

---

### I.      Qualifications

I, Fred Olivares, own the accounting firm of Fred Olivares, CPA/CFF, PLLC, specializing in forensic accounting. I am also the Owner/Manager of Talon Investigations (Texas Private Securities Board number A20784) and I am a Private Investigator (PI) licensed in the State of Texas (PI number 277565). Before establishing these companies, I was employed as a Litigation Manager at Hill & Ford, P.C. Prior to my employment with Hill & Ford, I was a Special Agent with the Federal Bureau of Investigation (FBI) for over 26 years where I investigated complex economic and financial crimes. In that role, I testified in court as a fact witness and a summary witness. I received my Bachelor of Business Administration in Accounting in 1983 from The University of Texas at Austin. I have earned the professional designation of Certified Public Accountant (CPA) from the Texas State Board of Public Accountancy, and I am Certified in Financial Forensics (CFF) as designated by the American Institute of Certified Public Accountants (AICPA). I received the designation of Certified Fraud Examiner (CFE) from the Association of Certified Fraud Examiners (ACFE). I have the designation of Certified Anti-Money Laundering Specialist (CAMS) from the Association of Certified Anti-Money Laundering Specialists. A detailed summary of my qualifications is provided in the curriculum vitae attached hereto as **Appendix I.**

### II.      Information Considered

The matters expressed in this report are based on my combined personal knowledge, education, training, specialized knowledge, skill and experience as a law enforcement agent, CPA and my own professional experiences. During the investigation, I reviewed documents that were provided by the clients. The following is a list of documents which were reviewed:

- R&L Certified Auto Group Bad Debt Worksheets, January-May 2023, and related customer vehicle purchase documents.

- R&L Certified Auto Group Undeposited Funds Worksheets, January-May 2023, and related customer vehicle purchase documents.
- R&L Certified Auto Account QuickReport, as of April 30, 2023.
- R&L Certified Auto Account QuickReport, as of February 28, 2023.
- R&L Certified Auto Account QuickReport, as of January 31, 2023.
- R&L Certified Auto Account QuickReport, as of March 31, 2023.
- R&L Certified Auto Account QuickReport, as of May 31, 2023.
- R&L Certified Auto Deposit Details for the following dates (all for the year 2023): January 2, January 19, January 20, January 24, February 6, February 7, February 24, March 8, March 10, March 21, April 7, April 19, and April 27, 2023.
- Various Down Payment Agreements and supporting documentation for R&L customer automobile puchases.

We also interviewed Eric Louvin and Megan Louvin to get background information.

### III.    Background Information

My firm was approached by the law firm Moreno & Borrego Law, PLLC, to investigate allegations of employee theft at R&L Certified Auto (R&L).  On May 19, 2023, a meeting was held with Eric Louvin, Megan Louvin, Andrew Borrego and Ruben Moreno to discuss the allegations.  Those allegations centered on former R&L employee Natalie Anderson, who was employed at R&L from November 2022 to May 2023.  Anderson was responsible for collecting and recording customer's downpayments for the vehicle they purchased.  It was believed Anderson was keeping the cash deposits and not recording those amounts in R&L's books.

In the interviews with the Louvin's, they described the following process for receiving and recording a customer's downpayment in conjunction with a purchase of a vehicle:

- A down payment agreement was filled out recording the date of the down payment and its composition.  For instance, the down payment could consist of cash, credit card or a check.  The amounts for each type of down payment were recorded on the down payment agreement.
- A down payment receipt was recorded listing the amount of the down payment, and the form of payment.  The original was kept by R&L and a copy was provided to the customer.  A copy was also included in the deal jacket.  Any cash used as a down payment was counted and wrapped in a copy of the down payment receipt.  This form was also signed and dated by the manager and customer.  For a cash down payment, a handwritten note on this form would include the type of denomination and total of the denomination.  For instance, the number of $100 bills, and the number of $20 bills. The receipt was used as an envelope for the cash with each end stapled and kept in a secure location with limited access.
- The down payment agreement also had the buyer's name, address and phone number, and was signed by the salesperson, and the customer.  It also had the type of vehicle purchased, the vehicle's identification number (VIN), and the sales price.
- At the end of the business day, the cash for each transaction was removed from the secure location and counted and verified with a bill counter.  The types of denominations were

recorded in a form (Exhibit 1) noting the number of denominations, total cash, total checks, and the total deposit. This was included in the deposit to the bank.

- The deposits were detailed in a form (Exhibit 2) which provided the deposit date, deposit amount, customer name, cash amount, check amount, and the vehicle stock number. This sheet was used to verify the day's deposit.
- R&L generated a Quickbooks invoice, with corresponding accounts receivable, for the transaction. The downpayment was posted to the invoice.

In their interview, the Louvin's had noticed cash down payments were not being deposited to the dealership's bank account, and conducted an investigation in which they found customer cash down payments were not being correctly processed. For instance, the record of cash deposits did not match what was being deposited into the bank account. Specifically, the receipt included in the deal jacket showed the correct amount but the deposit detail was wrong since it was missing cash.

As part of their investigation, R&L performed a reconciliation which showed current amounts in bad debts. To research the issue, R&L went to their records and found receipts for bad debts which had not been collected. Undeposited funds, revealed funds which had not been deposited, despite having been recorded to R&L's books.

The Louvin's stated Nataly Anderson was the only person who both had access to the cash down payments kept in the secure location and was responsible for accounting for it. Anderson also had access to R&L's QuickBooks records, recorded the cash deposit amounts and cash collections.

## IV.  Methodology

The investigation conducted conformed to the AICPA Statement on Standards for Forensic Services Number 1 (SSFS Number 1). These Standards state that services must be performed by CPAs with professional competence, due professional care, planning and supervision, and sufficient relevant data. The investigation also conformed to standards as recommended by the ACFE.

I have over 30 years of investigative experience, which includes 26 years in the FBI. My entire FBI career was dedicated to investigating criminal matters involving complex financial crimes, public corruption and other white-collar crimes.

To conduct the investigation, I first interviewed Megan and Eric Louvin, who had suspected cash from car purchases was not being deposited to the R&L bank account. As stated above, the Louvin's suspected Anderson was taking the cash from the deposits and manipulating R&L's accounting records, since she was the one person with access.

To resolve the missing cash question, Megan and Eric Louvin asked Anderson to meet with them, but she quit after they requested the meeting.

The Louvin's provided access to the records documenting cash deposits from which I prepared a spreadsheet summarizing the missing funds as researched by Megan Louvin. The missing cash was from Undeposited Funds and Bad Debts. I examined the supporting documents for each

**LOUVIN 00162**

transaction and verified the cash was not included in the deposit detail.  A summary of my findings is included in my workpapers.

## V.      Findings

Based upon my examination, I determined that $112,260 in cash was not properly deposited into R&L's bank account.  In addition, efforts were made to hide the misappropriation of the funds by manipulating R&L's financial records and payment documentation.

## VI.      Conclusions

I have no obligation to update this report for information that comes to my attention after the date of this report.  If I receive additional information, and asked to do so, I will supplement this report.

End of report.

November 27, 2023

Fred Olivares

In the interviews with the Louvin's, they described the following process for receiving and recording a customer's downpayment:

- A down payment agreement is filled out recording the date of the down payment and its composition. For instance, the down payment could consist of cash, credit card or a check. The amounts for each type of down payment was recorded on the Down Payment Agreement.
- The down payment agreement also had the buyer's name, address and phone number. It also had the type of vehicle purchased, the vehicle's identification number (VIN), and the sales price.
- The down payment agreement was signed by the salesperson, and the customer.
- A Customer Payment Receipt was provided to the customer which recorded the payment date, the customer's name and the amount and type of payment. As noted, payments could be comprised of cash, credit card or check. This form was signed and dated by the manager and customer. For a cash down payment, a handwritten note on this form could include the type of denomination and total of the denomination. For instance, the number of $100 bills, and the number of #20 bills.
- R&L generated a Quickbooks invoice, with a corresponding accounts receivable, for the transaction. The downpayment was posted to the invoice.

The Louvin's had noticed cash down payments were not being deposited into their bank account, and conducted an investigation in which they found customer Down Payments were not being correctly processed. For instance, the record of cash deposits did not match what was being deposited into the bank account.

As a result, of their investigation, on January 2023, there was approximately over $100,000 written off to bad debt.

RE bad debt, how were you able to determine cash was not deposited to the bank?

Who else was in a position to take the cash?

What was the process for determining the loss?

LOUVIN 00164

**R&L Auto**
**Car Sales and Cash Down Payments-Bad Debts**

| # | Last Name | First Name | Sale Date | Sales Price | Down Payment | Questioned Amount | Missing Amount | Bad Debt |
|---|-----------|-----------|-----------|------------|--------------|-------------------|----------------|----------|
| 1 | Hernandez | Rogelio | 1/3/2023 | 22,754.39 | 2,500.00 | 3,500.00 | 2,500.00 | 1,000.00 |
| 2 | Ross | Ana | 1/7/2023 | 15,995.00 | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 |
| 3 | Moncivais | Carlos | 1/16/2023 | 23,000.00 | 4,600.00 | 4,600.00 | 4,000.00 | 600.00 |
| 4 | Sedillo | Jennine | 1/23/2023 | | 3,540.00 | 3,540.00 | 3,540.00 | |
| 5 | Valladares Ramos | Lorena | 1/24/2023 | 34,711.25 | 6,000.00 | 5,800.00 | 3,800.00 | 2,000.00 |
| 6 | Leanos Diaz | Matilde | 1/31/2023 | 17,965.23 | 2,500.00 | 2,500.00 | 2,500.00 | |
| 7 | Delacruz | Jackie | 2/4/2023 | 18,138.00 | 1,000.00 | 1,000.00 | 950.00 | |
| 8 | Salinas Rodriguez | Sylvia | 2/11/2023 | 19,597.08 | 4,000.00 | 1,020.00 | 1,020.00 | |
| | Beltran Lopez | Omar | | | | | | |
| 9 | Ledesma Cuellar | Belinda | 2/13/2023 | 28,474.31 | 2,000.00 | 2,000.00 | 2,000.00 | |
| 10 | Moser | Emil James | 2/14/2023 | 22,995.00 | 3,500.00 | 3,200.00 | 3,200.00 | |
| 11 | Garcia | Gail Rebecca | 2/16/2023 | 20,000.00 | 6,000.00 | 2,500.00 | 2,500.00 | |
| 12 | Gonzales | Antyana Calysta | 2/23/2023 | 11,995.00 | 2,500.00 | 2,000.00 | 2,000.00 | 2,500.00 |
| 13 | Avila Castaneda | Mauricio | 2/24/2023 | 30,690.00 | 6,000.00 | 3,000.00 | 3,000.00 | |
| 14 | Bueno Quintero | Guadalupe | 2/27/2023 | 3,900.00 | 4,000.00 | 3,900.00 | 2,900.00 | |
| | Gonzales | Angeline Stephanie | | | | | | |
| 15 | Pena | Jacob Paul | 3/6/2023 | 26,991.00 | 4,900.00 | 4,900.00 | 3,000.00 | 1,900.00 |
| 16 | Macias Rogero | Kenya | 3/7/2023 | 14,800.00 | 2,000.00 | 1,000.00 | 1,000.00 | |
| 17 | McDay | Shanee Tahani | 3/8/2023 | 18,121.28 | 3,000.00 | 500.00 | 500.00 | |
| | Cole Latron | Broderick | | | | | | |
| 18 | Rivera | Santos | 3/13/2023 | 14,300.00 | 2,500.00 | 2,500.00 | 2,500.00 | |
| 19 | Lawson Dale | Ronnie | 3/15/2023 | 20,995.00 | 500.00 | 500.00 | 500.00 | |
| 20 | Rodriguez | Ben | 3/25/2023 | 22,995.00 | 7,000.00 | 2,000.00 | 2,000.00 | |
| 21 | Galindo Pena | Anna Maria | 4/3/2023 | 12,995.00 | 1,580.00 | 750.00 | 750.00 | |
| | | | | | | 52,210.00 | 45,660.00 | 9,500.00 |

LOUVIN 00165

**R&L Auto**
**Car Sales and Cash Down Payments-Undeposited Funds**

| # | Last Name | First Name | Sale Date | Sales Price | Down Payment | Cash Recorded | Card | Other | Quickbook Report |
|---|-----------|------------|-----------|-------------|--------------|---------------|------|-------|------------------|
| 1 | Delgado | Ramos Andres | 4/6/2023 | 28,995.00 | 7,000.00 | 6,000.00 | | 1,000.00 | 6,000.00 |
| 2 | Ibarra | Martinez Juve | 4/1/2023 | 21,995.00 | 2,000.00 | 800.00 | | | 800.00 |
| | Ibarra | P Sonia | | | | | | | |
| 3 | Morales | Eric | 4/19/2023 | 32,894.47 | 16,800.00 | 9,900.00 | | 6,900.00 | 9,900.00 |
| 4 | Guel | Maria Mercedes | 4/18/2023 | 56,274.87 | 10,000.00 | 10,000.00 | | | 10,000.00 |
| 5 | Martinez | Braulio | 4/22/2023 | 26,000.00 | 1,000.00 | 1,000.00 | | | 1,000.00 |
| 6 | Leiva | A Milton | 4/27/2023 | 10,000.00 | 10,000.00 | 5,000.00 | | 2,000.00 | 5,000.00 |
| | Rodriguez | Melania Hernandez | 5/13/2023 | | | 1,000.00 | | | 1,000.00 |
| | | | 5/27/2023 | | | 1,000.00 | | | 1,000.00 |
| 7 | Ortiz | JeanCarlo | 3/29/2023 | 21,750.00 | 5,000.00 | 1,000.00 | | | 1,000.00 |
| | Bocanegra | Anid Kyndra | | | | | | | |
| 8 | Garcia | Rebecca Gail | 2/16/2023 | 20,000.00 | 6,000.00 | 2,500.00 | | 1,000.00 | 2,500.00 |
| 9 | Swaney | Kristy | 1/2/2023 | | 921.00 | | | | |
| 10 | Alba | Nathan | 1/11/2023 | 17,352.00 | 4,000.00 | 4,000.00 | | | 4,000.00 |
| 11 | Reyes | Robert Jordan | 3/1/2023 | 20,495.00 | 2,075.00 | | 2,075.00 | | 1,500.00 |
| 12 | Resendez | Aaron | 3/1/2023 | | 1,500.00 | 1,500.00 | | | 1,500.00 |
| 13 | McDaris | Jean Kelly | 3/4/2023 | 46,498.54 | 5,000.00 | | 500.00 | | 1,300.00 |
| 14 | Dominguez Concepcion De Tovar | De Tovar Angel | 3/6/2023 | 19,995.00 | 2,500.00 | 2,500.00 | 500.00 | | 1,300.00 |
| | Tovar | Arturo | | | | | | | |
| 15 | Fentress | Lenease Shannah | 3/7/2023 | 22,019.59 | 4,500.00 | 3,600.00 | 400.00 | | 3,600.00 |
| | Fentress | Denise Sharon | | | | | | | |
| 16 | Sanchez | Emmett | 3/11/2023 | 10,695.00 | 2,000.00 | 850.00 | | 2,000.00 | 850.00 |
| 17 | Palacio | Rivas Charlie | 3/22/2023 | 2,584.65 | 850.00 | 3,000.00 | | | 3,000.00 |
| 18 | McDay | Shanee Tahani | 3/8/2023 | 18,121.28 | 2,500.00 | 500.00 | | | 500.00 |
| | Brodrick | Cole Latron | 3/8/2023 | | | 500.00 | | | 500.00 |

LOUVIN 00166

**R&L Auto**
**Car Sales and Cash Down Payments-Undeposited Funds**

| | Last Name | First Name | Sale Date | Sales Price | Down Payment | Cash Recorded | Card | Other | Quickbook Report |
|---|---|---|---|---|---|---|---|---|---|
| 19 | Cantu Garcia | Abigail Anthony | 3/25/2023 | 27,940.93 | 2,800.00 | 2,000.00 | | | 2,000.00 |
| 20 | Kimiko Glover | Taylor Johnny | 3/31/2023 | 10,400.00 | 2,000.00 | 500.00 | | | 500.00 |
| 21 | Ozuna | Yvonne | 3/30/2023 | 22,995.00 | 5,500.00 | 5,150.00 | | | 5,150.00 |
| 22 | Leija | Guadalupe Isabel | 5/2/2023 | 27,400.00 | 10,000.00 | 10,000.00 | | | 6,000.00 |
| | | | | | | 60,600.00 | | | 61,600.00 |

LOUVIN 00167

# EXHIBIT D

1/25/22

# R&L Certified Auto Group Christmas Savings Plan

## Guidelines and Enrollment for Salaried and Hourly Employees

## 2022

Overview:

The Christmas Savings Account Plan is designed to help employees set money aside for holiday spending and allow them to earn an employer contributed amount equal to their contribution.

Guidelines:

Employee Eligibility:  An employee must complete 3 months of continuous employment to be eligible for enrollment.

Employee Contribution:  Upon enrollment the employee may contribute up to 5% of their Gross Pay.  This amount IS NOT a pre-tax contribution and will not lower the amount the employee pays in taxes.  These amounts will be deducted from the employee's paycheck.  The employee will designate the percentage to be deducted below.

1% _____    2% _____    3% ✓    4% _____    5% _____    Flat Amt. _____

Employer Contribution:  R&L Auto Group will match the contribution, of any employee who qualifies under the eligibility guidelines listed above, up to $600.

Termination Guidelines:  If an employee is terminated from, or voluntarily ends their employment with R&L Auto Group, before the date of distribution, the employee will receive only the amounts deducted from the employee's wages.  At the time of termination, or voluntary separation, the employee will not receive any employer contributed amounts.

By signing below I, _Tiffany Vasquez_ agree to the terms of participation in the R&L Certified Auto Group Christmas Savings Plan.

_10-13-22_
Date

_Tiffany Vasquez_
Signature

**LOUVIN 00120**

*[handwritten notes: 10/7 2pm | 8/13 11AM 2nd interview | 10/11 text 12:11p | Title Admin | start date - immediate | 10/4 call | Salary $18 | text | need consistent job]*

# Tiffany Vasquez

Jourdanton, TX 78026
tiffanynichole423114xrr7_kbb@indeedemail.com
+1 830 480 7575

## Work Experience

**Automotive Mechanic**
Self employed - Pleasanton, TX
February 2021 to Present

**Freelance Photographer**
Independent Self Employment - Pleasanton, TX
January 2010 to Present

- Sports/Action Shots
- Graduation
- Maternity
- Wedding
- Automotive
- Landscape/Scenery
- Other Special Events, Ect.

*[handwritten notes: 4 yrs Atascosa Dodge | titles | funding | Lost titles / AP | 00S titles]*

**Title Clerk**
Allways Auto Group - Pleasanton, TX
April 2018 to February 2021

**Teacher**
Tendercare Learning Center - Jourdanton, TX
October 2017 to April 2018

## Education

**High school diploma**
Jourdanton High School - Jourdanton, TX
August 2007 to May 2010

## Skills

- Teaching
- Classroom Management
- Toddler Care
- Childcare
- Early Childhood Education
- Automotive Repair

LOUVIN 00121

- Vehicle Maintenance
- Mechanic Experience
- Auto painting (2 years)
- Auto body repair (2 years)
- Microsoft Office (10+ years)
- Electrical wiring (3 years)
- Electrical systems
- Window tinting
- Mechanic experience
- Mechanical knowledge
- Computer skills
- Computer graphics
- Graphic design
- Photography
- Adobe Photoshop
- Office experience
- Title processing
- Web Design
- Infant Care
- Management
- Curriculum Development
- Brake Repair
- Vinyl Wrap Installer
- Vinyl Work
- QuickBooks
- Office Management
- Branding
- Illustration
- Clerical experience
- Records management
- Customer service
- Data entry
- Computer networking
- Databases
- Financial analysis
- Business management
- Bookkeeping
- Time & attendance systems
- Order entry
- Contract management

LOUVIN 00122

- Dispatching
- Alternative dispute resolution
- Organizational management
- Multi-line phone systems
- Renovation
- Profit & loss
- Microsoft Word
- Microsoft Excel
- Microsoft Access
- Microsoft Outlook
- Microsoft Powerpoint
- Microsoft Publisher
- 10 key typing
- Canvas

## Certifications and Licenses

**CPR**

LOUVIN 00123

# R&L CERTIFIED AUTO GROUP

### 11723 IH 35N, SAN ANTONIO, TX 78233

### 5631 NW LOOP 410 SAN ANTONIO, TX 78238

10 13 2022

Tiffany Vasquez
830 480 7575
Tiffanynichole12311@gmail.com

Dear Tiffany

We are pleased to offer you the full time position of Title Clerk at Ruiz and Louvin Enterprises with a start date of 10 11 2022. You will be reporting directly to Megan Louvin at our Corporate Business Office, located at 5631 NW Loop 410, San Antonio, TX 78238. We believe your skills and experience are an excellent match for our company.

In this role, you will be required to maintain the titling of vehicles sold at all locations. You will also be responsible for research of missing titles and maintenance of missing inspections. You will liaise with Sales Managers, Sales staff, the General Manager and Owner of the company. While these will be the main focus of your position, you will also be given an opportunity to learn various other duties in the business office, should you choose to improve your standing in the Company.

LOUVIN 00124

The hourly starting rate for this position is $18, to be paid on a *semi monthly* basis by check, starting on 10/25/2022. In addition to this starting salary, we're offering the following benefits:

- Off on all major holidays ie: New Year's Day, Labor Day, etc.
- Thanksgiving will range from 3-5 days off
- Christmas will range from 3-5 days off
- 1 week paid vacation after completing one (1) year of employment
- Medical and Dental available after 60 days of employment
- Christmas Savings available after 90 days of employment

Your employment with Ruiz and Louvin Enterprises will be on an at will basis, which means you and the company are free to terminate the employment relationship at any time for any reason. This letter is not a contract or guarantee of employment for a definitive period of time.

Please confirm your acceptance of this offer by signing and returning this letter by October 16, 2022.

We are excited to have you join our team! If you have any questions, please feel free to reach out at any time.

Sincerely,

Megan Louvin
Office Manager

Signature: *Tiffany Vasquez*

Printed Name: Tiffany Vasquez

Date: 10-13-22



Employee Vacation/Personal Time Off Policy

2023

The following is the vacation and personal time off policy for R&L Certified Auto Group, and it applies to all personnel, which includes hourly, salary, and commission-based employees.

## Vacation (paid and non-paid)

All employees who have completed one year of employment are eligible to take paid vacation.  However, there are a few parameters.

- All time off must be submitted in writing at least 30 days in advance
- If an employee does not have available vacation time, they may submit a request for unpaid vacation days.
- A written request that is submitted within the appropriate time frame is not a guarantee of approval
- All requests must be submitted through your immediate supervisor and all requests must be approved by Eric Louvin.

## Personal Time Off Requests

An employee who needs to take time off for personal reasons like Doctor's appointments, school events, or family events, etc. will need to speak directly to their immediate supervisor and the following parameters will apply.

- The employee will need to speak with their supervisor as soon as the need for time off becomes known
- Personal time off requests need to be tendered within at least 24 hours prior to when the time off is needed
- The request may need to be approved by Eric Louvin
- The employee will need to discuss how the time will be made up ie:  work through lunch, work late, or forfeit their normal day off.

**LOUVIN 00126**

- A request that is submitted within the appropriate time frame is not a guarantee of approval

Please remember that ALL requests are subject to approval regardless of the time off available. Please do not make travel reservations or appointments until your request has been cleared by your supervisor and/or approved by Eric Louvin.

We understand that situations arise that may not meet the 30 day or 24 hour required window. You will need to submit your request at the earliest opportunity. Each situation will be considered individually and again, <u>a written request does not guarantee approval.</u>

Tiffany Vasquez
_____
**Printed Name**

Tiffany Vasquez
_____
Signature

**LOUVIN 00127**

# R&L Certified Auto Group Christmas Savings Plan

## Guidelines and Enrollment for Salaried and Hourly Employees

### 2023

Overview:

The Christmas Savings Account Plan is designed to help employees set money aside for holiday spending and allow them to earn an employer contributed amount equal to their contribution.

Guidelines:

Employee Eligibility:  An employee must complete 3 months of continuous employment to be eligible for enrollment.

Employee Contribution:  Upon enrollment the employee may contribute up to 5% of their Gross Pay.  This amount IS NOT a pre-tax contribution and will not lower the amount the employee pays in taxes.  These amounts will be deducted from the employee's paycheck.  The employee will designate the percentage to be deducted below.

1% _____    2% _____    3% ✓____    4% _____    5% _____    Flat Amt. _____

Employer Contribution:  R&L Auto Group will match the contribution, of any employee who qualifies under the eligibility guidelines listed above, up to $600.

Termination Guidelines:  If an employee is terminated from, or voluntarily ends their employment with R&L Auto Group, before the date of distribution, the employee will receive only the amounts deducted from the employee's wages.  At the time of termination, or voluntary separation, the employee will not receive any employer contributed amounts.

By signing below I, _Tiffany Vasquez_ agree to the terms of participation in the R&L Certified Auto Group Christmas Savings Plan.

_Tiffany Vasquez_
Print Name

_1-3-23_
Date

_Tiffany Vasquez_
Signature

RECEIVED
JAN 19 2023

**LOUVIN 00128**

# R&L Certifieed Auto Group

## Employee Performance Review

**Employee:** Tiffany Vasquez  **Date:** 3-20-23

**Review Period:** Oct 2022 – Feb 2023  **Job Title:** Title Specialist

**Manager:** Megan Louvin

| | 1 = Poor | 2 = Fair | 3 = Satisfactory | 4 = Good | 5 = Excellent |
|---|---|---|---|---|---|
| Punctuality | | | | | ✓ |
| Attendance | | | | | ✓ |
| Initiative | | | | | ✓ |
| Task Completion | | | | ✓ | |
| Work Consistency | | | | | ✓ |
| Job Knowledge | | | | ✓ | |
| Communication: | | | | | |
| – Co-Workers | | | | | ✓ |
| – Managers | | | | | ✓ |
| – Customers | | | | | ✓ |
| Willingness to Learn | | | | | ✓ |
| | | | | | |
| | | | | | |

**Overall Rating:** 4.8

**Opportunities for Development:**
Tiffany is doing a great job with Title work. We need to do some remedial training on paying bills for service and we need to continue to develop procedures for service ie: scheduling diagnostic & repairs appointments, working with service to facilitate & guide customer interactions on appointments and warranty claims.

**Comments:**
We are very happy to have Tiffany on our team and her skills have been a blessing. We look forward to seeing Tiffany grow into her role in service and help us grow that part of our business!

_____  _____
**Employee Signature**  **Reviewer's Signature**

LOUVIN 00129

 Gmail

Megan Louvin <rlacctpay@gmail.com>

---

**TIFFANY - SCHEDULE**
1 message

---

**R&L Titles** <rlautotitles@gmail.com>                                    Thu, Apr 27, 2023 at 3:51 PM
To: Megan Louvin <rlacctpay@gmail.com>

Hello,

Tomorrow April 28th, 2023 I will be meeting with the District Attorney at 8:00 A.M., any time missed will be made up in the evening the same day. On May 2, 2023 I will be in court under subpoena until I am no longer needed or the trial is completed.

Thank you,

--
Tiffany Vasquez
Title Specialist
R&L Certified Auto Group
5631 NW Loop 410
San Antonio, Tx 78238

**R&L**
**CERTIFIED AUTO GROUP**

COPY

4/21/2023 4:49PM

CAUSE NO: 22-02-0055-CRA

| | | |
|---|---|---|
| STATE OF TEXAS | § | 81ST-218TH DISTRICT COURTS |
| VS. | § | OF |
| DONOVAN SCOTT LANUSH | § | ATASCOSA COUNTY, TEXAS |

## SUBPOENA

TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON

### TIFFANY NICHOLE VASQUEZ
802 OLIVE ST., PLEASANTON, TX 78064

to be and personally appear at 09:00am, on the 05/01/2023 before the 81ST-218TH DISTRICT COURTS of Atascosa County, Texas, to be held within and for said County at the Courthouse thereof, in Jourdanton, Texas then and there to testify and the truth to speak on behalf of STATE OF TEXAS in the above styled and numbered cause now pending in said Court, and there to remain from day to day, and from term to term until discharged by said court.

**WITNESS IS ORDERED TO APPEAR BEFORE THE DISTRICT COURT ON 5/1/2023 9:00:00 AM AND REMAIN UNDER SUBPOENA UNTIL THE COMPLETION OF THE TRIAL.**

**"WITNESSES SHOULD CONTACT THE DISTRICT ATTORNEY'S OFFICE AT 830-393-2200 TO PLACE THEMSELVES ON STANDBY." "WITNESSES REMAIN UNDER SUBPOENA FROM THAT DATE LISTED ON THE SUBPOENA UNTIL THE CONCLUSION OF THE MATTER. PLEASE MAKE SURE THAT THE DISTRICT ATTORNEY HAS ACCURATE CONTACT INFORMATION FOR YOU WHEN PLACING YOURSELF ON STANDBY."**

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

HEREIN FAIL NOT, but after serving a copy of this subpoena on the witness, deliver the original subpoena to the clerk of this court with your return showing you have executed the same by 9:00 a.m. on 05/01/2023.

ISSUED UNDER MY HAND AND SEAL OF COURT, this 17th day of April, 2023.

Margaret E. Littleton, District Clerk
Atascosa County
1 Courthouse Circle Dr. Ste. 4-B
Jourdanton, TX 78026

BY: AMBER REYES, DEPUTY

### RETURN SERVICE

Came to hand the ___ day of _____ A.D. 20___, at _____ o'clock ___ M. and executed on the day of _____ A.D. 20___, by reading this Subpoena in the presence and hearing of each of the within named witnesses: _____

_____ and not executed as to the witness: _____ for the following reasons: _____

I have actually traveled _____ miles in the service of the Subpoena, in addition to any other mileage I may have traveled in the service of other process in the same case during the same time trip

Fees: $ _____

_____
Officer or Authorized Person
_____ County, Texas

**LOUVIN 00132**



**R&L CERTIFIED AUTO GROUP**

## EMPLOYEE TIME-OFF REQUEST FORM

----- SUBMISSION OF THIS FORM DOES NOT GUARANTEED AN APPROVAL -----

Employee's Name: _Tiffany Vasquez_    Today's Date: _5-17-23_

Store Location: _Bandera_    Reason for Absence: _Bridal Trip_

First Day Away From Work: _7-13-2023_

Date Back To Work: _7-17-2023_

**Reason for Request:**

[X] Vacation ___ Funeral / Bereavement ___ Jury Duty ___ Medical Reason ___ Personal Day

Other Reason: _____

PLEASE NOTE:  NO VACATIONS WILL BE GRANTED DURING THE MONTH OF NOVEMBER DUE TO COMPANY CLOSURE DURING THE WEEK OF THANKSGIVING.

All requests for vacation must be submitted with at least 30 days notice. If vacation time is available, it must be used.  If an employee does not have any vacation time the requested time off will be without pay. Requests for personal time off need to be submitted ASAP and at least 24 hours in advance. **All requests must be approved by the upper management team.**

Employee's Signature: _Tiffany Vasquez_    Date: _5-17-23_

**Employer's Decision**

_____ Approved    _____ Rejected

Supervisor's Signature: _____    Date: _____

**LOUVIN 00133**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

---

| Employee Pay Stub | | Check number: 13820 | | | Pay Period: 10/01/2022 - 10/15/2022 | | Pay Date: 10/25/2022 |
|---|---|---|---|---|---|---|---|

**Employee**

Tiffany N Vasquez,                                              SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 288.00 | 288.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | 0.00 | 0.00 |
| Social Security Employee | | | -17.86 | -17.86 |
| Medicare Employee | | | -4.18 | -4.18 |
| | | | -22.04 | -22.04 |

| Net Pay | | | 265.96 | 265.96 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00134

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

**Employee Pay Stub**          Check number: 13903          Pay Period: 10/16/2022 - 10/31/2022          Pay Date: 11/10/2022

Employee                                                    SSN

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 1,728.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -99.00 | -99.00 |
| Social Security Employee | | | -89.28 | -107.14 |
| Medicare Employee | | | -20.88 | -25.06 |
| | | | -209.16 | -231.20 |

| Net Pay | | | 1,230.84 | 1,496.80 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00135**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez



---

**Employee Pay Stub**       Check number: 13963       Pay Period: 11/01/2022 - 11/15/2022       Pay Date: 11/25/2022

**Employee**                                          SSN

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 3,168.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -99.00 | -198.00 |
| Social Security Employee | | | -89.28 | -196.42 |
| Medicare Employee | | | -20.88 | -45.94 |
| | | | -209.16 | -440.36 |

| Net Pay | | | 1,230.84 | 2,727.64 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC            Powered by **Intuit Payroll**

**LOUVIN 00136**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

| Employee Pay Stub | Check number: 14022 | | | Pay Period: 11/16/2022 - 11/30/2022 | Pay Date: 12/09/2022 |
|---|---|---|---|---|---|

**Employee**                                                                                          **SSN**

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,080.00 | 4,248.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -56.00 | -254.00 |
| Social Security Employee | | | -66.96 | -263.38 |
| Medicare Employee | | | -15.66 | -61.60 |
| | | | -138.62 | -578.98 |

| Net Pay | | | 941.38 | 3,669.02 |
|---|---|---|---|---|

Powered by Intuit Payroll

**LOUVIN 00137**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

---

**Employee Pay Stub**        Check number: 14120                    Pay Period: 12/01/2022 - 12/15/2022          Pay Date: 12/23/2022

**Employee**                                                        SSN
Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 5,688.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -99.00 | -353.00 |
| Social Security Employee | | | -89.28 | -352.66 |
| Medicare Employee | | | -20.88 | -82.48 |
| | | | -209.16 | -788.14 |

| Net Pay | | | 1,230.84 | 4,899.86 |
|---|---|---|---|---|

---

Powered by Intuit Payroll

**LOUVIN 00138**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez



VOID: Payroll Service funds recovered

---

**Employee Pay Stub**      Check number: 14194          Pay Period: 12/16/2022 - 12/31/2022      Pay Date: 01/10/2023

**Employee**                                            **SSN**
Tiffany N Vasquez,

| Taxes | Current | YTD Amount | Memo |
|---|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 | VOID: Payroll Service funds recovered |
| Federal Withholding | 0.00 | 0.00 | |
| Social Security Employee | 0.00 | 0.00 | |
| Medicare Employee | 0.00 | 0.00 | |
| | 0.00 | 0.00 | |
| **Net Pay** | **0.00** | | |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00139

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez



| Employee Pay Stub | Check number: 14204 | Pay Period: 12/16/2022 - 12/31/2022 | Pay Date: 01/10/2023 |
| --- | --- | --- | --- |

**Employee**

Tiffany N Vasquez,                                SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
| --- | --- | --- | --- | --- |
| Salary | | | 1,296.00 | 1,296.00 |

| Taxes | | | Current | YTD Amount |
| --- | --- | --- | --- | --- |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -77.00 | -77.00 |
| Social Security Employee | | | -80.35 | -80.35 |
| Medicare Employee | | | -18.79 | -18.79 |
| | | | -176.14 | -176.14 |

| Adjustments to Net Pay | | | Current | YTD Amount |
| --- | --- | --- | --- | --- |
| Xmas Savings | | | -43.20 | -43.20 |

| Net Pay | | | 1,076.66 | 1,076.66 |
| --- | --- | --- | --- | --- |

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

---

**Employee Pay Stub**     Check number: 14291                Pay Period: 01/01/2023 - 01/15/2023          Pay Date: 01/25/2023

**Employee**                                                  **SSN**

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 2,736.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -171.00 |
| Social Security Employee | | | -89.28 | -169.63 |
| Medicare Employee | | | -20.88 | -39.67 |
| | | | -204.16 | -380.30 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -86.40 |

| Net Pay | | | 1,192.64 | 2,269.30 |

---

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00141**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

**Employee Pay Stub**          Check number: 14368          Pay Period: 01/16/2023 - 01/31/2023          Pay Date: 02/10/2023

**Employee**          SSN

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 4,176.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -265.00 |
| Social Security Employee | | | -89.28 | -258.91 |
| Medicare Employee | | | -20.88 | -60.55 |
| | | | -204.16 | -584.46 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -129.60 |

| Net Pay | | | 1,192.64 | 3,461.94 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez



| Employee Pay Stub | | Check number: 14457 | | | Pay Period: 02/01/2023 - 02/15/2023 | | Pay Date: 02/24/2023 |

**Employee**        **SSN**

Tiffany N Vasquez

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 5,616.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -359.00 |
| Social Security Employee | | | -89.28 | -348.19 |
| Medicare Employee | | | -20.88 | -81.43 |
| | | | -204.16 | -788.62 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -172.80 |

| Net Pay | | | 1,192.64 | 4,654.58 |

Powered by Intuit Payroll

**LOUVIN 00143**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

| Employee Pay Stub | Check number: 14544 | | Pay Period: 02/16/2023 - 02/28/2023 | | Pay Date: 03/10/2023 |
|---|---|---|---|---|---|

**Employee**

Tiffany N Vasquez,                                               SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 7,056.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -453.00 |
| Social Security Employee | | | -89.28 | -437.47 |
| Medicare Employee | | | -20.88 | -102.31 |
| | | | -204.16 | -992.78 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -216.00 |

| Net Pay | | | 1,192.64 | 5,847.22 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit** Payroll

**LOUVIN 00144**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez


| Employee Pay Stub | | Check number: 14631 | | | Pay Period: 03/01/2023 - 03/15/2023 | | Pay Date: 03/24/2023 |

**Employee**

Tiffany N Vasquez,                                                          **SSN**

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 8,496.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -547.00 |
| Social Security Employee | | | -89.28 | -526.75 |
| Medicare Employee | | | -20.88 | -123.19 |
| | | | -204.16 | -1,196.94 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -259.20 |

| Net Pay | | | 1,192.64 | 7,039.86 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00145**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

| Employee Pay Stub | Check number: 14716 | Pay Period: 03/16/2023 - 03/31/2023 | Pay Date: 04/10/2023 |
|---|---|---|---|

**Employee**

Tiffany N Vasquez,                                                          SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 9,936.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -641.00 |
| Social Security Employee | | | -89.28 | -616.03 |
| Medicare Employee | | | -20.88 | -144.07 |
| | | | -204.16 | -1,401.10 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -302.40 |

| Net Pay | | | 1,192.64 | 8,232.50 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00146**

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

~~Jourdanton, TX 78026~~

---

**Employee Pay Stub**  Check number: 14806  Pay Period: 04/01/2023 - 04/15/2023  Pay Date: 04/25/2023

**Employee**  SSN

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 11,376.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -735.00 |
| Social Security Employee | | | -89.28 | -705.31 |
| Medicare Employee | | | -20.88 | -164.95 |
| | | | -204.16 | -1,605.26 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -345.60 |

| Net Pay | | | 1,192.64 | 9,425.14 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

LOUVIN 00147

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez



| Employee Pay Stub | Check number: 14886 | | | Pay Period: 04/16/2023 - 04/30/2023 | Pay Date: 05/10/2023 |
|---|---|---|---|---|---|

| Employee | | | | SSN | |
|---|---|---|---|---|---|
| Tiffany N Vasquez | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 12,816.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | | |
| Federal Withholding | | | 0.00 | 0.00 |
| Social Security Employee | | | -94.00 | -829.00 |
| Medicare Employee | | | -89.28 | -794.59 |
| | | | -20.88 | -185.63 |
| | | | -204.16 | -1,809.42 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -388.80 |

| Net Pay | | | 1,192.64 | 10,617.78 |

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

| Employee Pay Stub | Check number: 14976 | Pay Period: 05/01/2023 - 05/15/2023 | Pay Date: 05/25/2023 |
|---|---|---|---|

**Employee**

Tiffany N Vasquez                                                    SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 14,256.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -923.00 |
| Social Security Employee | | | -89.28 | -883.87 |
| Medicare Employee | | | -20.88 | -206.71 |
| | | | -204.16 | -2,013.58 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -43.20 | -432.00 |

| Net Pay | | | 1,192.64 | 11,810.42 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

LOUVIN 00149

R&L Certified Auto IH35
San Antonio, TX 78233

Tiffany N Vasquez

**Employee Pay Stub**  Check number: 15035   Pay Period: 05/16/2023 - 05/31/2023   Pay Date: 06/02/2023

Employee                                                      SSN

Tiffany N Vasquez,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,296.00 | 15,552.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -77.00 | -1,000.00 |
| Social Security Employee | | | -80.35 | -964.22 |
| Medicare Employee | | | -18.79 | -225.50 |
| | | | -176.14 | -2,189.72 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | 432.00 | |
| **Net Pay** | | | **1,551.86** | **13,362.28** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00150**

**R&L Certified Auto Group Sun Jan 1 - Tue Jan 31, 2023**

*Have date  10/13/22*

## Tiffany Vasquez

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|------|------|-----------|-----------|-----------------|--------------|---------------------|---------------|---------------|----------|-----|-------------|
| Mon Jan 16 | Title Specialist | $18.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 17 | Title Specialist | $18.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Jan 18 | Title Specialist | $18.00/hr | 9:00 am - 5:00 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Jan 19 | Title Specialist | $18.00/hr | 9:10 am - 5:11 pm | 8.00 | 8.02 | 0.02 | 8.02 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Jan 20 | Title Specialist | $18.00/hr | 9:01 am - 5:00 pm | 8.00 | 7.98 | -0.02 | 7.98 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Jan 23 | Title Specialist | $18.00/hr | 8:39 am - 5:00 pm | 8.00 | 8.35 | 0.35 | 8.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 24 | Title Specialist | $18.00/hr | 8:53 am - 5:00 pm | 8.00 | 8.12 | 0.12 | 8.12 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Jan 25 | Title Specialist | $18.00/hr | 8:54 am - 8:54 am | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Jan 25 | Title Specialist | $18.00/hr | 8:54 am - 5:02 pm | 0.00 | 8.13 | 8.13 | 8.13 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Jan 26 | Title Specialist | $18.00/hr | 8:53 am - 5:10 pm | 8.00 | 8.28 | 0.28 | 8.28 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Jan 27 | Title Specialist | $18.00/hr | 8:52 am - 5:08 pm | 8.00 | 8.27 | 0.27 | 7.12 | 0.00 | 1.15 | 0.00 | 0.00 |
| Mon Jan 30 | Title Specialist | $18.00/hr | 8:51 am - 5:04 pm | 8.00 | 8.22 | 0.22 | 8.22 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 31 | Title Specialist | $18.00/hr | 8:55 am - 5:05 pm | 8.00 | 8.17 | 0.17 | 8.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Totals for Tiffany Vasquez | | | | 96.00 | 97.54 | 1.54 | 96.39 | 0.00 | 1.15 | 0.00 | 0.00 |

# R&L Certified Auto Group Wed Feb 1 - Tue Feb 28, 2023

## Tiffany Vasquez

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|------|------|-----------|-----------|-----------------|--------------|---------------------|---------------|---------------|----------|-----|-------------|
| Wed Feb 1 | Title Specialist | $18.00/hr | 8:45 am - 5:00 pm | 8.00 | 8.25 | 0.25 | 8.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 2 | Title Specialist | $18.00/hr | 8:49 am - 5:00 pm | 8.00 | 8.18 | 0.18 | 8.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 3 | Title Specialist | $18.00/hr | 8:55 am - 5:00 pm | 8.00 | 8.08 | 0.08 | 7.18 | 0.00 | 0.90 | 0.00 | 0.00 |
| Mon Feb 6 | Title Specialist | $18.00/hr | 8:49 am - 5:25 pm | 8.00 | 8.60 | 0.60 | 8.58 | 0.02 | 0.00 | 0.00 | 0.00 |
| Tue Feb 7 | Title Specialist | $18.00/hr | 8:51 am - 5:18 pm | 8.00 | 8.45 | 0.45 | 8.45 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 8 | Title Specialist | $18.00/hr | 8:52 am - 5:25 pm | 8.00 | 8.55 | 0.55 | 8.55 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 9 | Title Specialist | $18.00/hr | 8:51 am - 5:10 pm | 8.00 | 8.32 | 0.32 | 8.32 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 10 | Title Specialist | $18.00/hr | 8:50 am - 5:29 pm | 8.00 | 8.65 | 0.65 | 6.10 | 0.00 | 2.55 | 0.00 | 0.00 |
| Mon Feb 13 | Title Specialist | $18.00/hr | 8:56 am - 5:08 pm | 8.00 | 8.20 | 0.20 | 8.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 14 | Title Specialist | $18.00/hr | 8:56 am - 5:13 pm | 8.00 | 8.28 | 0.28 | 8.28 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 15 | Title Specialist | $18.00/hr | 8:53 am - 5:16 pm | 8.00 | 8.38 | 0.38 | 8.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 16 | Title Specialist | $18.00/hr | 8:57 am - 5:08 pm | 8.00 | 8.18 | 0.18 | 8.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 17 | Title Specialist | $18.00/hr | 8:56 am - 5:18 pm | 8.00 | 8.37 | 0.37 | 6.96 | 0.00 | 1.41 | 0.00 | 0.00 |
| Mon Feb 20 | Title Specialist | $18.00/hr | 8:52 am - 5:00 pm | 8.00 | 8.13 | 0.13 | 8.13 | 0.00 | 0.00 | 0.00 | 0.00 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Tue Feb 21 | Title Specialist | $18.00/hr | 8:56 am - 5:59 pm | 8.00 | 9.05 | 1.05 | 9.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 22 | Title Specialist | $18.00/hr | 8:54 am - 6:07 pm | 8.00 | 9.22 | 1.22 | 9.22 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 23 | Title Specialist | $18.00/hr | 8:56 am - 5:27 pm | 8.00 | 8.52 | 0.52 | 8.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 24 | Title Specialist | $18.00/hr | 8:53 am - 5:30 pm | 8.00 | 8.62 | 0.62 | 5.08 | 0.00 | 3.54 | 0.00 | 0.00 |
| Mon Feb 27 | Title Specialist | $18.00/hr | 8:57 am - 5:13 pm | 8.00 | 8.27 | 0.27 | 8.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 28 | Title Specialist | $18.00/hr | 8:55 am - 5:28 pm | 8.00 | 8.55 | 0.55 | 8.55 | 0.00 | 0.00 | 0.00 | 0.00 |
| Totals for Tiffany Vasquez | | | | 160.00 | 168.85 | 8.85 | 160.43 | 0.02 | 8.40 | 0.00 | 0.00 |

LOUVIN 00153

## R&L Certified Auto Group Wed Mar 1 - Fri Mar 31, 2023

## Tiffany Vasquez

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|------|------|-----------|-----------|-----------------|--------------|----------------------|---------------|---------------|----------|-----|-------------|
| Wed Mar 1 | Title Specialist | $18.00/hr | 8:50 am - 6:05 pm | 8.00 | 9.25 | 1.25 | 9.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 2 | Title Specialist | $18.00/hr | 8:56 am - 4:16 pm | 8.00 | 7.33 | -0.67 | 7.33 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 3 | Title Specialist | $18.00/hr | 8:58 am - 5:12 pm | 8.00 | 8.23 | 0.23 | 6.60 | 0.00 | 1.63 | 0.00 | 0.00 |
| Mon Mar 6 | Title Specialist | $18.00/hr | 8:24 am - 4:36 pm | 8.00 | 8.20 | 0.20 | 8.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 7 | Title Specialist | $18.00/hr | 8:56 am - 5:12 pm | 8.00 | 8.27 | 0.27 | 8.27 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 8 | Title Specialist | $18.00/hr | 8:56 am - 6:18 pm | 8.00 | 9.37 | 1.37 | 9.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 9 | Title Specialist | $18.00/hr | 8:57 am - 5:18 pm | 8.00 | 8.35 | 0.35 | 8.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 10 | Title Specialist | $18.00/hr | 8:58 am - 5:34 pm | 8.00 | 8.60 | 0.60 | 5.81 | 0.00 | 2.79 | 0.00 | 0.00 |
| Mon Mar 13 | Title Specialist | $18.00/hr | 8:57 am - 5:55 pm | 0.00 | 8.97 | 8.97 | 8.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 14 | Title Specialist | $18.00/hr | 8:56 am - 5:02 pm | 0.00 | 8.10 | 8.10 | 8.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 15 | Title Specialist | $18.00/hr | 9:08 am - 5:13 pm | 0.00 | 8.08 | 8.08 | 8.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 16 | Title Specialist | $18.00/hr | 8:54 am - 5:27 pm | 0.00 | 8.55 | 8.55 | 8.55 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 17 | Title Specialist | $18.00/hr | 8:55 am - 5:00 pm | 0.00 | 8.08 | 8.08 | 6.30 | 0.00 | 1.78 | 0.00 | 0.00 |
| Mon Mar 20 | Title Specialist | $18.00/hr | 8:55 am - 5:21 pm | 8.00 | 8.43 | 0.43 | 8.43 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00154

| Date | Title | Rate | Time | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Tue Mar 21 | Title Specialist | $18.00/hr | 8:57 am - 5:33 pm | 8.00 | 8.60 | 0.60 | 8.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 22 | Title Specialist | $18.00/hr | 8:52 am - 5:55 pm | 8.00 | 9.05 | 1.05 | 9.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 23 | Title Specialist | $18.00/hr | 8:58 am - 5:39 pm | 8.00 | 8.68 | 0.68 | 8.68 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 24 | Title Specialist | $18.00/hr | 8:58 am - 5:35 pm | 8.00 | 8.62 | 0.62 | 5.24 | 0.00 | 3.38 | 0.00 | 0.00 |
| Mon Mar 27 | Title Specialist | $18.00/hr | 8:59 am - 5:00 pm | 8.00 | 8.02 | 0.02 | 8.02 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 28 | Title Specialist | $18.00/hr | 8:54 am - | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 29 | Title Specialist | $18.00/hr | 8:56 am - 5:11 pm | 8.00 | 8.25 | 0.25 | 8.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 30 | Title Specialist | $18.00/hr | 8:57 am - 5:10 pm | 8.00 | 8.22 | 0.22 | 8.22 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 31 | Title Specialist | $18.00/hr | 8:56 am - 5:25 pm | 8.00 | 8.48 | 0.48 | 8.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| Totals for Tiffany Vasquez | | | | 144.00 | 185.73 | 41.73 | 176.15 | 0.00 | 9.58 | 0.00 | 0.00 |

LOUVIN 00155

# R&L Certified Auto Group Sat Apr 1 - Sun Apr 30, 2023

## Tiffany Vasquez

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|------|------|-----------|-----------|-----------------|--------------|----------------------|---------------|---------------|----------|-----|-------------|
| Mon Apr 3 | Title Specialist | $18.00/hr | 8:54 am - 5:17 pm | 8.00 | 8.38 | 0.38 | 8.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 4 | Title Specialist | $18.00/hr | 8:54 am - 5:26 pm | 8.00 | 8.53 | 0.53 | 8.53 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 5 | Title Specialist | $18.00/hr | 8:56 am - 6:03 pm | 8.00 | 9.12 | 1.12 | 9.12 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 6 | Title Specialist | $18.00/hr | 8:55 am - 5:24 pm | 8.00 | 8.48 | 0.48 | 8.48 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 7 | Title Specialist | $18.00/hr | 8:55 am - 5:50 pm | 8.00 | 8.92 | 0.92 | 5.49 | 0.00 | 3.43 | 0.00 | 0.00 |
| Mon Apr 10 | Title Specialist | $18.00/hr | 8:55 am - 5:26 pm | 8.00 | 8.52 | 0.52 | 8.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 11 | Title Specialist | $18.00/hr | 8:51 am - 5:03 pm | 8.00 | 8.20 | 0.20 | 8.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 12 | Title Specialist | $18.00/hr | 8:57 am - 5:10 pm | 8.00 | 8.22 | 0.22 | 8.22 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 13 | Title Specialist | $18.00/hr | 8:57 am - 5:04 pm | 8.00 | 8.12 | 0.12 | 8.12 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 14 | Title Specialist | $18.00/hr | 9:02 am - 5:03 pm | 8.00 | 8.02 | 0.02 | 6.94 | 0.00 | 1.08 | 0.00 | 0.00 |
| Mon Apr 17 | Title Specialist | $18.00/hr | 8:54 am - 5:37 pm | 8.00 | 8.72 | 0.72 | 8.72 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 18 | Title Specialist | $18.00/hr | 8:54 am - 5:12 pm | 8.00 | 8.35 | 0.35 | 8.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 19 | Title Specialist | $18.00/hr | 8:58 am - 5:21 pm | 8.00 | 8.38 | 0.38 | 8.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 20 | Title Specialist | $18.00/hr | 8:57 am - 5:00 pm | 8.00 | 8.05 | 0.05 | 8.05 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00156

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fri Apr 21 | Title Specialist | $18.00/hr | 8:53 am - 5:27 pm | 8.00 | 8.57 | 0.57 | 6.50 | 0.00 | 2.07 | 0.00 | 0.00 |
| Mon Apr 24 | Title Specialist | $18.00/hr | 9:00 am - 5:06 pm | 8.00 | 8.10 | 0.10 | 8.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 25 | Title Specialist | $18.00/hr | 8:55 am - 5:19 pm | 8.00 | 8.40 | 0.40 | 8.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 26 | Title Specialist | $18.00/hr | 9:03 am - 5:12 pm | 8.00 | 8.15 | 0.15 | 8.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 27 | Title Specialist | $18.00/hr | 8:59 am - 6:29 | 8.00 | 9.50 | 1.50 | 9.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 28 | Title Specialist | $18.00/hr | 10:25 am - 5:09 pm | 8.00 | 6.73 | -1.27 | 5.85 | 0.00 | 0.88 | 0.00 | 0.00 |
| Totals for Tiffany Vasquez | | | | 160.00 | 167.46 | 7.46 | 160.00 | 0.00 | 7.46 | 0.00 | |

# R&L Certified Auto Group Mon May 1 - Wed May 31, 2023

## Tiffany Vasquez

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon May 1 | Title Specialist | $18.00/hr | 8:59 am - 5:20 pm | 8.00 | 8.35 | 0.35 | 8.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 2 | Title Specialist | $18.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 3 | Title Specialist | $18.00/hr | 8:59 am - 5:34 pm | 8.00 | 8.58 | 0.58 | 8.58 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 4 | Title Specialist | $18.00/hr | 8:59 am - 5:26 pm | 8.00 | 8.45 | 0.45 | 8.45 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri May 5 | Title Specialist | $18.00/hr | 9:15 am - 5:07 pm | 8.00 | 7.87 | -0.13 | 7.87 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 8 | Title Specialist | $18.00/hr | 8:55 am - 5:14 pm | 8.00 | 8.32 | 0.32 | 8.32 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 9 | Title Specialist | $18.00/hr | 8:59 am - 5:10 pm | 8.00 | 8.18 | 0.18 | 8.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 10 | Title Specialist | $18.00/hr | 8:59 am - 5:14 pm | 8.00 | 8.25 | 0.25 | 8.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 11 | Title Specialist | $18.00/hr | 8:55 am - 5:18 pm | 8.00 | 8.38 | 0.38 | 8.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri May 12 | Title Specialist | $18.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 15 | Title Specialist | $18.00/hr | 8:57 am - 5:25 pm | 8.00 | 8.47 | 0.47 | 8.47 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 16 | Title Specialist | $18.00/hr | 8:55 am - 5:20 pm | 8.00 | 8.42 | 0.42 | 8.42 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 17 | Title Specialist | $18.00/hr | 8:57 am - 5:43 pm | 8.00 | 8.77 | 0.77 | 8.77 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 18 | Title Specialist | $18.00/hr | 8:56 am - 5:17 pm | 8.00 | 8.35 | 0.35 | 8.35 | 0.00 | 0.00 | 0.00 | 0.00 |

| Date | Position | Rate | Time | | | | | | | |
|------|----------|------|------|---|---|---|---|---|---|---|
| Fri May 19 | Title Specialist | $18.00/hr | 8:58 am - 5:09 pm | 8.00 | 8.18 | 0.18 | 5.99 | 0.00 | 2.19 | 0.00 0.00 |
| Mon May 22 | Title Specialist | $18.00/hr | 11:50 am - 5:23 pm | 8.00 | 5.55 | -2.45 | 5.55 | 0.00 | 0.00 | 0.00 0.00 |
| Tue May 23 | Title Specialist | $18.00/hr | 8:59 am - 5:16 pm | 8.00 | 8.28 | 0.28 | 8.28 | 0.00 | 0.00 | 0.00 0.00 |
| Wed May 24 | Title Specialist | $18.00/hr | 8:53 am - 5:04 pm | 8.00 | 8.18 | 0.18 | 8.18 | 0.00 | 0.00 | 0.00 0.00 |
| Thu May 25 | Title Specialist | $18.00/hr | 8:54 am - 5:04 pm | 8.00 | 8.17 | 0.17 | 8.17 | 0.00 | 0.00 | 0.00 0.00 |
| Fri May 26 | Title Specialist | $18.00/hr | 8:54 am - 5:00 pm | 8.00 | 8.10 | 0.10 | 8.10 | 0.00 | 0.00 | 0.00 0.00 |
| Tue May 30 | Title Specialist | $18.00/hr | 8:54 am - 5:12 pm | 8.00 | 8.30 | 0.30 | 8.30 | 0.00 | 0.00 | 0.00 0.00 |
| Totals for Tiffany Vasquez | | | | 168.00 | 155.15 | -12.85 | 152.96 | 0.00 | 2.19 | 0.00 |

LOUVIN 00159

# EXHIBIT E

# R&L CERTIFIED AUTO GROUP

## 11723 IH 35N, SAN ANTONIO, TX 78233

## 5631 NW LOOP 410 SAN ANTONIO, TX 78238

08/01/2022

Briana Balderas
210-900-6331
Bbalderas09@yahoo.com

Dear Briana

We are pleased to offer you the full-time position of Funding Specialist at Ruiz and Louvin Enterprises with a start date of 8/08/2022.  You will be reporting directly to Eric Louvin at our Corporate Business Office, located at 5631 NW Loop 410, San Antonio, TX 78238. We believe your skills and experience are an excellent match for our company.

In this role, you will be required to get all deals ready to be sent to lenders.  This includes, but is not limited to, auditing, scanning, uploading, copying and preparing documents to be sent via FedEx.  You will also be responsible for communicating directly with lenders as to the funding status and any additional requirements that the lender may have.   You will liaise with Sales Managers, Sales staff, the General Manager and Owner of the company. While these will be the main focus of your position, you will also be given an opportunity to learn various other duties in the company, should you choose to improve your standing in the Company.

LOUVIN 00075

The starting wage for this position is $20 per hour, to be paid on a semi-monthly basis by check, starting on 8/25/2022. In addition to this starting salary, we're offering the following benefits:

- Off on all major holidays ie: New Year's Day, Labor Day, etc.
- Thanksgiving will range from 3-5 days off
- Christmas will range from 3-5 days off
- 1 week paid vacation after completing one (1) year of employment
- Medical and Dental available after 60 days of employment
- Christmas Savings available after 90 days of employment

Your employment with Ruiz and Louvin Enterprises will be on an at-will basis, which means you and the company are free to terminate the employment relationship at any time for any reason. This letter is not a contract or guarantee of employment for a definitive period of time.

Please confirm your acceptance of this offer by signing and returning this letter by August 8, 2022.

We are excited to have you join our team! If you have any questions, please feel free to reach out at any time.

Sincerely,

Megan Louvin
Office Manager

Signature: _Briana Balderas_

Printed Name: _Briana Balderas_

Date: _8/ 5/ 22_

**LOUVIN 00076**

*7/31 after 5pm*

*Briana R. Balderas*

*210-900-6331*

**7940 Pipers Creek Apt 1733 , San Antonio, TX** •210.323.7511•bbalderas09@yahoo.com

**Objective:** Seeking an opportunity to start a career with a company utilizing my critical and analytical skills, and years of experience in customer service

## SKILLS

- Well organized and efficient at completing work related objectives
- Strong computer skills (Outlook, Excel, Word, and Powerpoint), exceptional communication skills and phone etiquette
- Great typing skills
- Task oriented and adaptable to new protocols and procedures

- Ability to provide support and guidance to customers/clients
- Customer Relation Skills
- Data Entry
- Telephone Answering 12-Line System

*Computer Systems: Cisco unified communication, Dealer Track, ADP, Honda Interactive, Dealertrack, VinSolutions, Outlook,TRAC,RPA,Share Holders, Excel, Microsoft word,CDK,Dealer Logix*

## Experience:

**Infiniti Of San Antonio-San Antonio, Texas**          Oct 2018-Present
**Warranty Booker/Cashier**
- Analyze Claims for determination off appropriate disposition according to established guidelines
- Book warranty Claims for Service
- Gather Operation Codes for service work and book into CDK
- Responsible for time keeping of technician times on Repair Orders
- Closes all Repair orders accurately and in a timely manner
- Accept payments by cash, credit cards and checks from customers for repairs, parts, and other services.
- Records receipts, delivery of change and other transactions throughout the shift
- Follows up on payment of outstanding claims

**Anew/Abbie Healthcare- San Antonio, Texas**          May 2018- Oct 2018
**EVV Coordinator/Administrative/HR Assistant-**
- Reconcile Providers Clock in/Out
- Audit/ Verify Billable hours
- Run OIG
- Create New Hire Folders
- Obtain Up to date Nursing License/Car Insurance

**Randstad: Capital Group –** San Antonio, Texas          August  2016 – Oct 2017
**Retirement Plan Services**

- Set up retirement plans
- Processed distributions, loans, hardships, and rollovers for retirement plans
- Communicated with third party administrators, participants and plan sponsors to resolve missing items for documents needing to be processed

**LOUVIN 00077**

Northwest Vista Community College                    2009-2010
**Diploma**
William Howard Taft High School

---

**References:** Furnished on request

LOUVIN 00078

11/10/22

NOV 0 9 2022

# R&L Certified Auto Group Christmas Savings Plan

## Guidelines and Enrollment for Salaried and Hourly Employees

### 2022

Overview:

The Christmas Savings Account Plan is designed to help employees set money aside for holiday spending and allow them to earn an employer contributed amount equal to their contribution.

Guidelines:

Employee Eligibility:  An employee must complete 3 months of continuous employment to be eligible for enrollment.

Employee Contribution:  Upon enrollment the employee may contribute up to 5% of their Gross Pay.  This amount IS NOT a pre-tax contribution and will not lower the amount the employee pays in taxes.  These amounts will be deducted from the employee's paycheck.  The employee will designate the percentage to be deducted below.

1% _____     2% _____     3% _____     4% _____     5% _____     Flat Amt. $20.00

Employer Contribution:  R&L Auto Group will match the contribution, of any employee who qualifies under the eligibility guidelines listed above, up to $600.

Termination Guidelines:  If an employee is terminated from, or voluntarily ends their employment with R&L Auto Group, before the date of distribution, the employee will receive only the amounts deducted from the employee's wages.  At the time of termination, or voluntary separation, the employee will not receive any employer contributed amounts.

By signing below I, _Briana Balderas_ agree to the terms of participation in the R&L Certified Auto Group Christmas Savings Plan.

_8/8/22_
Date

_Briana Balderas_
Signature

**LOUVIN 00079**

# WESTWOOD CHILDREN'S DENTISTRY
**PEGHA KARIMI DDS.**
**11310 Culebra Rd #120**
**SAN ANTONIO,TX 78253**
**TELEPHONE (210)688-2204**

## EXCUSE SLIP

DATE_____09/13/2022_____

Patient parent of Jayden and Khloe Gutierrez is to be excused from school today
due to dental treatment and will return

on _____09/13/2022_____.

Thank you!

**Pegha Karimi DDS, PC**

LOUVIN 00080

## R&L CERTIFIED AUTO GROUP
## EMPLOYEE TIME-OFF REQUEST FORM

Today's Date: _9/27/22_

Employee's Name: _Briana Balderas_

Store Location: _Bandera_

Time-Off Request Beginning on: _11/10/22_

Time-Off Request Ending on: _11/14/22_                    3 Days

**Reason for Request**

✓ Vacation    __ Funeral / Bereavement    __ Jury Duty    __ Medical Reason

__ Personal Day    ✗ Other Reason:_____

All requests for time off must be submitted with at least 30 days notice. Time off will be taken with vacation time. If an employee does not have any vacation time the request time off will be without pay. All requests must be approved by the upper management team.

Employee's Signature: _____    Date: _9/27/22_

---

**Employer's Decision**

✓ Approved    __ Rejected

Employer's Signature: _____    Date: _11/2/2022_

LOUVIN 00081

## R&L CERTIFIED AUTO GROUP
## EMPLOYEE TIME-OFF REQUEST FORM

Today's Date: _9 / 27 / 22_

Employee's Name: _Briana Balderas_

Store Location: _Bandera_

Time-Off Request Beginning on: _DEC 2, 2022_      1 Day

Time-Off Request Ending on: _____

**Reason for Request**

_:__ Vacation   ___ Funeral / Bereavement   ___ Jury Duty   ___ Medical Reason

___ Personal Day   _✓_ Other Reason: _Wedding_

All requests for time off must be submitted with at least 30 days notice. Time off will be taken with vacation time. If an employee does not have any vacation time the request time off will be without pay. All requests must be approved by the upper management team.

Employee's Signature: _Bri Bale_   Date: _9 / 27 / 22_

_____

**Employer's Decision**

_✓_ Approved   ___ Rejected

Employer's Signature: _____   Date: _11/2/2022_

LOUVIN 00082

# R&L Certified Auto Group Christmas Savings Plan

## Guidelines and Enrollment for Salaried and Hourly Employees

## 2023

Overview:

The Christmas Savings Account Plan is designed to help employees set money aside for holiday spending and allow them to earn an employer contributed amount equal to their contribution.

Guidelines:

Employee Eligibility: An employee must complete 3 months of continuous employment to be eligible for enrollment.

Employee Contribution: Upon enrollment the employee may contribute up to 5% of their Gross Pay. This amount IS NOT a pre-tax contribution and will not lower the amount the employee pays in taxes. These amounts will be deducted from the employee's paycheck. The employee will designate the percentage to be deducted below.

1% _____    2% _____    3% _____    4% _____    5% _____    Flat Amt. $25 per check

Employer Contribution: R&L Auto Group will match the contribution, of any employee who qualifies under the eligibility guidelines listed above, up to $600.

Termination Guidelines: If an employee is terminated from, or voluntarily ends their employment with R&L Auto Group, before the date of distribution, the employee will receive only the amounts deducted from the employee's wages. At the time of termination, or voluntary separation, the employee will not receive any employer contributed amounts.

By signing below I, _Briana Balderas_ agree to the terms of participation in the R&L Certified Auto Group Christmas Savings Plan.

_Briana Balderas_

Print Name

_1/9/23_

Date

_[signature]_

Signature

RECEIVED

JAN 1 2 2023

LOUVIN 00083



Employee Vacation/Personal Time Off Policy

2023

The following is the vacation and personal time off policy for R&L Certified Auto Group, and it applies to all personnel, which includes hourly, salary, and commission-based employees.

## Vacation (paid and non-paid)

All employees who have completed one year of employment are eligible to take paid vacation.  However, there are a few parameters.

- All time off must be submitted in writing at least 30 days in advance
- If an employee does not have available vacation time, they may submit a request for unpaid vacation days.
- A written request that is submitted within the appropriate time frame is not a guarantee of approval
- All requests must be submitted through your immediate supervisor and all requests must be approved by Eric Louvin.

## Personal Time Off Requests

An employee who needs to take time off for personal reasons like Doctor's appointments, school events, or family events, etc. will need to speak directly to their immediate supervisor and the following parameters will apply.

- The employee will need to speak with their supervisor as soon as the need for time off becomes known
- Personal time off requests need to be tendered within at least 24 hours prior to when the time off is needed
- The request may need to be approved by Eric Louvin
- The employee will need to discuss how the time will be made up ie:  work through lunch, work late, or forfeit their normal day off.

**LOUVIN 00084**

 Gmail

Briana Balderas <r.lautogroupfunding@gmail.com>

## Fwd: Excuse

1 message

**briana balderas** <bbalderas2822@yahoo.com>
To: r.lautogroupfunding@gmail.com

Thu, Apr 13, 2023 at 11:28 AM

Sent from my iPhone

Begin forwarded message:

> **From:** Jagger Hernandez <jaggerl.hernandez@gmail.com>
> **Date:** April 13, 2023 at 9:15:03 AM CDT
> **To:** bbalderas2822@yahoo.com
> **Subject: Excuse**
>
> To whom it may concern,
>
> Today Ms. Balderas had an appointment today at our office on 4/13/23 at 9:00am. Please use this as an excuse for her absence.
>
> Kindly,
> Jagger L. Hernandez MS, LPC.

**Bandera Pointe Family Dental**
**Alexandria Gibbs DDS & Deborah Keepers DDS**
**11309 Bandera Rd, Ste. 101**
**San Antonio, TX 78250**
**210-776-7266**

Patient Name: _Briana Balderas_

Appointment Date: _5/2/23_

**Patient came into our office for dental treatment. Thank you!**

Signature: _Tanya_

Bandera Pointe Family Dental
Alexandria Gibbs DDS
11309 Bandera Rd. Suite 101
San Antonio, Tx 78250

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



---

| Employee Pay Stub | Check number: 13508 | | | Pay Period: 08/08/2022 - 08/10/2022 | Pay Date: 08/19/2022 |

**Employee**

Briana Balderas,  █████████████████████  SSN  ████████████

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 480.00 | 480.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | 0.00 | 0.00 |
| Social Security Employee | | | -29.76 | -29.76 |
| Medicare Employee | | | -6.96 | -6.96 |
| | | | -36.72 | -36.72 |

| Net Pay | | | 443.28 | 443.28 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00087**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



| Employee Pay Stub | | Check number: 13521 | | | Pay Period: 08/11/2022 - 08/15/2022 | | Pay Date: 08/25/2022 |
|---|---|---|---|---|---|---|---|

**Employee**

Briana Balderas, █████████████████                    **SSN** ████████████

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 640.00 | 1,120.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -10.00 | -10.00 |
| Social Security Employee | | | -39.68 | -69.44 |
| Medicare Employee | | | -9.28 | -16.24 |
| | | | -58.96 | -95.68 |

| Net Pay | | | 581.04 | 1,024.32 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

R&L Certified Auto IH35
San Antonio, TX 78233



Briana Balderas

| Employee Pay Stub | | Check number: 13600 | | | Pay Period: 08/16/2022 - 08/31/2022 | | Pay Date: 09/09/2022 |
|---|---|---|---|---|---|---|---|

| Employee | | | | | SSN |
|---|---|---|---|---|---|
| Briana Balderas, | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,120.00 | 2,240.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -61.00 | -71.00 |
| Social Security Employee | | | -69.44 | -138.88 |
| Medicare Employee | | | -16.24 | -32.48 |
| | | | -146.68 | -242.36 |

| Net Pay | | | 973.32 | 1,997.64 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00089**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



---

**Employee Pay Stub**       Check number: 13683          Pay Period: 09/01/2022 - 09/15/2022       Pay Date: 09/26/2022

**Employee**                                                      **SSN**

Briana Balderas, 7

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 3,840.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -119.00 | -190.00 |
| Social Security Employee | | | -99.20 | -238.08 |
| Medicare Employee | | | -23.20 | -55.68 |
| | | | -241.40 | -483.76 |

| Net Pay | | | 1,358.60 | 3,356.24 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00090**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

| Employee Pay Stub | Check number: 13742 | | Pay Period: 09/16/2022 - 09/30/2022 | Pay Date: 10/10/2022 |
| --- | --- | --- | --- | --- |

| Employee | | SSN | |
| --- | --- | --- | --- |
| Briana Balderas, | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
| --- | --- | --- | --- | --- |
| Salary | | | 1,600.00 | 5,440.00 |

| Taxes | | | Current | YTD Amount |
| --- | --- | --- | --- | --- |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -119.00 | -309.00 |
| Social Security Employee | | | -99.20 | -337.28 |
| Medicare Employee | | | -23.20 | -78.88 |
| | | | -241.40 | -725.16 |

| Net Pay | | | 1,358.60 | 4,714.84 |
| --- | --- | --- | --- | --- |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00091

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

████████

| Employee Pay Stub | | Check number: 13809 | | | Pay Period: 10/01/2022 - 10/15/2022 | | Pay Date: 10/25/2022 |
|---|---|---|---|---|---|---|---|

| Employee | SSN |
|---|---|
| Briana Balderas, ████████ | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 7,040.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -119.00 | -428.00 |
| Social Security Employee | -99.20 | -436.48 |
| Medicare Employee | -23.20 | -102.08 |
| | -241.40 | -966.56 |

| Net Pay | 1,358.60 | 6,073.44 |
|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00092**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

███████████████████

---

| Employee Pay Stub | Check number: 13892 | Pay Period: 10/16/2022 - 10/31/2022 | Pay Date: 11/09/2022 |
|---|---|---|---|

**Employee** | | **SSN** |

Briana Balderas, ███████████████████

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 8,640.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -119.00 | -547.00 |
| Social Security Employee | | | -99.20 | -535.68 |
| Medicare Employee | | | -23.20 | -125.28 |
| | | | -241.40 | -1,207.96 |
| Net Pay | | | 1,358.60 | 7,432.04 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit Payroll**

**LOUVIN 00093**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



| Employee Pay Stub | | Check number: 13960 | | | Pay Period: 11/01/2022 - 11/15/2022 | | Pay Date: 11/25/2022 |

**Employee**
Briana Balderas,

**SSN**

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,120.00 | 9,760.00 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -61.00 | -608.00 |
| Social Security Employee | -69.44 | -605.12 |
| Medicare Employee | -16.24 | -141.52 |
| | -146.68 | -1,354.64 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Xmas Savings | -20.00 | -20.00 |

| Net Pay | | |
|---|---|---|
| | 953.32 | 8,385.36 |

Powered by Intuit Payroll

LOUVIN 00094

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

---

| Employee Pay Stub | | Check number: 14024 | | | Pay Period: 11/16/2022 - 11/30/2022 | Pay Date: 12/09/2022 |
|---|---|---|---|---|---|---|

| Employee | | | | | SSN | |
|---|---|---|---|---|---|---|
| Briana Balderas | | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,120.00 | 10,880.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -61.00 | -669.00 |
| Social Security Employee | | | -69.44 | -674.56 |
| Medicare Employee | | | -16.24 | -157.76 |
| | | | -146.68 | -1,501.32 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -20.00 | -40.00 |

| Net Pay | | | 953.32 | 9,338.68 |

Powered by Intuit Payroll

LOUVIN 00095

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

| Employee Pay Stub | Check number: 14108 | | Pay Period: 12/01/2022 - 12/15/2022 | | Pay Date: 12/23/2022 |
|---|---|---|---|---|---|

| Employee | | | SSN | | |
|---|---|---|---|---|---|
| Briana Balderas, | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 12,480.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -119.00 | -788.00 |
| Social Security Employee | | | -99.20 | -773.76 |
| Medicare Employee | | | -23.20 | -180.96 |
| | | | -241.40 | -1,742.72 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -20.00 | -60.00 |

| Net Pay | | | 1,338.60 | 10,677.28 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00096

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



VOID: Payroll Service funds recovered

| Employee Pay Stub | Check number: 14186 | | | Pay Period: 12/16/2022 - 12/31/2022 | Pay Date: 01/10/2023 |
|---|---|---|---|---|---|
| **Employee** | | | | **SSN** | |
| Briana Balderas, | | | | | |

| Taxes | | Current | YTD Amount | Memo |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | 0.00 | 0.00 | VOID: Payroll Service funds recovered |
| Federal Withholding | | 0.00 | 0.00 | |
| Social Security Employee | | 0.00 | 0.00 | |
| Medicare Employee | | 0.00 | 0.00 | |
| | | 0.00 | 0.00 | |
| Net Pay | | 0.00 | | |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit** Payroll

**LOUVIN 00097**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

████████████████

| Employee Pay Stub | | Check number: 14280 | | | Pay Period: 01/01/2023 - 01/15/2023 | | Pay Date: 01/25/2023 |
|---|---|---|---|---|---|---|---|

**Employee**

Briana Balderas, ████████████████████ SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 3,040.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -208.00 |
| Social Security Employee | | | -99.20 | -188.48 |
| Medicare Employee | | | -23.20 | -44.08 |
| | | | -236.40 | -440.56 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -25.00 | -50.00 |

| Net Pay | | | 1,338.60 | 2,549.44 |
|---|---|---|---|---|

Powered by **Intuit** Payroll

**LOUVIN 00098**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

▮▮▮▮▮▮▮▮▮▮▮▮

| Employee Pay Stub | | Check number: 14361 | | | Pay Period: 01/16/2023 - 01/31/2023 | | Pay Date: 02/10/2023 |
|---|---|---|---|---|---|---|---|

| Employee | | | | | SSN |
|---|---|---|---|---|---|
| Briana Balderas, ▮▮▮▮▮▮▮▮▮▮▮▮ | | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 4,640.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -322.00 |
| Social Security Employee | | | -99.20 | -287.68 |
| Medicare Employee | | | -23.20 | -67.28 |
| | | | -236.40 | -676.96 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -25.00 | -75.00 |

| Net Pay | | | 1,338.60 | 3,888.04 |

Powered by Intuit Payroll

**LOUVIN 00099**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

---

**Employee Pay Stub**   Check number: 14443   Pay Period: 02/01/2023 - 02/15/2023   Pay Date: 02/24/2023

| Employee | | | | SSN |
|---|---|---|---|---|
| Briana Balderas, | | | | |

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 6,240.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -436.00 |
| Social Security Employee | | | -99.20 | -386.88 |
| Medicare Employee | | | -23.20 | -90.48 |
| | | | -236.40 | -913.36 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -25.00 | -100.00 |

| Net Pay | | | 1,338.60 | 5,226.64 |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00100

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas 

| Employee Pay Stub | | Check number: 14532 | | | Pay Period: 02/16/2023 - 02/28/2023 | | Pay Date: 03/10/2023 |

**Employee**                                                              SSN
Briana Balderas,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 7,840.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -550.00 |
| Social Security Employee | | | -99.20 | -486.08 |
| Medicare Employee | | | -23.20 | -113.68 |
| | | | -236.40 | -1,149.76 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -25.00 | -125.00 |
| **Net Pay** | | | **1,338.60** | **6,565.24** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00101**

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

---

**Employee Pay Stub**  Check number: 14628   Pay Period: 03/01/2023 - 03/15/2023   Pay Date: 03/24/2023

**Employee**   SSN

Briana Balderas,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,440.00 | 9,280.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -94.00 | -644.00 |
| Social Security Employee | | | -89.28 | -575.36 |
| Medicare Employee | | | -20.88 | -134.56 |
| | | | -204.16 | -1,353.92 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -25.00 | -150.00 |

| Net Pay | | | 1,210.84 | 7,776.08 |

---

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by **Intuit** Payroll

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



---

| **Employee Pay Stub** | Check number: 14708 | | | Pay Period: 03/16/2023 - 03/31/2023 | | Pay Date: 04/10/2023 |
|---|---|---|---|---|---|---|

**Employee**

Briana Balderas

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 10,880.00 |

| Taxes | | | Current | YTD Amount |
|---|---|---|---|---|
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -758.00 |
| Social Security Employee | | | -99.20 | -674.56 |
| Medicare Employee | | | -23.20 | -157.76 |
| | | | -236.40 | -1,590.32 |

| Adjustments to Net Pay | | | Current | YTD Amount |
|---|---|---|---|---|
| Xmas Savings | | | -25.00 | -175.00 |

| Net Pay | | | 1,338.60 | 9,114.68 |
|---|---|---|---|---|

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

LOUVIN 00103

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas

---

| Employee Pay Stub | Check number: 14796 | | Pay Period: 04/01/2023 - 04/15/2023 | Pay Date: 04/25/2023 |
|---|---|---|---|---|

**Employee**
Briana Balderas,                                                                     SSN

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 12,480.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -872.00 |
| Social Security Employee | | | -99.20 | -773.76 |
| Medicare Employee | | | -23.20 | -180.96 |
| | | | -236.40 | -1,826.72 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -25.00 | -200.00 |
| **Net Pay** | | | **1,338.60** | **10,453.28** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC                    Powered by Intuit Payroll

R&L Certified Auto IH35
San Antonio, TX 78233

Briana Balderas



---

**Employee Pay Stub**  Check number: 14879  Pay Period: 04/16/2023 - 04/30/2023  Pay Date: 05/10/2023

**Employee**
Briana Balderas,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Salary | | | 1,600.00 | 14,080.00 |
| **Taxes** | | | **Current** | **YTD Amount** |
| Medicare Employee Addl Tax | | | 0.00 | 0.00 |
| Federal Withholding | | | -114.00 | -986.00 |
| Social Security Employee | | | -99.20 | -872.96 |
| Medicare Employee | | | -23.20 | -204.16 |
| | | | -236.40 | -2,063.12 |
| **Adjustments to Net Pay** | | | **Current** | **YTD Amount** |
| Xmas Savings | | | -25.00 | -225.00 |
| **Net Pay** | | | **1,338.60** | **11,791.88** |

R&L Certified Auto IH35, San Antonio, TX 78233, Ruiz and Louvin Enterprises LLC

Powered by Intuit Payroll

**LOUVIN 00105**

**R&L Certified Auto Group Sun Jan 1 - Tue Jan 31, 2023**

## Briana Balderas

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|------|------|-----------|-----------|-----------------|--------------|----------------------|---------------|---------------|----------|-----|-------------|
| Mon Jan 16 | Funding Specialist | $20.00/hr | 8:30 am - 4:30 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 17 | Funding Specialist | $20.00/hr | 8:30 am - 4:30 pm | 8.00 | 8.00 | 0.00 | 7.50 | 0.50 | 0.00 | 0.00 | 0.00 |
| Wed Jan 18 | Funding Specialist | $20.00/hr | 8:30 am - 4:30 pm | 8.00 | 8.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Jan 19 | Funding Specialist | $20.00/hr | 8:25 am - 4:30 pm | 8.00 | 8.08 | 0.08 | 8.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Jan 20 | Funding Specialist | $20.00/hr | 8:15 am - 4:38 pm | 8.00 | 8.38 | 0.38 | 7.93 | 0.45 | 0.00 | 0.00 | 0.00 |
| Mon Jan 23 | Funding Specialist | $20.00/hr | 8:34 am - 4:30 pm | 8.00 | 7.93 | -0.07 | 7.66 | 0.27 | 0.00 | 0.00 | 0.00 |
| Tue Jan 24 | Funding Specialist | $20.00/hr | 8:32 am - 4:37 pm | 8.00 | 8.08 | 0.08 | 7.08 | 1.00 | 0.00 | 0.00 | 0.00 |
| Wed Jan 25 | Funding Specialist | $20.00/hr | 8:31 am - 4:34 pm | 8.00 | 8.05 | 0.05 | 7.60 | 0.45 | 0.00 | 0.00 | 0.00 |
| Thu Jan 26 | Funding Specialist | $20.00/hr | 8:25 am - 4:35 pm | 8.00 | 8.17 | 0.17 | 8.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Jan 27 | Funding Specialist | $20.00/hr | 8:31 am - 4:46 pm | 8.00 | 8.25 | 0.25 | 8.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Jan 30 | Funding Specialist | $20.00/hr | 8:23 am - 4:46 pm | 8.00 | 8.38 | 0.38 | 8.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Jan 31 | Funding Specialist | $20.00/hr | 9:02 am - 4:30 pm | 8.00 | 7.47 | -0.53 | 7.27 | 0.20 | 0.00 | 0.00 | 0.00 |
| Totals for Briana Balderas | | | | 96.00 | 96.79 | 0.79 | 93.92 | 2.87 | 0.00 | 0.00 | 0.00 |

*Hire date 8/8/22*

LOUVIN 00106

# R&L Certified Auto Group Wed Feb 1 - Tue Feb 28, 2023

## Briana Balderas

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wed Feb 1 | Funding Specialist | $20.00/hr | | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 2 | Funding Specialist | $20.00/hr | 8:22 am - 4:38 pm | 8.00 | 8.27 | 0.27 | 7.32 | 0.95 | 0.00 | 0.00 | 0.00 |
| Fri Feb 3 | Funding Specialist | $20.00/hr | 8:25 am - 4:30 pm | 8.00 | 8.08 | 0.08 | 8.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 6 | Funding Specialist | $20.00/hr | 8:20 am - 4:01 pm | 8.00 | 7.68 | -0.32 | 7.68 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 7 | Funding Specialist | $20.00/hr | 8:41 am - 4:31 pm | 8.00 | 7.83 | -0.17 | 7.83 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 8 | Funding Specialist | $20.00/hr | 8:22 am - 3:08 pm | 8.00 | 6.77 | -1.23 | 6.77 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 8 | Funding Specialist | $20.00/hr | 3:54 pm - 4:32 pm | 0.00 | 0.63 | 0.63 | 0.63 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 9 | Funding Specialist | $20.00/hr | 8:25 am - 1:34 pm | 8.00 | 5.15 | -2.85 | 5.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 9 | Funding Specialist | $20.00/hr | 3:54 pm - 4:32 pm | 0.00 | 0.63 | 0.63 | 0.63 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 10 | Funding Specialist | $20.00/hr | 8:11 am - 4:56 pm | 8.00 | 8.75 | 0.75 | 8.75 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 13 | Funding Specialist | $20.00/hr | 8:17 am - 2:27 pm | 8.00 | 6.17 | -1.83 | 6.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 13 | Funding Specialist | $20.00/hr | 3:29 pm - 4:44 pm | 0.00 | 1.25 | 1.25 | 1.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 14 | Funding Specialist | $20.00/hr | 8:24 am - 2:50 pm | 8.00 | 6.43 | -1.57 | 6.43 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 14 | Funding Specialist | $20.00/hr | 3:49 pm - 4:30 pm | | 0.68 | 0.68 | 0.68 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00107

| Date | Role | Rate | Time | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wed Feb 15 | Funding Specialist | $20.00/hr | 8:28 am - 1:18 pm | 8.00 | 4.83 | -3.17 | 4.83 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Feb 15 | Funding Specialist | $20.00/hr | 2:20 pm - 4:36 pm | 0.00 | 2.27 | 2.27 | 2.27 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 16 | Funding Specialist | $20.00/hr | 8:23 am - 4:36 pm | 8.00 | 8.22 | 0.22 | 8.22 | 0.00 | 0.00 | 0.00 | | |
| Fri Feb 17 | Funding Specialist | $20.00/hr | 8:24 am - 2:31 pm | 8.00 | 6.12 | -1.88 | 6.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Feb 17 | Funding Specialist | $20.00/hr | 3:52 pm - 4:30 pm | 0.00 | 0.63 | 0.63 | 0.63 | 0.00 | 0.00 | 0.00 | | |
| Mon Feb 20 | Funding Specialist | $20.00/hr | 8:50 am - 4:30 pm | 8.00 | 7.67 | -0.33 | 7.67 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Feb 21 | Funding Specialist | $20.00/hr | 8:20 am - 4:30 pm | 8.00 | 8.17 | 0.17 | 8.17 | 0.00 | 0.00 | 0.00 | | |
| Wed Feb 22 | Funding Specialist | $20.00/hr | 8:24 am - 3:38 pm | 8.00 | 7.23 | -0.77 | 7.23 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Feb 23 | Funding Specialist | $20.00/hr | 8:27 am - 4:30 pm | 8.00 | 8.05 | 0.05 | 8.05 | 0.00 | 0.00 | 0.00 | | |
| Fri Feb 24 | Funding Specialist | $20.00/hr | 8:32 am - 4:30 pm | 8.00 | 7.97 | -0.03 | 7.97 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Feb 27 | Funding Specialist | $20.00/hr | 8:43 am - 4:30 pm | 8.00 | 7.78 | -0.22 | 7.78 | 0.00 | 0.00 | 0.00 | | |
| Tue Feb 28 | Funding Specialist | $20.00/hr | 8:46 am - 3:30 pm | 8.00 | 6.73 | -1.27 | 6.73 | 0.00 | 0.00 | 0.00 | | |
| Totals for Briana Balderas | | | | 160.00 | 143.99 | -16.01 | 143.04 | 0.95 | 0.00 | 0.00 | | |

LOUVIN 00108

# R&L Certified Auto Group Wed Mar 1 - Fri Mar 31, 2023

## Briana Balderas

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Wed Mar 1 | Funding Specialist | $20.00/hr | 8:26 am - 3:00 pm | 8.00 | 6.57 | -1.43 | 6.57 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 1 | Funding Specialist | $20.00/hr | 3:50 pm - 4:50 pm | 0.00 | 1.00 | 1.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 2 | Funding Specialist | $20.00/hr | 8:27 am - 4:30 pm | 8.00 | 8.05 | 0.05 | 8.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 3 | Funding Specialist | $20.00/hr | 8:25 am - 2:34 pm | 8.00 | 6.15 | -1.85 | 6.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 3 | Funding Specialist | $20.00/hr | 3:25 pm - 4:30 pm | 0.00 | 1.08 | 1.08 | 1.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Mar 6 | Funding Specialist | $20.00/hr | 8:27 am - 4:30 pm | 8.00 | 8.05 | 0.05 | 8.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 7 | Funding Specialist | $20.00/hr | 8:25 am - 4:48 pm | 8.00 | 8.35 | 0.35 | 8.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 8 | Funding Specialist | $20.00/hr | 8:24 am - 2:30 pm | 8.00 | 6.08 | -1.92 | 6.08 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 9 | Funding Specialist | $20.00/hr | 8:24 am - 4:38 pm | 8.00 | 8.23 | 0.23 | 8.23 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 10 | Funding Specialist | $20.00/hr | 8:35 am - 2:46 pm | 8.00 | 6.18 | -1.82 | 6.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Mar 10 | Funding Specialist | $20.00/hr | 3:45 pm - 4:30 pm | 0.00 | 0.75 | 0.75 | 0.75 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Mar 14 | Funding Specialist | $20.00/hr | 8:21 am - 4:30 pm | 0.00 | 8.15 | 8.15 | 8.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Mar 15 | Funding Specialist | $20.00/hr | 8:27 am - 4:30 pm | 0.00 | 8.05 | 8.05 | 8.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Mar 16 | Funding Specialist | $20.00/hr | 8:23 am - 4:55 pm | 0.00 | 8.20 | 8.20 | 8.20 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00109

| Date | Position | Rate | Time | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Fri Mar 17 | Funding Specialist | $20.00/hr | 8:29 am - 4:30 pm | 0.00 | 8.02 | 8.02 | 8.02 | 0.00 | 0.00 | 0.00 0.00 |
| Mon Mar 20 | Funding Specialist | $20.00/hr | 8:30 am - 2:20 pm | 8.00 | 5.83 | -2.17 | 5.83 | 0.00 | 0.00 | 0.00 0.00 |
| Tue Mar 21 | Funding Specialist | $20.00/hr | 8:21 am - 4:48 pm | 8.00 | 8.45 | 0.45 | 8.45 | 0.00 | 0.00 | 0.00 0.00 |
| Wed Mar 22 | Funding Specialist | $20.00/hr | 8:31 am - 1:45 pm | 8.00 | 5.23 | -2.77 | 5.23 | 0.00 | 0.00 | 0.00 0.00 |
| Wed Mar 22 | Funding Specialist | $20.00/hr | 2:06 pm - 3:06 pm | 0.00 | 1.00 | 1.00 | 1.00 | 0.00 | 0.00 | 0.00 0.00 |
| Wed Mar 22 | Funding Specialist | $20.00/hr | 3:06 pm - 4:35 pm | 0.00 | 1.48 | 1.48 | 1.48 | 0.00 | 0.00 | 0.00 0.00 |
| Thu Mar 23 | Funding Specialist | $20.00/hr | 8:27 am - 4:38 pm | 8.00 | 8.18 | 0.18 | 8.18 | 0.00 | 0.00 | 0.00 0.00 |
| Fri Mar 24 | Funding Specialist | $20.00/hr | 8:33 am - 2:17 pm | 8.00 | 5.73 | -2.27 | 5.73 | 0.00 | 0.00 | 0.00 0.00 |
| Fri Mar 24 | Funding Specialist | $20.00/hr | 3:14 pm - 4:37 pm | 0.00 | 1.38 | 1.38 | 1.38 | 0.00 | 0.00 | 0.00 0.00 |
| Mon Mar 27 | Funding Specialist | $20.00/hr | 8:37 am - 4:30 pm | 8.00 | 7.88 | -0.12 | 7.88 | 0.00 | 0.00 | 0.00 0.00 |
| Tue Mar 28 | Funding Specialist | $20.00/hr | 8:25 am - 4:30 pm | 8.00 | 8.08 | 0.08 | 8.08 | 0.00 | 0.00 | 0.00 0.00 |
| Wed Mar 29 | Funding Specialist | $20.00/hr | 8:24 am - | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 0.00 |
| Thu Mar 30 | Funding Specialist | $20.00/hr | 8:29 am - 2:45 pm | 8.00 | 6.27 | -1.73 | 6.27 | 0.00 | 0.00 | 0.00 0.00 |
| Thu Mar 30 | Funding Specialist | $20.00/hr | 4:33 pm - 4:33 pm | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 0.00 |
| Fri Mar 31 | Funding Specialist | $20.00/hr | 8:25 am - | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 0.00 |
| Totals for Briana Balderas | | | | 144.00 | 152.42 | 8.42 | 152.42 | 0.00 | 0.00 | 0.00 0.00 |

LOUVIN 00110

# R&L Certified Auto Group Sat Apr 1 – Sun Apr 30, 2023

## Briana Balderas

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon Apr 3 | Funding Specialist | $20.00/hr | 8:28 am - 2:12 pm | 8.00 | 5.73 | -2.27 | 5.73 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 3 | Funding Specialist | $20.00/hr | 2:44 pm - 4:30 pm | 0.00 | 1.77 | 1.77 | 1.77 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 4 | Funding Specialist | $20.00/hr | 8:30 am - 5:01 pm | 8.00 | 8.52 | 0.52 | 8.52 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 5 | Funding Specialist | $20.00/hr | 8:32 am - 4:38 pm | 8.00 | 8.10 | 0.10 | 8.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 6 | Funding Specialist | $20.00/hr | 8:22 am - 2:40 pm | 8.00 | 6.30 | -1.70 | 6.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 6 | Funding Specialist | $20.00/hr | 3:40 pm - 4:50 pm | 0.00 | 1.17 | 1.17 | 1.17 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 7 | Funding Specialist | $20.00/hr | 8:48 am - | 8.00 | 0.00 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 10 | Funding Specialist | $20.00/hr | 8:26 am - 1:47 pm | 8.00 | 5.35 | -2.65 | 5.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 10 | Funding Specialist | $20.00/hr | 2:41 pm - 4:40 pm | 0.00 | 1.98 | 1.98 | 1.98 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 11 | Funding Specialist | $20.00/hr | 8:22 am - 1:26 pm | 8.00 | 5.07 | -2.93 | 5.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 11 | Funding Specialist | $20.00/hr | 2:13 pm - 4:36 pm | 0.00 | 2.38 | 2.38 | 2.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 12 | Funding Specialist | $20.00/hr | 8:09 am - 11:57 am | 8.00 | 3.80 | -4.20 | 3.80 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 12 | Funding Specialist | $20.00/hr | 12:50 pm - 4:30 pm | 0.00 | 3.67 | 3.67 | 3.67 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 13 | Funding Specialist | $20.00/hr | 3:49 pm - 4:30 pm | 8.00 | 0.68 | -7.32 | 0.68 | 0.00 | 0.00 | 0.00 | 0.00 |

| Date | Role | Rate | Time | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fri Apr 14 | Funding Specialist | $20.00/hr | 8:18 am - 4:40 pm | 8.00 | 8.37 | 0.37 | 8.37 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 17 | Funding Specialist | $20.00/hr | 8:27 am - 2:48 pm | 8.00 | 6.35 | -1.65 | 6.35 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 17 | Funding Specialist | $20.00/hr | 3:56 pm - 4:52 pm | 0.00 | 0.93 | 0.93 | 0.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 18 | Funding Specialist | $20.00/hr | 8:16 am - 2:05 pm | 8.00 | 5.82 | -2.18 | 5.82 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 18 | Funding Specialist | $20.00/hr | 2:47 pm - 4:30 pm | 0.00 | 1.72 | 1.72 | 1.72 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 19 | Funding Specialist | $20.00/hr | 8:23 am - 2:55 pm | 8.00 | 6.53 | -1.47 | 6.53 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 19 | Funding Specialist | $20.00/hr | 3:53 pm - 4:30 pm | 0.00 | 0.62 | 0.62 | 0.62 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 20 | Funding Specialist | $20.00/hr | 8:32 am - 1:25 pm | 8.00 | 4.88 | -3.12 | 4.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 20 | Funding Specialist | $20.00/hr | 2:33 pm - 4:44 pm | 0.00 | 2.18 | 2.18 | 2.18 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 21 | Funding Specialist | $20.00/hr | 8:22 am - 2:45 pm | 8.00 | 6.38 | -1.62 | 6.38 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 24 | Funding Specialist | $20.00/hr | 8:27 am - 3:42 pm | 8.00 | 7.25 | -0.75 | 7.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon Apr 24 | Funding Specialist | $20.00/hr | 3:54 pm - 4:33 pm | 0.00 | 0.65 | 0.65 | 0.65 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 25 | Funding Specialist | $20.00/hr | 8:29 am - 2:43 pm | 8.00 | 6.23 | -1.77 | 6.23 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue Apr 25 | Funding Specialist | $20.00/hr | 3:30 pm - 4:34 pm | 0.00 | 1.07 | 1.07 | 1.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed Apr 26 | Funding Specialist | $20.00/hr | 8:35 am - 4:31 pm | 8.00 | 7.93 | -0.07 | 7.93 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu Apr 27 | Funding Specialist | $20.00/hr | 8:32 am - 12:30 pm | 8.00 | 3.97 | -4.03 | 3.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri Apr 28 | Funding Specialist | $20.00/hr | 8:44 am - 4:30 pm | 8.00 | 7.77 | -0.23 | 7.77 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00112

Totals for Briana
Balderas

160.00

133.17

-26.83

133.17

0.00

0.00

0.00  0.00

LOUVIN 00113

# R&L Certified Auto Group Mon May 1 - Wed May 31, 2023

## Briana Balderas

| Date | Role | Wage rate | Time card | Scheduled hours | Actual hours | Actual vs. scheduled | Regular hours | Unpaid breaks | OT hours | PTO | Holiday pay |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon May 1 | Funding Specialist | $20.00/hr | 8:27 am - 1:31 pm | 8.00 | 5.07 | -2.93 | 5.07 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 1 | Funding Specialist | $20.00/hr | 2:13 pm - 5:05 pm | 0.00 | 2.87 | 2.87 | 2.87 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 2 | Funding Specialist | $20.00/hr | 8:33 am - 2:36 pm | 8.00 | 6.05 | -1.95 | 6.05 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 3 | Funding Specialist | $20.00/hr | 1:24 pm - 2:22 pm | 0.00 | 0.97 | 0.97 | 0.97 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 3 | Funding Specialist | $20.00/hr | 3:30 pm - 4:30 pm | 8.00 | 1.00 | -7.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 4 | Funding Specialist | $20.00/hr | 8:35 am - 3:00 pm | 8.00 | 6.42 | -1.58 | 6.42 | 0.00 | 0.00 | 0.00 | 0.00 |
| Thu May 4 | Funding Specialist | $20.00/hr | 3:30 pm - 4:30 pm | 0.00 | 1.00 | 1.00 | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri May 5 | Funding Specialist | $20.00/hr | 8:39 am - 2:32 pm | 8.00 | 5.88 | -2.12 | 5.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Fri May 5 | Funding Specialist | $20.00/hr | 3:25 pm - 4:31 pm | 0.00 | 1.10 | 1.10 | 1.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 8 | Funding Specialist | $20.00/hr | 8:34 am - 11:21 am | 8.00 | 2.78 | -5.22 | 2.78 | 0.00 | 0.00 | 0.00 | 0.00 |
| Mon May 8 | Funding Specialist | $20.00/hr | 12:39 pm - 4:32 pm | 0.00 | 3.88 | 3.88 | 3.88 | 0.00 | 0.00 | 0.00 | 0.00 |
| Tue May 9 | Funding Specialist | $20.00/hr | 8:30 am - 12:17 pm | 8.00 | 3.78 | -4.22 | 3.78 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 10 | Funding Specialist | $20.00/hr | 8:25 am - 2:02 pm | 8.00 | 5.62 | -2.38 | 5.62 | 0.00 | 0.00 | 0.00 | 0.00 |
| Wed May 10 | Funding Specialist | $20.00/hr | 3:07 pm - 4:32 pm | 0.00 | 1.42 | 1.42 | 1.42 | 0.00 | 0.00 | 0.00 | 0.00 |

LOUVIN 00114

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Thu May 11 | Funding Specialist | $20.00/hr | 8:25 am - 3:30 pm | 8.00 | 7.08 | -0.92 | 7.08 | 0.00 | 0.00 | 0.00 0.00 |
| Fri May 12 | Funding Specialist | $20.00/hr | 8:30 am - 3:33 pm | 8.00 | 7.05 | -0.95 | 7.05 | 0.00 | 0.00 | 0.00 0.00 |
| Mon May 15 | Funding Specialist | $20.00/hr | 8:40 am - 2:00 pm | 8.00 | 5.33 | -2.67 | 5.33 | 0.00 | 0.00 | 0.00 0.00 |
| Totals for Briana Balderas | | | | 88.00 | 67.30 | -20.70 | 67.30 | 0.00 | 0.00 | 0.00 0.00 |

LOUVIN 00115