**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS** | § § § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CASE NO. 5:23-cv-00911** |
| | § | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** | § § § | |
| | § | |
| *Defendants.* | § | |

## <u>DEFENDANTS' OPPOSED MOTION TO WITHDRAW DEEMED ADMISSIONS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, Ruiz and Louvin Enterprises, LLC, Eric Louvin, individually, and Megan Louvin, individually, (hereinafter "Defendants") file this Motion to Withdraw Deemed Admissions. Defendants respectfully requests this Court to use its considerable discretion over whether to permit withdrawal or amendment of admissions. Defendants now respectfully request this Court grant this Motion to Withdraw deemed admissions. Defendants will respectfully show as follows:

- Plaintiffs served discovery requests on December 15, 2023, including requests for admissions.

1

- Defendants formally requested an extension of time to respond to discovery.

- Defendants served Plaintiff with their responses to the first set of discovery requests (Admissions, Interrogatories, and Production) on March 26, 2024.

- Defendants' counsel made Plaintiffs' counsel aware that Defendants needed additional time to submit their responses to discovery.

- Defendants have filed a Motion for Leave and Motion for Continuance asking this Court for additional time to conduct discovery.

## I.   <u>ARGUMENT</u>

A. <u>DEFENDANTS HAVE CURED THE ADMISSION DEFICIENCIES AND WITHDRAWING AND AMENDING THE ADMISSIONS WOULD NOT RESULT IN THE UNDUE PREJUDICE THAT RULE 36(B) REQUIRES</u>.

As of March 26, 2024, Defendants produced responses to Plaintiffs' request for Admissions. The basis for this Motion is based on the District Court's considerable discretion over whether to permit withdrawal or amendment of admissions, that discretion must be exercised within the bounds of this two-part test: 1) the presentation of the merits must be subserved by allowing withdrawal or amendment; and 2) the party that obtained the admissions must not be prejudiced in its presentation of the case by their withdrawal." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991). Each party

2

bears the burden of proof on one element of this two-part test. "The party making the admission bears the burden of showing that the presentation of the merits will be served; the party obtaining the admission bears the burden of establishing prejudice." *Luu v. Int'l Inv. Trade & Serv. Grp.*, No. G-11-182, 2012 WL 2450773, at *2 (S.D. Tex. June 26, 2012) (citations omitted).

Here, the deemed admissions unquestionably go to the heart of the case and the presentation of the merits will be served by withdrawing the deemed admissions based on contradicting evidence in the record. Defendants have attached **Exhibit A** to this Motion as their responses to the Request for Admissions that was submitted to Defendant on March 26, 2024. Each of the Request for Admissions by Plaintiffs attempts to conclusively reach the merits on liability and damages, which would satisfy the first prong of Rule 36(b). "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto Ass'n*, 930 F.2d at 1120 (citation omitted). Given that Defendants cured the admission deficiencies, in a reasonable time frame; withdrawing the admissions would not result in the undue prejudice that Rule 36(b) requires. Plaintiffs may argue that they are prejudiced given the Motion is filed after the conclusion of discovery, however, the prejudice would be cured if this Court granted Defendants' pending motion for continuance.

Rule 36 of the Federal Rules of Civil procedure permits the court to allow the withdrawal of deemed admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." There is no question that withdrawing the deemed admissions will promote the presentation of the merits of this action. Here, the facts sought by the requests for admission are central to proving Defendants' affirmative defenses in this case. Requests for admissions are not intended to relieve a party of proving the material facts of its case, but rather to avoid the need to prove facts which the parties will doubtless be able to prove. *See Pickens v. Equitable Life Assur. Soc'y,* 413 F.2d 1390, 1393 (5th Cir. 1969); *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke,* 930 F.2d 1117, 1121 (5th Cir. 1991) ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree.").

In determining whether to permit deemed admissions to be withdrawn, Courts are mindful that focusing on the ultimate merits of a case "is far better than having the court decide [the case] based on a party's failure to respond within a deadline." *Jefferson v. Haza Foods*, CIVIL ACTION No. 3:17-CV-00359 (S.D. Tex. Oct. 5, 2018)*; Khanzai v. Bash*, No. H-15-3317, 2016 WL 5394268, at *1 (S.D. Tex. Sept. 27, 2016). *See also Hadra v. Herman Blum Consulting Eng'rs*, 74 F.R.D. 113, 114 (N.D. Tex. 1977) ("It does not further the interests of justice to automatically

determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed.").

Plaintiffs' Request for Admissions unquestionably go to the heart of the case and is contradicted by material summary judgment evidence submitted by Defendants. Defendants have produced summary judgment evidence of time records, job duties, and evidence of wrongdoing by Plaintiff Anderson. Because "upholding the admissions would practically eliminate any presentation of the merits of the case," (i.e. whether the FLSA is applicable to Defendants, whether Plaintiffs are administratively exempt, whether Defendants acted willfully, and whether Defendants kept accurate records), therefore, Defendants have satisfied the first prong of Rule 36(b). *Curtis v. State Farm Lloyds*, No. H- 03-1025, 2004 WL 1621700, at *5 (S.D. Tex. Apr. 29, 2004).

The second prong of Rule 36(b) requires a showing that permitting the withdrawal of the deemed admissions "would not prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto Ass'n*, 930 F.2d at 1120 (citation omitted). "That it would be necessary for a party to prove a fact that it would not otherwise be obligated to prove if the matter were deemed admitted

does not constitute the kind of prejudice contemplated by Rule 36(b)." *SEC v. AmeriFirst Funding*, *Inc.*, No. 3:07-CV-1188-D, 2008 WL 2073498, at *2 (N.D. Tex. May 13, 2008) (citation omitted).

Plaintiffs may argue that withdrawal of deemed admission would be prejudicial because Defendant would have a "sudden need to obtain evidence upon amended admissions" or "Defendants have disregarded the deadlines set by the Federal Rules of Civil Procedure and this Court" and the court has discretion to deny a motion to withdraw deemed admission despite meeting the two-prong test. However, the prejudice would be short-lived given that documents have been produced in this case that completely contradict the facts seeking to be deemed admitted. Moreover, any prejudice would be cured if this Court granted the pending motion for continuance and allow additional time for discovery. Thus, conclusively holding facts central to this litigation against Defendants without giving them an adequate opportunity to present the contradicting evidence would not further the interests of justice. Plaintiffs are attempting to use the deemed admissions to relieve Plaintiffs from having to prove the material facts of their case.

Therefore, we respectfully ask the Court to use its discretion to withdraw the deemed admissions to allow the answers served on Defendant on March 26, 2024, [**Exhibit A**] to be amended as responsive to Plaintiffs' request for admissions.

## II.   <u>CONCLUSION</u>

Minor discovery disputes like this are typically resolved by opposing lawyers. However, Defendants counsel has attempted to quickly remedy the discovery deficiency by fully responding to all request for admissions and filing this Motion. Defendants will be prejudiced if his admissions are deemed admitted, given that each request effects the merits on liability and is completely contradicted by evidence currently in the record. Defendants now respectfully request that this Motion be **GRANTED** because the Motion is now ripe and allow the Defendants' deemed admissions to be **WITHDRAWN and AMENDED** to the responses in Defendants **<u>Exhibit A</u>**; allowing this case to continue to proceed to according to this Court's schedule.

Based on the foregoing, Defendants counsel respectfully requests this Court use its discretion and Withdraw the Deemed Admissions and allow Defendants' March 26th responses to serve as its amended answers to Plaintiffs' request for admissions. FOR THE FOREGOING REASONS, Defendants respectfully request that the Court **GRANT** Defendants' Motion to Withdraw Deemed Admissions allowing Defendants to supplement their March 26th answers as a response.

Respectfully submitted,



_Eddie Hodges Jr._

**Eddie Hodges Jr.**
Texas Bar No. 24116523
Federal Bar ID 3479748
**Alfonso Kennard, Jr.**
Texas Bar No. 24036888
Federal Bar ID 713316
5120 Woodway Drive Suite 10010
Houston, Texas 77056
Telephone: (713) 742-0900
Facsimile: (713) 742-0951
Email: eddie.hodges@kennardlaw.com
Email: alfonso.kennard@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 5, 2024, a true and correct copy of the foregoing

instrument has been served on all counsel of record via ECF online filing system.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

_Eddie Hodges Jr._

Eddie Hodges Jr.

## **CERTIFICATE OF CONFERENCE**

On April 5, 2024, Plaintiffs' counsel conferred with Defendants' counsel, Plaintiffs responded as OPPOSED. Therefore, Defendants file this Motion to Withdraw Admissions as OPPOSED.

_____
Eddie Hodges Jr.

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** § § § § | |
| *Plaintiff,* § § § | |
| § § | **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** § § | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** § § § § | |
| *Defendant.* § § | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR
ADMISSIONS (Anderson's Admissions)**

---

TO: Plaintiff, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

     Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS' First Request for Admissions (Anderson's Admissions). Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

                         **Kennard Law P.C.**

By: _Eddie Hodges Jr._
           **Eddie Hodges, Jr.**
           Texas Bar No.: 24116523
           **Alfonso Kennard, Jr.**

Texas Bar No.: 24036888
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Eddie Hodges, Jr.**

## REQUEST FOR ADMISSIONS
### *(Anderson's Admissions)*

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**RESPONSE: Defendant states the following:**

> **DENY.** Accurate records were not kept until January of 2023.  All employees were on the honor system and were only asked to text or call at least 30 minutes ahead if they were going to be more than 5 minutes late.  They were also asked to email the supervisor if any time off was needed for personal reasons so that there would be a record of the request. It was reported to management that one or more of the plaintiffs were not arriving to work on time and a web-based software was installed for accountability in early Jan 2023.
> .

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendants did not make the records required by 29 U.S.C. ? 211(c) and 29 C.F.R. ? 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**RESPONSE: Defendant states the following:**

> **DENY**. *See* **Bates Labeled Docs. LOUVIN 00034 – 00071; 160-167**.

**REQUEST FOR ADMISSION NO. 4:** Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Hours were tracked on a web based time tracking system beginning January 2023.

**REQUEST FOR ADMISSION NO. 5:** If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**RESPONSE: Defendant states the following:**

**DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-

penalties,   which   have   a   financial   impact   on   Defendants'   business.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff did not have the authority to commit Defendants financially.

**RESPONSE: Defendant states the following:**

**ADMIT IN PART.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO.  10:**
Admit   that   Plaintiff   did   not   solicit   business   for   Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**RESPONSE: Defendant states the following:**

__ADMIT__.

__REQUEST FOR ADMISSION NO. 13:__ Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

__RESPONSE: Defendant states the following:__

> __DENY.__ Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

__REQUEST FOR ADMISSION NO. 14:__ Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

__RESPONSE: Defendant states the following:__

> __DENY.__ Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

__REQUEST FOR ADMISSION NO. 15:__ Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

__RESPONSE: Defendant states the following:__

> __DENY__. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**RESPONSE: Defendant states the following:**

   **ADMIT**.

**REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**RESPONSE: Defendant states the following:**

   **ADMIT**.

**REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff did not represent Defendants in handling complaints.

**RESPONSE: Defendant states the following:**


**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiff did not represent Defendants in resolving grievances.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 23:** Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 24:** Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement

**REQUEST FOR ADMISSION NO. 25:** Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

    **ADMIT IN PART**. Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 26:** Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

      **ADMIT IN PART.** Accurate physical records were not kept until January 2023.  Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 27:** Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**RESPONSE: Defendant states the following:**

      **DENY**.

**REQUEST FOR ADMISSION NO. 28:** Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**RESPONSE: Defendant states the following:**

      **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 29:** Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**RESPONSE: Defendant states the following:**

      **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 30:** Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**RESPONSE: Defendant states the following:**

**<u>CANNOT ADMIT OR DENY</u>**. <u>"Do not understand the question." Defendant</u>
<u>reserves the right to supplement</u>.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** §§§§§ | |
| *Plaintiff,* §§§§ | |
| §§§ | **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** §§§ | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** §§§§ | |
| *Defendant.* §§§ | |

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS (Baladera's Admissions)**

---

TO: Plaintiff, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS' First Request for Admissions (Baladera's Admissions). Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

Kennard Law P.C.

By: _Eddie Hodges Jr._

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**

---

Texas Bar No.: 24036888
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Eddie Hodges, Jr.**

## REQUEST FOR ADMISSIONS
### *(Baladera's Admissions)*

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**RESPONSE: Defendant states the following:**

   **DENY.** Accurate physical records were not kept until January 2023.  Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work.  Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendants did not make the records required by 29 U.S.C. ? 211(c) and 29 C.F.R. ? 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**RESPONSE: Defendant states the following:**

   **DENY**. *See* **Bates Labeled Docs. LOUVIN 00087 – 00115.**

**REQUEST FOR ADMISSION NO. 4:** Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**RESPONSE: Defendant states the following:**

   **ADMIT IN PART.** Hours were tracked on a web based time tracking system beginning January 2023.

**REQUEST FOR ADMISSION NO. 5:** If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**RESPONSE: Defendant states the following:**

**ADMIT.**

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**RESPONSE: Defendant states the following:**

**ADMIT.**

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**RESPONSE:**

**DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff did not have the authority to commit Defendants financially.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 10:** Admit that Plaintiff did not solicit business for Defendants.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**RESPONSE: Defendant states the following:**

> **ADMIT**.

**REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**RESPONSE: Defendant states the following:**

    **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**RESPONSE: Defendant states the following:**

    **DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**RESPONSE: Defendant states the following:**

    **DENY.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff did not represent Defendants in handling complaints.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiff did not represent Defendants in resolving grievances.

**RESPONSE: Defendant states the following:**

   **ADMIT**.

**REQUEST FOR ADMISSION NO. 23:** Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 24:** Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 25:** Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

   **ADMIT IN PART.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 26:** Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

**ADMIT IN PART.** <u>Accurate physical records were not kept until January 2023.  Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work.  Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation</u>.

**REQUEST FOR ADMISSION NO. 27:** Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**RESPONSE: Defendant states the following:**

    **DENY.**.

**REQUEST FOR ADMISSION NO. 28:** Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement..

**REQUEST FOR ADMISSION NO. 29:** Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 30:** Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS,** §<br>§<br>§<br>§ | |
| *Plaintiff,* §<br>§<br>§ | |
| §<br>§ | **CIVIL ACTION No. 5:2023-cv-00911** |
| **v.** §<br>§ | |
| **RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN,** §<br>§<br>§<br>§ | |
| *Defendant.* §<br>§<br>§ | |

---

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS (Vasquez's Admissions)

---

TO: Plaintiff, by and through his attorney of record, Mr. Douglas B. Welmaker, Welmaker Law, PLLC.; 409 N. Fredonia, Suite 118 Longview, Texas 75601, USA.

Defendant, RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, hereby submits these answers to Plaintiffs NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS' First Request for Admissions (Vasquez's Admissions). Defendant reserves the right to supplement his answers, as necessary, and as allowed by the Federal Rules of Civil Procedure.

DATED: March 26, 2024.

Kennard Law P.C.

By: _Eddie Hodges Jr._

**Eddie Hodges, Jr.**
Texas Bar No.: 24116523
**Alfonso Kennard, Jr.**

Texas Bar No.: 24036888
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Main: 713.742.0900
Fax: 832.558.9412
Email: filings@kennardlaw.com
Email: eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on March 26, 2024, a true and correct copy of the foregoing document was served via electronic mail, on all counsel of record.

**Douglas B. Welmaker**
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com
**ATTORNEY FOR PLAINTIFFS**

**Eddie Hodges, Jr.**

## REQUEST FOR ADMISSIONS
### *(Vasquez's Admissions)*

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants do not have an accurate record of all the hours worked by Plaintiff during her employment with Defendant.

**RESPONSE: Defendant states the following:**

> **DENY.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off      needed      so      that      there      would      be      documentation.

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendants did not make the records required by 29 U.S.C. ? 211(c) and 29 C.F.R. ? 516.2(a)(1)-(12) as to Plaintiff during her employment with Defendants.

**RESPONSE: Defendant states the following:**

> **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiff worked more than 40 hours per workweek on at least 10 occasions in the time period relevant to this lawsuit for which she was not paid an overtime premium for such hours.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART**. *See* **Bates Labeled Docs. LOUVIN 00134 – 00159**.

**REQUEST FOR ADMISSION NO. 4:** Defendants did not contemporaneously track Plaintiff's hours from employment start date to employment end date.

**RESPONSE: Defendant states the following:**

> **ADMIT IN PART.** Hours were tracked on a web based time tracking system beginning January 2023.

**REQUEST FOR ADMISSION NO. 5:** If Plaintiff worked more than forty hours per workweek during her employment with Defendants, Defendants should have paid Plaintiff overtime premiums for all such hours.

**RESPONSE: Defendant states the following:**

   **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff did not have discretion to deviate from Defendants' policies and procedures.

**RESPONSE: Defendant states the following:**

   **ADMIT**.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was required to notify Defendants if a problem arose during the workday.

**RESPONSE: Defendant states the following:**

   **ADMIT**.

**REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiff did not make decisions that affected the operational policies and procedures of Defendants.

**RESPONSE: Defendant states the following:**

   **DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiff did not have the authority to commit Defendants financially.

**RESPONSE: Defendant states the following:**

**ADMIT IN PART.** Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 10:** Admit that Plaintiff did not solicit business for Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff did not have the authority to negotiate on behalf of Defendants.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was not allowed to make purchases on behalf of Defendants without prior approval.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiff did not formulate recommendations on how to operate Defendants' business.

**RESPONSE: Defendant states the following:**

**DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff did not formulate or participate in the formulation of policies and procedures for Defendants.

**RESPONSE: Defendant states the following:**

**DENY.** Plaintiff was always welcome to present suggestions about the duties for which she was responsible.

**REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiff was not involved in business and/or financially binding negotiations with Defendant's customers.

**RESPONSE: Defendant states the following:**

**DENY**. Plaintiff Anderson had access to the cash down payments that were kept in a secure location and Anderson was responsible for accounting for it, which included abiding by the process for receiving and recording customers' downpayments. Plaintiff Anderson was required to abide by and implement Defendants' practices of accounting for cash deposits and other downpayments made by customers, including directly depositing cash in Defendants bank account. The remaining Plaintiffs had some authority. Defendant reserves the right to supplement. Briana Balderas had access to Defendants' lenders and she was responsible for communicating with lenders to be sure all docs had been sent or uploaded and obtaining any additional docs as needed - which can have a financial impact on Defendants' business. Defendant reserves the right to supplement. Tiffany Vasquez duties included processing titles in an accurate and timely manner, researching rejected titles. Vasquez was required to determine when titles should be taken in order to avoid civil-penalties, which have a financial impact on Defendants' business.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiff followed Defendant's policies and procedures using skills acquired through training and experience within Defendant.

**RESPONSE: Defendant states the following:**

**CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff did not assist in the development of Defendant's safety or training programs.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiff was not involved in planning long or short-term business goals and objectives for Defendant.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiff did not investigate and resolve matters of significance for Defendant.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff did not represent Defendants in handling complaints.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiff did not represent Defendants in arbitrating disputes.

**RESPONSE: Defendant states the following:**

    **ADMIT**.

**REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiff did not represent Defendants in resolving grievances.

**RESPONSE: Defendant states the following:**

**ADMIT**.

**REQUEST FOR ADMISSION NO. 23:** Admit that at all times during the Relevant Time Period, Defendants were familiar with provisions of the FLSA regarding wage and overtime payment of employees.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 24:** Admit that at all times during the Relevant Time Period, Defendants were required to comply with provisions of the FLSA regarding wage and overtime payments to Plaintiff.

**RESPONSE: Defendant states the following:**

    **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 25:** Admit that Defendants have produced all documents representing payroll records for Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

    **ADMIT IN PART.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 26:** Admit that Defendants have produced all documents in its possession that reflect the hours worked by Plaintiff for the relevant time period.

**RESPONSE: Defendant states the following:**

    **ADMIT IN PART.** Accurate physical records were not kept until January 2023. Plaintiffs were on the honor system and were asked to call or text management if they were going to be more than 5 minutes late for work. Plaintiff was also asked to email if there was any personal time off needed so that there would be documentation.

**REQUEST FOR ADMISSION NO. 27:** Admit that Defendants have no justification for its failure to pay overtime premiums to Plaintiff when she worked over forty hours per work week.

**RESPONSE: Defendant states the following:**

 **DENY**.

**REQUEST FOR ADMISSION NO. 28:** Admit that prior to this suit being filed, Defendants conducted no investigation into whether Plaintiff was properly classified as exempt under any exemption from the FLSA.

**RESPONSE: Defendant states the following:**

 **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 29:** Admit that Defendants did not consult the Department of Labor to determine whether they properly classified Plaintiff as exempt from the FLSA prior to this suit being filed.

**RESPONSE: Defendant states the following:**

 **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.

**REQUEST FOR ADMISSION NO. 30:** Admit that prior to this lawsuit being filed, Defendants did not consult an attorney to determine whether they properly classified Plaintiff as exempt from the FLSA.

**RESPONSE: Defendant states the following:**

 **CANNOT ADMIT OR DENY**. "Do not understand the question." Defendant reserves the right to supplement.