IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ AND BRIANA BALDERAS, <br><br> Plaintiffs, <br><br> v. <br><br> RUIZ AND LOUVIN ENTERPRISES, LLC, ERIC LOUVIN, MEGAN LOUVIN, <br><br> Defendants. | § § § § § § § § § § § § § | Case No.  5:23-cv-911-XR |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CONTINUANCE

Plaintiffs Natalie Anderson, Tiffany Vasquez and Briana Balderas ("Plaintiffs") file this Response to Defendants' Motion for Continuance and in support thereof would show as follows:

### Introduction

1. For most of the same reasons set forth in Plaintiffs' Response to Defendants' Motion for Leave to File a Counterclaim, Defendants' Motion for Continuance is without merit and should be denied.

### Defendants' Criminal Law Cases Are Inapplicable

2. Defendants argue that they have been given inadequate time to prepare a defense, citing two criminal law cases in support: *United States v. Uptain*, 531 F.2d 1281 (5th Cir.1976) and *United States v. Fessel*, 531 F.2d 1275 (5th Cir. 1976).  Indeed, Defendants even note that one of the factors in their cited cases is "(5) the *accused's* role in shortening the preparation time. *See Uptain*, 531 F.2d at 1286" (emphasis added).  Dkt. 15, p. 4.  This is not the standard applicable to a civil case.

**Defendants Have Not Shown Good Cause**

3. The following is the sum total of the facts provided by Defendants supporting their request for a continuance:

> Here, the discovery phase is set to close on March 29, 2024, and Plaintiffs still need to be deposed and the Court will need to rule on Defendants' Motion for Leave to Amend. Parties are acting diligently to both prosecute and defend these claims, however, the deadlines cannot reasonably be met despite the parties diligence.
> . . .
>
> Here, Defendants assert that it has diligently attempted to comply with the current scheduling order and the modification of the scheduling order would promote justice to allow Defendants to fully defend its claims, and allow Plaintiffs to produce all relevant discovery in this case for Defendants review. As of this filing, Plaintiffs have not responded to Defendants' discovery requests due March 28, 2024. Defendants will time to review Plaintiffs discovery responses and depose Plaintiffs within the next 30-days. If Defendants are not allowed to depose Plaintiffs the record would be replete without any evidence, except for conclusory and speculative accusations.

Dkt. 15, p. 5.

4. Even though Defendants filed their Motion to Continue four days before the close of discovery, Defendants claim generically that "Parties" are "acting diligently to both prosecute and defend these claims." Notably absent from Defendants' Motion are any facts that would support the claim that Defendants have acted diligently. That is because, with the exception of propounding discovery to Plaintiffs that was due one day before the discovery cut off, Defendants have done nothing in this case until March 25, 2024, when Plaintiffs moved for a Partial Summary Judgment based on Defendants' deemed admissions.

5. The filing of Plaintiffs' Motion resulted in a flurry of activity from Defendants, who filed both a Motion for Leave to file a counterclaim and a Motion for Continuance that same day. The fact that Defendants were stirred to action by Plaintiffs' Motion, and not by any

obligation on their part to timely respond to discovery, or to timely seek discovery, does not equate to good cause.

6. Defendants conclude by warning that should the Motion for Continuance not be granted, "the record would be replete without any evidence, except for conclusory and speculative accusations." Dkt. 15, p. 5. As with the citation to criminal law cases discussing inadequate time to prepare a defense in the civil context, this argument is unintelligible, and in any event, it fails to provide any factual support for a motion for continuance.

7. Because Defendants have failed to present any facts at all, much less facts that would support a finding of good cause for a Motion for Continuance, Defendants' Motion should be denied.

        Respectfully submitted,

        WELMAKER LAW, PLLC


        <u>/s/ Douglas B. Welmaker</u>
        Douglas B. Welmaker
        Attorney-in-Charge
        State Bar No. 00788641
        Welmaker Law, PLLC
        409 N. Fredonia, Suite 118
        Longview, Texas 75601
        Phone: (512) 799-2048
        Email: doug@welmakerlaw.com


        **ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been electronically served on all counsel of record via Notice of Electronic Filing on a known Filing User through the CM/ECF system on April 8, 2024.

                                        /s/ Douglas B. Welmaker
                                        Douglas B. Welmaker