UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NATALIE ANDERSON, TIFFANY VASQUEZ, and BRIANA BALDERAS, § § § | |
| Plaintiffs, § § | |
| v. § | SA-23-CV-911-XR |
| § | |
| RUIZ AND LOUVIN ENTERPRISES, LLC; ERIC LOUVIN; and MEGAN LOUVIN, § § § § § | |
| Defendant. § | |

**VIDEO MEDIATION ORDER**

On April 1, 2024, this case was referred to a Magistrate Judge to conduct a mediation conference with the parties. (*See* Docket Entry 17.) Consistent with that referral, it is hereby **ORDERED** that:

1. **Schedule and Appearance of Parties Required**.

The parties and their lead counsel shall appear before the undersigned on **June 13, 2024**, at **9:30 A.M.** for a mediation which will be held by video using the Zoom video teleconference platform. On the designated date and time of the hearing, the parties are directed to join ZOOMGOV meeting

> https://txwd-uscourts.zoomgov.com/j/16126018188
> **Meeting ID: 161 2601 8188**

The parties are responsible for ensuring, **in advance of the mediation**, that their video teleconference equipment is functioning and properly connects with the Court's system. Parties having any difficulties should contact the Courtroom Deputy Cindy Miranda at cindy_miranda@txwd.uscourts.gov.

Parties with full and complete settlement authority are required to attend the mediation conference. Because the undersigned generally sets aside a half day for each mediation, it is impossible for a party who is not present to appreciate the process and the reasons which may justify a change in one's perspective towards settlement.

All parties must engage in mediation in good faith with the goal of resolving the case if possible. Failure to participate in good faith in the mediation process may subject a party, the party's attorney, or both to an appropriate sanction under Federal Rule of Civil Procedure 16(f)(1)(B) and Local Rule CV-88(j).

2. **Exchange of Demand and Offer; Mediation Documents**.

A mediation is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, if not already done, Plaintiffs' counsel is invited to submit a written itemization of damages and settlement demand to Defendants' counsel with a brief explanation of why such a settlement is appropriate, **on or before May 28, 2024**. If Plaintiffs' counsel submits a demand, Defendants' counsel must respond by submitting a written offer to Plaintiffs' counsel, with a brief explanation of why such a settlement is appropriate, **on or before June 4, 2024**. On occasion, this process will lead directly to a settlement. If a settlement agreement is reached, the parties must notify this Court.

If no settlement is reached, each party must submit to the undersigned, **on or before noon on June 11, 2024,** an *ex parte, in camera* statement in letter format, setting forth the current status of settlement negotiations and the parties' respective settlement position concerning all issues involved in the case, with a brief explanation of the rationale for the position taken. The letter need not set out all the legal or factual arguments that would be made at a hearing or trial. The letters

should not exceed 3 pages, single-spaced, and should include a realistic assessment of anticipated attorneys' fees and costs in the event of trial to final judgment.   Counsel is directed to e-mail their *ex parte* letters to the undersigned in care of Wendy Branham **wendy_branham@txwd.uscourts.gov** and Daniel Moss at **daniel_Moss@txwd.uscourts.gov**. **Do not file copies of the letters with the Clerk.**   The undersigned will review the statements in advance of the mediation conference, along with the pertinent pleadings in the case.

    3.    **<u>Mediation Format</u>**.

There is no set structure for the mediation conference.   It will generally begin with a joint session of the parties, which will include an opening statement by the undersigned, and, if desirable, statements by each side.   This will generally be followed by private caucusing by the undersigned with each side.   Both the lawyers and the party representatives are expected to be fully prepared to participate.   All parties are encouraged to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.   Parties should be frank and open in their discussions, but the undersigned expects the parties to address each other with courtesy and respect.

    4.    **<u>Statements Inadmissible</u>**.

As provided by Federal Rule of Evidence 408 and Local Rule CV-88, statements made during mediation are confidential.   Except as specified by those rules or as agreed by the parties, such statements may not be disclosed, used as evidence against any participant in any judicial or administrative proceeding, or held to constitute a waiver of any existing claim, defense, privilege or immunity.

5.  **Issues to be Discussed**.

Parties should be prepared to discuss the following at the mediation conference:

a. What are your goals in the litigation and what problems would you like to address in the mediation conference? What do you understand are the opposing side's goals?

b. What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

c. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

d. What are the points of agreement and disagreement between the parties? Factual? Legal?

e. What are the impediments to settlement? Legal? Financial? Emotional?

f. How can settlement better enable you to accomplish your goals?

g. Are there possibilities for a creative resolution beyond the money or other demands in the litigation that could help settle the dispute?

h. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

i. Are there other outstanding lien holders or other third parties who should be invited to participate in the mediation conference?

6. **Involvement of Clients**.

Involvement of clients and party representatives is essential to a productive mediation conference. For many clients, this will be the first time they will participate in a court-supervised mediation conference. Therefore, counsel should provide a copy of this Order to the client and discuss it with the client prior to the conference.

7. **Post-Conference Procedure**.

Following the settlement conference, the undersigned will "return" this case to the District Court by informing the District Court in writing, pursuant to Rule CV-88(I), whether the case did or did not settle. The "return" document will be filed with the official court papers and distributed by the Clerk's Office to the parties. No other information will be transmitted to the District Judge by the undersigned directly or through any party. If the case does settle, the "return" will inform the District Court as to the date by which the parties will submit final settlement papers. Neither the mediation statements, nor notes or information created or received by the undersigned, nor the substance of any such document, will be provided to the District Court.

It is so **ORDERED**.

**SIGNED** on May 2, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge